| | |
|---|---|
| 1 | Robert W. Norman (SBN 025328) |
|   | bnorman@houser-law.com |
| 2 | Solomon S. Krotzer (SBN 027985) |
|   | skrotzer@houser-law.com |
| 3 | HOUSER & ALLISON |
| 4 | A Professional Corporation |
|   | 2929 N. Central Ave., Suite 1560 |
| 5 | Phoenix, Arizona 85012 |
|   | Phone: (480) 428-8370 |
| 6 | |
| 7 | Attorneys for Defendants |

## IN THE UNTED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually, | Case No. |
| | Arizona Superior Court Case: CV2010-054539 (Maricopa County) |
| Plaintiff, | |
| vs. | **DEFENDANT OCWEN LOAN SERVICING, LLC'S PETITION FOR REMOVAL** |
| INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, F.S.B., a Federally Chartered Savings Bank; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; OCWEN LOAN SERVICING, LLC, a Limited Liability Company; KEELEY KRISTINE SMITH, an Attorney licensed with the Arizona State Bar; JOHN AND JANE DOES 1-1000, XYZ CORPORATIONS 1-15; ABC LIMITIED LIABILITY COMPANIES 1-15; and 123 BANKING ASSOCIATIONS 1-15, | **[28 U.S.C. § 1332, 28 U.S.C. § 1441]** |
| Defendants. | |

**TO ALL PARTIES AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant Ocwen Loan Servicing, LLC ("Ocwen") hereby removes this action from the Superior Court of Arizona, County of Maricopa, to the United States District Court, District of Arizona, Phoenix Division as further described below:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

1. The above-entitled action was commenced in Arizona Superior Court, in and for the County of Maricopa and now pending in that Court.

2. Defendants Ocwen, IndyMac Mortgage Services, a division of OneWest Bank, N.A. (incorrectly named) ("OneWest"), Deutsche Bank National Trust Company As Trustee For Indymac Indx Mortgage Loan Trust 2005-Ar14, Mortgage Pass-Through Certificates Series 2005-AR14 (incorrectly named) ("Deutsche Bank as Trustee") and Mortgage Electronic Registration Systems, Inc. ("MERS") are the only defendants who have been served in this matter as of the filing of this Petition.

3. Defendant Keeley Kristine Smith has not been served, and has not appeared, as of the filing of this Petition.

4. Defendant Keeley Kristine Smith is a nominal party and therefore need not join in this petition for removal. Notwithstanding, Defendant Keeley Kristine Smith has consented to removal as demonstrated by **Exhibit A.**

5. Defendants OneWest, Deutsche Bank as Trustee and MERS have given their consent to removal and a Notice of Consent to Removal is filed

concurrently herewith.

6. Ocwen was served on February 18, 2015 by personal service upon Ocwen's statutory agent.

7. Upon information and belief, this matter was commenced when Plaintiff Katrina Perkins Steinberger (represented by counsel) filed a Complaint in Arizona Superior Court, Maricopa County on November 3, 2010. At that time, this case was removable based on diversity.

8. Ocwen was first named as a defendant when Plaintiff filed her Second Amended Complaint on February 9, 2015. The Second Amended Complaint is attached hereto as **Exhibit B** and the Summons is attached as **Exhibit C**.

9. Pursuant to 28 U.S.C. § 1446(b) this removal is timely because it is made within thirty days after the receipt by Ocwen (February 18, 2015) of a copy of the initial pleading.

10. Pursuant to 28 U.S.C. § 1446(b) this removal is timely because it was filed within one year from the date the Second Amended Complaint, naming Ocwen, was filed and because Ocwen has not pled or answered in the State Court action. See e.g. *Zogbi v. Federated Dept. Store,* 767 F.Supp. 1037, 1038 (C.D. Cal. 1991) (statute barring removal of case more than one year after commencement of action did not apply to defendant who filed removal notice within 30 days of first receiving copy of initial complaint, even though complaint had been filed more than three years previously); *Johnson v. Heublein, Inc.,* 227 F.3d 236, 241 (5th Cir. 2000) ("the revival

exception provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit").

11. No previous requests for removal have been made.

12. Pursuant to 28 U.S.C. § 1441(a) venue is proper in this Court because it is the "district and division embracing the place where such action is pending" (District of Arizona).

13. Pursuant to 28 U.S.C. § 1446(a), Ocwen has annexed all process, pleadings and orders in Ocwen's possession.  Ocwen will supplement as it gathers additional documents.  The Second Amended Complaint is attached hereto as **Exhibit B**, the Summons is attached as **Exhibit C**, a Minute Entry dated February 6, 2015 is attached as **Exhibit D,** and the Court of Appeals decision remanding the state court action is attached as **Exhibit E.**

14. Pursuant to LRCiv 3.6 a motion requesting an extension of time to file any remaining State Court filings and orders is being filed concurrently with this Petition.

15. Pursuant to 28 U.S.C. § 1446(d), a true copy of this Removal has been filed concurrently with the Arizona Superior Court, Maricopa County, and served upon Plaintiff.

## II. FEDERAL COURT SUBJECT MATTER JURISDICTION IS PROPER BASED ON DIVERSITY JURISDICTION

16. Ocwen removes this case pursuant to 28 U.S.C. § 1441(b) based on the diversity of citizenship of Parties.

17. Diversity of the Parties is satisfied as follows:

    a. Plaintiff is a resident of the State of Arizona, per her admission.[1]

    b. Defendant Ocwen Loan Servicing, LLC is a limited liability company incorporated in the State of Delaware and has its principal place of business in the State of Florida.  Citizenship of a limited liability company is determined by citizenship of its members.[2]  At the present time and at the time of commencement of this action, the sole member of Ocwen Loan Servicing, LLC is Ocwen Mortgage Servicing, Inc. and therefore Defendant takes the citizenship of its only member, Ocwen Mortgage Servicing, Inc., which is incorporated in, and a citizen of, the US Virgin Islands and designates Frederiksted, Virgin Islands as its principal place of business.  Therefore, Ocwen is not a citizen of the State of Arizona for diversity purposes.

    c. Defendant OneWest is a national banking association with its corporate headquarters and primary place of business in Pasadena, California.  A national bank's citizenship is the state designated in its articles of incorporation as the locus of its main office.  See *Wachovia Bank v. Schmidt,* 546 U.S, 303, 318 (2006).  Therefore, OneWest is not a citizen of the State of Arizona for diversity purposes.

---

[1] *See* Second Amended Complaint, pg. 2 (**Exhibit B**).
[2] *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Page **5** of **9**

d. Defendant Deutsche Bank as Trustee is a national banking association serving in the capacity as trustee for registered holders of loans. A national bank's citizenship is the state designated in its articles of incorporation as the locus of its main office. See *Wachovia Bank v. Schmidt,* 546 U.S, 303, 318 (2006). Deutsche Bank National Trust Company is a national bank chartered and regulated by the Office of Comptroller of the Currency. Deutsche Bank National Trust Company is listed on the Office of the Comptroller of the Currency's website both as a "national bank" and a "national trust bank" (denoting the trust powers granted to it by the Comptroller of the Currency pursuant to 12 U.S.C. § 92a). The website indicates that Deutsche Bank National Trust Company is located in Los Angeles, California. Thus, Deutsche Bank National Trust Company is not a citizen of the State of Arizona for diversity purposes.

e. Defendant MERS is a Delaware corporation with its principal place of business in Reston, Virginia. Thus, MERS is not a citizen of the State of Arizona for diversity purposes.

f. With respect to Defendant Keeley Kristine Smith, she is fraudulently joined and the citizenship of nominal and fraudulently joined parties is irrelevant for purposes of removal. *See, e.g.*, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("[F]raudulently joined defendants [also] will not defeat removal on diversity grounds."); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)

("[A]ll defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties."); *Ryan v. State Board of Elections of the State of Illinois,* 661 F.2d 1130, 1134 (7th Cir. 1981) ("Only indispensable defendants are required to join in the petition for removal; the consent of nominal or formal parties is not necessary"). Plaintiffs only named Defendant Keeley Kristine Smith because she was substituted as a Trustee for purposes of non-judicial foreclosure proceedings on or around August 14, 2012.[3] However, this fact has no bearing on this case. Further, simply being named as a Trustee is not a basis for liability in Arizona. See A.R.S. § 33-807(E).[4] Further, Defendant anticipates filing a counterclaim against Plaintiff for judicial foreclosure pursuant to the Note and Deed of Trust once this matter is removed, rendering moot any allegations related to the non-judicial foreclosure process. Finally, upon information and belief Defendant Keeley Kristine Smith will shortly be withdrawing as Trustee. Since the Complaint provides no basis for a judgment against Defendant Keeley Kristine Smith, her joinder is fraudulent.

18. Pursuant to 28 U.S.C. § 1332(a), there is sufficient amount in controversy. Plaintiff's Complaint seeks injunctive relief concerning property located at 9927 North 47th Place, Phoenix, Arizona 85028

---

[3] See Second Amended Complaint p. 4, ¶ 12.

[4] "E. The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. ***If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee***." (Emphasis added.)

("the Property").[5] Namely, and in summary, she seeks to void any interest Defendants have in the Property.[6] Defendant Ocwen hereby asserts that Plaintiff owes approximately $893,778.70 on the loan that is the subject of this litigation.  Further, Defendant Ocwen hereby asserts that the Property is worth approximately $658,000 as of June 26, 2014.  Plaintiffs also seek monetary damages (unspecified), statutory damages for wrongful lien ($5,000 per violation or treble actual damages, whichever is greater) and attorneys' fees.  Upon information and belief Plaintiff's counsel is alleging that she will be seeking more than $100,000 in attorneys' fees.  Therefore, the amount in controversy exceeds $75,000.

### III.  CONCLUSION

19. Based on the above-referenced allegations, pursuant to 28 U.S.C. § 1441, *et seq.,* Ocwen is entitled to remove this entire action from the Arizona Superior Court, Maricopa County, to the United States District Court, District of Arizona, and Ocwen so wishes to exercise this right.

20. Ocwen reserves the right to supplement this Petition for Removal when additional information becomes available.  Ocwen further reserves all rights including, but not limited to, defenses and objections as to venue, personal jurisdiction and service.  The filing of this Petition of Removal is subject to, and without waiver of any such defense or objection.

---

[5] See Second Amended Complaint, p. 1.
[6] See Second Amended Complaint, p. 50-51.

WHEREFORE, pursuant to the legal authority set forth above, Ocwen respectfully removes this action from the Superior Court of Arizona for the County of Maricopa to this Court.

Dated: March 11, 2015

**HOUSER & ALLISON, APC**

s/ Solomon S. Krotzer
Robert W. Norman, Esq.
Solomon S. Krotzer, Esq.
HOUSER & ALLISON
A Professional Corporation
2929 N. Central Ave., Suite 1560
Phoenix, Arizona 85012
Attorneys for Defendant Ocwen Loan Servicing, LLC

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on March 11, 2015, I served the attached document by U.S. First Class Mail on the following:

Barbara J. Forde
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ 85255
barbarajforde@gmail.com
Attorney for Plaintiff

s/ Paige R. Kleinwolterink
Paige Kleinwolterink