1  Robert W. Norman (SBN 025328)
   bnorman@houser-law.com
2  Solomon S. Krotzer (SBN 027985)
   skrotzer@houser-law.com
3  HOUSER & ALLISON, APC
   2929 N. Central Ave., Suite 1560
4  Phoenix, Arizona 85012
   Phone: (480) 428-8370
5
6  Attorneys for Defendants Ocwen Loan Servicing, LLC, Mortgage Electronic
7  Registration Systems, Inc., OneWest Bank, N.A. and Defendant/Counterclaimant/Third-
   Party Plaintiff Deutsche Bank National Trust Company As Trustee For Indymac Indx
8  Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-
   AR14
9
                    **IN THE UNTED STATES DISTRICT COURT**
10                   **FOR THE DISTRICT OF ARIZONA**

11 | KATRINA PERKINS STEINBERGER, | Case No. 2:15-cv-00450-ROS |
12 | as Executor of the Estate of Charles A. | |
   | Perkins, deceased, and individually, | Hon. Roslyn O. Silver |
13 | | |
14 |              Plaintiff, | **DEFENDANTS' ANSWER TO** |
   | | **PLAINTIFF'S SECOND AMENDED** |
15 | vs. | **COMPLAINT** |
16 | INDYMAC MORTGAGE SERVICES, a | **AND** |
17 | division of ONEWEST BANK, F.S.B., a | |
   | Federally Chartered Savings Bank; | **COUNTERCLAIM AND THIRD-** |
18 | DEUTSCHE BANK NATIONAL TRUST | **PARTY COMPLAINT OF** |
   | COMPANY, as Trustee of the INDYMAC | **DEFENDANT DEUTSCHE BANK** |
19 | INDX MORTGAGE LOAN TRUST | **NATIONAL TRUST COMPANY, AS** |
20 | 2005-AR14; MORTGAGE | **TRUSTEE FOR INDYMAC INDX** |
   | ELECTRONIC REGISTRATION | **MORTGAGE LOAN TRUST 2005-** |
21 | SYSTEMS, INC., a Delaware | **AR14, MORTGAGE PASS-** |
   | Corporation; OCWEN LOAN | **THROUGH CERTIFICATES SERIES** |
22 | SERVICING, LLC, a Limited Liability | **2005-AR14** |
23 | Company; KEELEY KRISTINE SMITH, | |
   | an Attorney licensed with the Arizona | **(Judicial Foreclosure)** |
24 | State Bar; JOHN AND JANE DOES 1- | |
   | 1000, XYZ CORPORATIONS 1-15; ABC | |
25 | LIMITIED LIABILITY COMPANIES 1- | |
26 | 15; and 123 BANKING ASSOCIATIONS | |
   | 1-15, | |
27 | | |
28 |              Defendants. | |

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14,

Counterclaimant,

vs.

KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually,

Counterdefendants.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14,

Third-Party Plaintiff,

vs.

SAGUARO DESERT TRUST; KATRINA PERKINS STEINBERGER, as Executive Trustee of Saguaro Desert Trust; M&I MARSHALL & ILLSLEY BANK, a Wisconsin Banking Corporation; QUALITY LOAN SERVICE CORPORATION, a California Corporation; RANCHO ALTA VIDA HOMEOWNERS' ASSOCIATION, an Arizona Non-Profit Corporation; DOE INDIVIDUALS OR ENTITIES 1-10; UNKNOWN HEIRS AND DEVISEES OF CHARLES A. PERKINS, DECEASED.

Third-Party Defendants.

2

Defendants, Ocwen Loan Servicing, LLC ("Ocwen"), OneWest Bank, N.A., f/k/a OneWest, F.S.B. (incorrectly named) ("OWB"), Deutsche Bank National Trust Company As Trustee For Indymac Indx Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14 (incorrectly named) ("Deutsche Bank as Trustee") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively Defendants) hereby submit their Answer to Plaintiff's Second Amended Complaint ("SAC").   Defendant Deutsche Bank as Trustee hereby asserts its counterclaim for judicial foreclosure against Plaintiff as set forth below.

Defendants generally object to the form of the allegations in the SAC, namely, that the majority of allegations are compound in nature, containing numerous allegations in a single sentence, making it difficult to admit or deny the specific allegations contained in each paragraph.  Defendants further object to the form of the allegations in the SAC in that inappropriate commentary and conclusory statements are interspersed between the factual allegations.

Defendants hereby affirmatively state that factual investigation into the allegations set forth in the SAC is ongoing, and Defendants reserve the right to supplement and/or amend this responsive pleading as more information comes to light.

Defendants hereby affirmatively assert that unless specifically admitted to in this Answer, Defendants deny each and every allegation in Plaintiff's SAC.

## **DEFENDANTS' ANSWER**

1.      Defendants are not challenging jurisdiction or venue in this Court, and hereby assert that the case has been properly removed.  Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the remaining

allegations set forth in Paragraph 1 of Plaintiff's SAC and therefore any and all allegations in Paragraph 1 are denied on this basis.

2.      Defendants are not challenging jurisdiction or venue in this Court, and hereby assert that the case has been properly removed.  Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the remaining allegations set forth in Paragraph 2 of Plaintiff's SAC and therefore any and all allegations in Paragraph 2 are denied on this basis.

3.      Defendants admit that the loan documents list "IndyMac Bank, F.S.B., a federally chartered savings bank" as the defined term "Lender."  Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the remaining allegations set forth in Paragraph 3 of Plaintiff's SAC and therefore any and all remaining allegations in Paragraph 3 are denied on this basis.

4.      Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 4 of Plaintiff's SAC and therefore any and all allegations in Paragraph 4 are denied on this basis.

5.      Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 5 of Plaintiff's SAC and therefore any and all allegations in Paragraph 5 are denied on this basis.

6.      Defendants asserts that Paragraph 6 does not contain any allegations pertaining to this lawsuit.  To the extent there are, Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the remaining allegations set forth in Paragraph 6 of Plaintiff's SAC and therefore any and all remaining allegations in Paragraph 6 are denied on this basis.

7.     Defendants hereby assert and allege that the allegation contained within Paragraph 7 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 7.

8.     Defendants admit that OneWest Bank, N.A. was the prior servicer of the loan. Defendants deny the remaining allegations in Plaintiff's SAC.

9.     Defendants deny the allegations in Paragraph 9 of Plaintiff's SAC.  By way of further answer and clarification, Deutsche Bank as Trustee is a limited purpose mortgage-backed security trust, organized under the laws of the United States to carry on the business of a limited purpose trust company.

10.     Defendants admit that MERS is a Delaware corporation.  Defendants admit that MERS is listed as the "beneficiary" in the Deed of Trust.  Defendants admit that the selectively quoted language in Paragraph 10 is located at Paragraph (E), Page 1 of 12, on the Deed of Trust, and the Deed of Trust speaks for itself.  Defendants deny any remaining allegations in Paragraph 10.

11.     Defendants admit that effective 12/01/2013 Ocwen became the servicer of Plaintiff's loan (Ocwen Loan # 7191961742, OneWest Loan No. 1005706559). Defendants deny any remaining allegations in Paragraph 11.

12.     Defendants hereby assert that Paragraph 12 does not apply to Defendants and therefore no response is required.  To the extent a response is required, Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 12 of Plaintiff's SAC and therefore any and all allegations in Paragraph 12 are denied on this basis.

13.     Defendants hereby assert that no allegations are contained in Paragraph 13 and therefore no response is required.  Rather, Paragraph 13 is a statement of action Plaintiff intends to take in the future.  To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14.     Defendants hereby assert that nothing is being alleged against them in paragraph 14 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 14.

15.     Admit.

16.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 16 of Plaintiff's SAC and therefore any and all allegations in Paragraph 16 are denied on this basis.

17.     Defendants admit that the Note shows an initial principal balance of $532,000, that the loan documents list "IndyMac Bank, F.S.B., a federally chartered savings bank" as the defined term "Lender," and that a copy of the Note is attached to Plaintiff's SAC.  The remaining allegations in Paragraph 17 are denied.

18.     Defendants admit that the excerpts in Plaintiff's SAC are correctly taken from select portions of the loan documents at issue in this case.  The loan documents speak for themselves.  The remaining allegations in Paragraph 18 are denied.

19.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 19 of Plaintiff's SAC and therefore any and all allegations in Paragraph 19 are denied on this basis. Further, the loan documents speak for themselves.  The original Adjustable Rate Note and Deed of Trust are in possession of undersigned counsel and are available for

inspection.  The allegations attempting to interpret the loan documents in Paragraph 19 are denied.

20.    Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 20 of Plaintiff's SAC and therefore any and all allegations in Paragraph 20 are denied on this basis.

21.    Defendants admit that the Deed of Trust contains the information as set forth in Paragraph 21 and was recorded with the Maricopa County Recorder's Office at Document No. 2005-0708046 on May 26, 2005.  The Deed of Trust speaks for itself. The original Adjustable Rate Note and Deed of Trust are in possession of undersigned counsel and are available for inspection.  Defendant denies the remaining allegations in Paragraph 21.

22.    Defendants admit that a copy of the Deed of Trust is attached to Plaintiff's SAC.  Defendants deny the remaining allegations in Paragraph 22 as characterized.

23.    Defendants deny the allegations in Paragraph 23 of Plaintiff's SAC.  By way of further answer and clarification, the Deed of Trust speaks for itself.  The original Adjustable Rate Note and Deed of Trust are in possession of undersigned counsel and are available for inspection.

24.    Defendants admit that MIN # 100055401212933230 is associated with the Deed of Trust at issue in this case.  Defendants deny the remaining allegations in Paragraph 24 of Plaintiff's SAC.

25.    Defendants deny and object to the allegations in Paragraph 25 as they appear to present a "split the note" type of argument, i.e., that the "splitting" of the Adjustable Rate Note and Deed of Trust at issue in this case somehow renders the

subject loan unsecured.  The facts and allegations, as set forth in Paragraph 24, are intentionally misleading.  The Deed of Trust follows the Adjustable Rate Note. Factually, Defendants admit that MERS did not take possession of the Adjustable Rate Note in this case, Defendants admit that MERS is not listed as a nominee, beneficiary, Lender, or Note Holder in the Adjustable Rate Note (as opposed to the Deed of Trust) at issue in this case.  Defendants deny the remaining allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26 of Plaintiff's SAC.  By way of further answer and clarification, the Deed of Trust speaks for itself and A.R.S. § 33-801(1) speaks for itself.  The original Adjustable Rate Note and Deed of Trust are in possession of undersigned counsel and are available for inspection.

27.      Defendants deny the allegations in Paragraph 27.  Defendants further assert that these allegations are irrelevant to the issues in this litigation.

28.     Defendants deny the allegations in Paragraph 28 as characterized. Defendants further assert that these allegations are irrelevant to the issues in this litigation.

29.     Defendants deny the allegations in Paragraph 29.  By way of further answer and clarification, any and all MERS documents, to the extent they are authentic, speak for themselves.  Defendants further assert that these allegations are irrelevant to the issues in this litigation.

30.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 30 of Plaintiff's SAC and therefore any and all allegations in Paragraph 30 are denied on this basis.

Defendants further assert that these allegations are irrelevant to the issues in this litigation.

31.     Defendants admit that the Adjustable Rate Note is indorsed in blank, and the Adjustable Rate Note speaks for itself.  The original Adjustable Rate Note and Deed of Trust are in possession of undersigned counsel and are available for inspection.

32.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 32 of Plaintiff's SAC and therefore any and all allegations in Paragraph 32 are denied on this basis.

33.     Defendants deny the allegations in Paragraph 33 as characterized.  By way of further answer and clarification, the Assignment of Deed of Trust speaks for itself.

34.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 34 of Plaintiff's SAC and therefore any and all allegations in Paragraph 34 are denied on this basis. Further, these documents speak for themselves.

35.     Defendants deny the allegations in Paragraph 35.  By way of further answer and clarification, the PSA and related documents speak for themselves.  By Plaintiff's admission the document is "over 170 pages long" and is complex.

36.     Defendants deny the allegations in Paragraph 36.  By way of further answer and clarification, the PSA and related documents speak for themselves.  By Plaintiff's admission the document is "over 170 pages long" and is complex.

37.     Defendants deny the allegations in Paragraph 37.  By way of further answer and clarification, the PSA and related documents speak for themselves.  By Plaintiff's admission the document is "over 170 pages long" and is complex.

38.     Defendants deny the allegations in Paragraph 38.  By way of further answer and clarification, the PSA and related documents speak for themselves.  By Plaintiff's admission the document is "over 170 pages long" and is complex.

39.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 39 of Plaintiff's SAC and therefore any and all allegations in Paragraph 39 are denied on this basis.

40.     Defendants deny the allegations in Paragraph 40.  By way of further answer and clarification, the PSA and related documents speak for themselves.  By Plaintiff's admission the document is "over 170 pages long" and is complex.

41.     Defendants deny the allegations in Paragraph 41.  By way of further answer and clarification, the PSA and related documents speak for themselves.  By Plaintiff's admission the document is "over 170 pages long" and is complex.

42.     Defendants deny the allegations in Paragraph 42 of Plaintiff's SAC.  By way of further answer and clarification, the allegations mischaracterize and misinterpret discovery responses and the PSA.  Further, the PSA and related documents speak for themselves.  By Plaintiff's admission the document is "over 170 pages long" and is complex.

43.     Defendants deny the allegations in Paragraph 43.  By way of further answer and clarification, the PSA and related documents speak for themselves.

44.     Defendants deny the allegations in Paragraph 44.  By way of further answer and clarification, the PSA and related documents speak for themselves.

45.     Defendants deny the allegations in Paragraph 45.  By way of further answer and clarification, the PSA and related documents speak for themselves.

46.     Defendants deny the allegations in Paragraph 46.  By way of further answer and clarification, the PSA and related documents speak for themselves.

47.     The allegation contained in Paragraph 47 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny. By way of further answer and clarification, the New York statute cited speaks for itself.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants assert that no response is required to Paragraph 49.  To the extent a response is required, Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 49 of Plaintiff's SAC and therefore any and all allegations in Paragraph 49 are denied on this basis.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 51 of Plaintiff's SAC and therefore any and all allegations in Paragraph 51 are denied on this basis.

52.     Defendants deny making any false statements.  Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the remaining allegations set forth in Paragraph 52 of Plaintiff's SAC and therefore any and all remaining allegations in Paragraph 52 are denied on this basis.

53.     Defendants object to the term "cease to exist" and otherwise do not understand the allegations set forth in Paragraph 53 and therefore they are denied on this basis. Further, Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the remaining allegations set forth in Paragraph 53 of

Plaintiff's SAC and therefore any and all allegations in Paragraph 53 are denied on this basis.

54.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 54 of Plaintiff's SAC and therefore any and all allegations in Paragraph 54 are denied on this basis.

55.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 55 of Plaintiff's SAC and therefore any and all allegations in Paragraph 55 are denied on this basis.

56.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 56 of Plaintiff's SAC and therefore any and all allegations in Paragraph 56 are denied on this basis.

57.     Defendants admit that foreclosure proceedings were initiated.  Defendants deny the remaining allegations in Plaintiff's SAC.

58.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 58 of Plaintiff's SAC and therefore any and all allegations in Paragraph 58 are denied on this basis.

59.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 59 of Plaintiff's SAC and therefore any and all allegations in Paragraph 59 are denied on this basis.

60.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 60 of Plaintiff's SAC and therefore any and all allegations in Paragraph 60 are denied on this basis.

61.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 61 of Plaintiff's SAC and therefore any and all allegations in Paragraph 61 are denied on this basis.

62.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 62 of Plaintiff's SAC and therefore any and all allegations in Paragraph 62 are denied on this basis.

63.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 63 of Plaintiff's SAC and therefore any and all allegations in Paragraph 63 are denied on this basis.

64.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 64 of Plaintiff's SAC and therefore any and all allegations in Paragraph 64 are denied on this basis.

65.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 65 of Plaintiff's SAC and therefore any and all allegations in Paragraph 65 are denied on this basis.

66.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 66 of Plaintiff's SAC and therefore any and all allegations in Paragraph 66 are denied on this basis.

67.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 67 of Plaintiff's SAC and therefore any and all allegations in Paragraph 67 are denied on this basis.

68.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 68 of Plaintiff's SAC and therefore any and all allegations in Paragraph 68 are denied on this basis.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 70 of Plaintiff's SAC and therefore any and all allegations in Paragraph 70 are denied on this basis.

71.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 71 of Plaintiff's SAC and therefore any and all allegations in Paragraph 71 are denied on this basis.

72.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 72 of Plaintiff's SAC and therefore any and all allegations in Paragraph 72 are denied on this basis.

73.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 73 of Plaintiff's SAC and therefore any and all allegations in Paragraph 73 are denied on this basis.

74.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 74 of Plaintiff's SAC and therefore any and all allegations in Paragraph 74 are denied on this basis.

75.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 75 of Plaintiff's SAC and therefore any and all allegations in Paragraph 75 are denied on this basis.

76.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 76 of Plaintiff's SAC and therefore any and all allegations in Paragraph 76 are denied on this basis.

77.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 77 of Plaintiff's SAC and therefore any and all allegations in Paragraph 77 are denied on this basis.

78.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 78 of Plaintiff's SAC and therefore any and all allegations in Paragraph 78 are denied on this basis.

79.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 79 of Plaintiff's SAC and therefore any and all allegations in Paragraph 79 are denied on this basis.

80.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 80 of Plaintiff's SAC and therefore any and all allegations in Paragraph 80 are denied on this basis.

81.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 81 of Plaintiff's SAC and therefore any and all allegations in Paragraph 81 are denied on this basis.

82.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 82 of Plaintiff's SAC and therefore any and all allegations in Paragraph 82 are denied on this basis.

83.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 83 of Plaintiff's SAC and therefore any and all allegations in Paragraph 83 are denied on this basis.

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 86 of Plaintiff's SAC and therefore any and all allegations in Paragraph 86 are denied on this basis.

87.     Admit.

88.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 88 of Plaintiff's SAC and therefore any and all allegations in Paragraph 88 are denied on this basis.

89.     Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 89 of Plaintiff's SAC and therefore any and all allegations in Paragraph 89 are denied on this basis.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91 as characterized.

92.     Defendants deny the allegations in Paragraph 92 as characterized.

93.     Defendants admit that the Adjustable Rate Note is indorsed in blank, and the Adjustable Rate Note speaks for itself.  The original Adjustable Rate Note and Deed of Trust are in possession of undersigned counsel and are available for inspection.

94.     Defendants deny the allegations in Paragraph 94 as characterized.

95.     Defendants deny the allegations in Paragraph 95 as characterized.  Further, portions of Paragraph 95 contain legal conclusions and speculation, and Defendants are not required to respond.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100 as characterized.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102 as characterized.

103.    Defendants deny the allegations in Paragraph 103 as characterized.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

106.    Defendants deny the allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108.

109.    Defendants deny the allegations in Paragraph 109 as characterized.

110.    Defendants admit that the Notice of Trustee's Sale, which speaks for itself, was recorded on February 17, 2009, setting a sale date for May 19, 2009.  Defendants admit that a copy is attached to Plaintiff's SAC.  The remaining allegations in Paragraph 110 are denied.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113.

114.    Defendants deny the allegations in Paragraph 114.

115.    Defendants deny the allegations in Paragraph 115.

116.    Defendants deny the allegations in Paragraph 116.

117.    Defendants deny the allegations in Paragraph 117.

118.    Defendants admit that a Debt Validation Notice was sent on or around February 20, 2009.  Defendants deny the remaining allegations in Paragraph 118.

119.    Defendants deny the allegations in Paragraph 119.

120.    Defendants deny the allegations in Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

122.    Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 122 of Plaintiff's SAC and therefore any and all allegations in Paragraph 122 are denied on this basis.

123.    Defendants deny the allegations in Paragraph 123.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants deny the allegations in Paragraph 125 as characterized.

126.    Defendants deny the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 128 of Plaintiff's SAC and therefore any and all allegations in Paragraph 128 are denied on this basis.

129.   Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 129 of Plaintiff's SAC and therefore any and all allegations in Paragraph 129 are denied on this basis.

130.   Admit.

131.   Defendants admit that Plaintiff filed a Special Action.  The record speaks for itself.

132.   Defendants deny the allegations in Paragraph 132 as characterized.

133.   Defendants deny the allegations in Paragraph 133 as characterized.

134.   Deny.  By way of further answer and clarification, the Court of Appeals also affirmed the fraud-based claims (Counts Six, Seven and Eight) and injunctive relief (Count Two).

135.   Defendants deny the allegations in Paragraph 135 as characterized.

136.   Defendants deny the allegations in Paragraph 136.  The Assignment of Deed of Trust speaks for itself.

137.   Defendants deny the allegations in Paragraph 137.

138.   Defendants deny the allegations in Paragraph 138.  The Assignment of Deed of Trust speaks for itself.

139.   Defendants deny the allegations in Paragraph 139.

140.   Defendants deny the allegations in Paragraph 140.

141.   Defendants deny the allegations in Paragraph 141.  The document speaks for itself.

142.   Defendants deny the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145.  By way of further answer and clarification, Deutsche Bank as Trustee is the owner of the Note and Deed of Trust (see counterclaim, below).

146.    Defendants deny the allegations in Paragraph 146.  By way of further answer and clarification, undersigned counsel is in possession of the original Adjustable Rate Note on behalf of Defendant Deutsche Bank as Trustee.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants do not understand the allegations in Paragraph 148 and therefore all allegations are denied.

149.    Defendants assert that Paragraph 149 does not contain any allegations, and therefore no response is required.  To the extent a response is required, Defendants deny.

150.    Defendants deny the allegations in Paragraph 150.  By way of further answer and clarification, Deutsche Bank as Trustee is the owner of the Adjustable Rate Note (see counterclaim, below).

151.    Defendants deny the allegations in Paragraph 151.  Further, the statutes referenced and loan documents speak for themselves.

152.    Defendants deny the allegations in Paragraph 152 as characterized.

153.    Defendants deny the allegations in Paragraph 153. By way of further answer and explanation, the Master Purchase Agreement and related documents speak for themselves.

154.   Defendants deny the allegations in Paragraph 154. By way of further answer and explanation, the Master Purchase Agreement and related documents speak for themselves.

155.   Defendants deny the allegations in Paragraph 155. By way of further answer and explanation, the Master Purchase Agreement and related documents speak for themselves.

156.   Defendants deny the allegations in Paragraph 156. By way of further answer and explanation, the Shared Loss Agreement and related documents speak for themselves.

157.   Defendants deny the allegations in Paragraph 157. By way of further answer and explanation, the Shared Loss Agreement and related documents speak for themselves.

158.   Defendants deny the allegations in Paragraph 158. By way of further answer and explanation, the Servicing Agreement and related documents speak for themselves.

159.   Defendants deny the allegations in Paragraph 159. By way of further answer and explanation, the Servicing Agreement and related documents speak for themselves.

160.   Defendants deny the allegations in Paragraph 160. By way of further answer and explanation, the Servicing Agreement and related documents speak for themselves.

161.   Admit.

162.   Admit.

163.   Defendants deny the allegations in Paragraph 163.

164.   Defendants deny the allegations in Paragraph 164.

165.   Defendants deny the allegations in Paragraph 165.

166.   Defendants deny the allegations in Paragraph 166.

167.   The allegation in Paragraph 167 is a legal conclusion and no response is required.

168.   Defendants assert that nothing is being alleged against it in Paragraph 168 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 168.

169.   Defendants assert that nothing is being alleged against it in Paragraph 169 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 169.

170.   Defendants deny the allegations in Paragraph 170.   By way of further answer and clarification, the Adjustable Rate Note speaks for itself.

171.   Defendants deny the allegations in Paragraph 171.   By way of further answer and clarification, the Deed of Trust speaks for itself.

172.   Defendants deny the allegations in Paragraph 172.   By way of further answer and clarification, the "Arizona statutes" (whatever they may be) speak for themselves.

173.   Defendants deny the allegations in Paragraph 173.   By way of further answer and clarification, the Deed of Trust speaks for itself.

174.   Defendants deny the allegations in Paragraph 174.   By way of further answer and clarification, the Adjustable Rate Note speaks for itself.  Defendant Deutsche

Bank as Trustee hereby asserts that it has taken possession of the Adjustable Rate Note and is entitled to receive payments (see counterclaim, below).

175.    Defendants deny the allegations in Paragraph 175.

176.    Defendants deny the allegations in Paragraph 176.  The loan documents speak for themselves.

177.    Paragraph 177 contains a legal conclusion and no response is required. Defendants deny any wrongdoing with respect to the foreclosure process.

178.    Defendants assert that nothing is being alleged against them in Paragraph 178 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 178.

179.    Defendants assert that nothing is being alleged against them in Paragraph 179 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 179.  By way of further answer and clarification, Defendant Deutsche Bank as Trustee has standing to enforce the Adjustable Rate Note and Deed of Trust.

180.    Defendants assert that nothing is being alleged against them in Paragraph 180 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 180.

181.    Defendants assert that nothing is being alleged against them in Paragraph 181 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 181.

182.    Defendants deny the allegations in Paragraph 182 of Plaintiff's SAC.

183.    Defendants deny the allegations in Paragraph 183.  By way of further

answer and clarification the "split the note" arguments have been repeatedly rejected by courts across the country.[1]

184.   Defendants deny the allegations in Paragraph 184.   By way of further answer and clarification the "split the note" arguments have been repeatedly rejected by courts across the country.[2]

185.   Defendants deny the allegations in Paragraph 185 of Plaintiff's SAC.

186.   Defendants deny the allegations in Paragraph 186 of Plaintiff's SAC.

187.   Defendants deny the allegations in Paragraph 187 of Plaintiff's SAC.

188.   Defendants deny the allegations in Paragraph 188 of Plaintiff's SAC.

189.   Defendants deny the allegations in Paragraph 189 of Plaintiff's SAC.

190.   Defendants deny the allegations in Paragraph 190 of Plaintiff's SAC.

191.   Defendants deny the allegations in Paragraph 191.   By way of further answer and clarification the "split the note" arguments have been repeatedly rejected by courts across the country.[3]

192.   Defendants deny the allegations in Paragraph 192.   By way of further answer and clarification the "split the note" arguments have been repeatedly rejected by courts across the country.[4]

193.   Defendants deny the allegations in Paragraph 193.   By way of further answer and clarification the "split the note" arguments have been repeatedly rejected by courts across the country.[5]

---

[1] *See, e.g. In re Mortgage Electronic Registration Systems, Inc. (MDL),* 744 F. Supp. 2d 1018, 1027 (D. Ariz. 2010).
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*

194.    Defendants deny the allegations in Paragraph 194.  By way of further answer and clarification the "split the note" arguments have been repeatedly rejected by courts across the country.[6]

195.    Defendants deny the allegations in Paragraph 195.  By way of further answer and clarification the "split the note" arguments have been repeatedly rejected by courts across the country.[7]

196.    Defendants deny the allegations in Paragraph 196 of Plaintiff's SAC.  By way of further answer and clarification, Defendant Deutsche Bank as Trustee has standing (see counterclaim, below).

197.    Defendants admit that the holder of the Adjustable Rate Note may enforce the terms of the Adjustable Rate Note.  Here, the holder is Deutsche Bank as Trustee (see counterclaim, below).

198.    Defendants deny the allegations in Paragraph 198.  By way of further answer and clarification the "split the note" arguments have been repeatedly rejected by courts across the country.[8]

199.    Defendants deny the allegations in Paragraph 199.  By way of further answer and clarification the "split the note" arguments have been repeatedly rejected by courts across the country.[9]

200.    Defendants deny the allegations in Paragraph 200 of Plaintiff's SAC.

201.    Defendants assert that nothing is being alleged against it in Paragraph 201 and therefore no response is required. To the extent that a response is deemed required,

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

Defendants deny the allegations in Paragraph 201.

202. Defendants assert that nothing is being alleged against it in Paragraph 202 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 202.

203. Defendants assert that nothing is being alleged against it in Paragraph 203 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 203.

204. Defendants assert that nothing is being alleged against it in Paragraph 204 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 204.

205. Defendants assert that nothing is being alleged against it in Paragraph 205 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 205.

206. Defendants assert that nothing is being alleged against it in Paragraph 206 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 206.

207. Defendants deny the allegations in Paragraph 207 as stated.

208. Defendants deny the allegations in Paragraph 208 of Plaintiff's SAC.

209. Defendants deny the allegations in Paragraph 209 of Plaintiff's SAC.

210. Defendants deny the allegations in Paragraph 210 of Plaintiff's SAC.

211. Defendants deny the allegations in Paragraph 211 of Plaintiff's SAC.

212. Defendants deny the allegations in Paragraph 212 of Plaintiff's SAC.

213. Defendants assert that nothing is being alleged against it in Paragraph 213

1   and therefore no response is required. To the extent that a response is deemed required,

2   Defendants deny the allegations in Paragraph 213.

3       214.    Defendants assert that nothing is being alleged against it in Paragraph 214

4   and therefore no response is required. To the extent that a response is deemed required,

5   Defendants deny the allegations in Paragraph 214.

6

7       215.    Defendants assert that Paragraph 215 contains pure legal conclusions and

8   therefore no response is required. Defendants deny any wrongdoing.

9       216.    Defendants assert that Paragraph 216 contains pure legal conclusions and

10  therefore no response is required. Defendants deny any wrongdoing.

11

12      217.    Defendants assert that Paragraph 217 contains pure legal conclusions and

13  therefore no response is required. Defendants deny any wrongdoing.

14      218.    Defendants assert that Paragraph 218 contains pure legal conclusions and

15  therefore no response is required. Defendants deny any wrongdoing.

16

17      219.    Defendants deny the allegations in Paragraph 219 of Plaintiff's SAC.

18      220.    Defendants deny the allegations in Paragraph 220 of Plaintiff's SAC.

19      221.    Defendants object to the compound nature of Paragraph 221.  Defendants

20  deny the allegations in Paragraph 221 of Plaintiff's SAC.

21

22      222.    Defendants deny the allegations in Paragraph 222 of Plaintiff's SAC.

23      223.    Defendants deny the allegations in Paragraph 223 of Plaintiff's SAC to the

24  extent Paragraph 223 sets forth that Plaintiff is entitle to recover attorneys' fees in this

25  action.

26

27      224.    Defendants assert that nothing is being alleged against it in Paragraph 224

28  and therefore no response is required. To the extent that a response is deemed required,

Defendants deny the allegations in Paragraph 224.

225.   Admit.

226.   Defendants deny the allegations in Paragraph 226.   The Adjustable Rate Note speaks for itself.

227.   Defendants deny the allegations in Paragraph 227.

228.   Defendants deny the allegations in Paragraph 228.

229.   Defendants deny the allegations in Paragraph 229.

230.   Defendants deny the allegations in Paragraph 230.

231.   Defendants deny the allegations in Paragraph 231.

232.   Defendants deny the allegations in Paragraph 232.

233.   Defendants deny the allegations in Paragraph 233.

234.   Defendants deny the allegations in Paragraph 234.

235.   Defendants deny the allegations in Paragraph 235.

236.   Defendants deny the allegations in Paragraph 236.

237.   Defendants deny the allegations in Paragraph 237.

238.   Defendants assert that nothing is being alleged against it in Paragraph 238 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 238.

239.   Defendants assert that nothing is being alleged against it in Paragraph 239 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 239.

240.    Defendants assert that nothing is being alleged against it in Paragraph 240 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 240.

241.    Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the remaining allegations set forth in Paragraph 241 of Plaintiffs' SAC and therefore any and all remaining allegations in Paragraph 241 are denied on this basis.

242.    Defendants deny the allegations in Paragraph 242.

243.    Defendants deny the allegations in Paragraph 243.

244.    Defendants deny the allegations in Paragraph 244.

245.    Defendants deny the allegations in Paragraph 245.

246.    Defendants deny the allegations in Paragraph 246.

247.    Defendants deny the allegations in Paragraph 247.

248.    Defendants deny the allegations in Paragraph 248.

249.    Defendants deny the allegations in Paragraph 249.

250.    Defendants deny the allegations in Paragraph 250.

251.    Defendants deny the allegations in Paragraph 251.

252.    Defendants deny the allegations in Paragraph 252.

253.    Defendants deny the allegations in Paragraph 253.

254.    Defendants deny the allegations in Paragraph 254.

255.    Defendants deny the allegations in Paragraph 255.

256.    Defendants deny the allegations in Paragraph 256.

257.    Defendants assert that nothing is being alleged against it in Paragraph 257

and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 257.

258.    Defendants deny the allegations in Paragraph 258.

259.    Defendants deny the allegations in Paragraph 259.

260.    Defendants deny the allegations in Paragraph 260.

261.    Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the remaining allegations set forth in Paragraph 261 of Plaintiffs' SAC and therefore any and all remaining allegations in Paragraph 261 are denied on this basis.

262.    Defendants cannot admit or deny the allegations in Paragraph 262 without context and proper definitions.

263.    Defendants are without sufficient information upon which to form an opinion as to the truth or falsity of the remaining allegations set forth in Paragraph 263 of Plaintiffs' SAC and therefore any and all remaining allegations in Paragraph 263 are denied on this basis.

264.    Defendants cannot admit or deny the allegations in Paragraph 264 without an explanation of which "documents" Paragraph 264 is referring to.  Further, the documents speak for themselves.

265.    Defendants deny the allegations in Paragraph 265.

266.    Defendants deny the allegations in Paragraph 266.  By way of further answer and clarification, the statutes, including legislative intent, speak for themselves.

267.    Defendants deny the allegations in Paragraph 267.

268.    Defendants deny the allegations in Paragraph 268.

269.     Defendants deny the allegations in Paragraph 269.   By way of further explanation, A.R.S. § 39-161 speaks for itself.

270.     Defendants deny the allegations in Paragraph 270.   By way of further explanation, A.R.S. § 39-420 speaks for itself.

271.     Defendants assert that nothing is being alleged against it in Paragraph 271 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 271.

272.     Defendants deny the allegations in Paragraph 272.

273.     Defendants assert that nothing is being alleged against it in Paragraph 273 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 273.

274.     Defendants deny the allegations in Paragraph 274.

275.     Defendants deny the allegations in Paragraph 275.

276.     Defendants deny the allegations in Paragraph 276.

277.     Defendants deny the allegations in Paragraph 277.

278.     Defendants deny the allegations in Paragraph 278.

279.     Defendants deny the allegations in Paragraph 279.

280.     Defendants deny the allegations in Paragraph 280.

281.     The allegations in Paragraph 281 are legal conclusions and no response is required.  Defendants deny any wrongdoing.

282.     The allegations in Paragraph 282 are legal conclusions and no response is required.  Defendants deny any wrongdoing.

283.     Defendants deny the allegations in Paragraph 283.

284.    Defendants deny the allegations in Paragraph 284.

285.    Defendants assert that nothing is being alleged against it in Paragraph 285 and therefore no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 285.

286.    Defendants deny the allegations in Paragraph 286 as they attempt to summarize a complicated legal document.   The Shared-Loss Agreement speaks for itself.

287.    Defendants deny the allegations in Paragraph 287 as they attempt to summarize a complicated legal document and its effects.   The Shared-Loss Agreement speaks for itself.

288.    Defendants deny the allegations in Paragraph 288. By way of further explanation and clarification, Defendants hereby assert that insurance arguments were rejected by the Court of Appeals and therefore have no bearing on this case.

289.    Defendants deny the allegations in Paragraph 289 of Plaintiffs' SAC.

290.    Defendants admit that the Deed of Trust excerpt is accurate.   Defendants deny the remaining allegations in Paragraph 290 and hereby assert that the Deed of Trust speaks for itself.

291.    Defendants deny the allegations in Paragraph 291.

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

Defendants hereby assert the following affirmative defenses, subject to supplementation with all rights reserved:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(No Loss)

Answering Defendants are informed and believe, and upon such information and belief allege, that Plaintiff has suffered no loss.

## THIRD AFFIRMATIVE DEFENSE

(Statute Of Limitations)

Answering Defendants are informed and believe, and upon such information and belief allege, that Plaintiff's causes of action are barred by the applicable Statute of Limitations.

## FOURTH AFFIRMATIVE DEFENSE

(Plaintiff's Acts or Omissions)

Plaintiff's damages, if any, were caused by Plaintiff's own acts or omissions, including but not limited to defaulting on his obligation to pay the loan.

## FIFTH AFFIRMATIVE DEFENSE

(Limits of Statutory Definitions)

The Parties and acts complained of in this lawsuit do not meet the definitions set forth in the applicable statutes sued hereunder and therefore no liability for any purported violation can be imposed on Defendants.

## SIXTH AFFIRMATIVE DEFENSE

(Conformance with Contracts and Applicable Law)

Defendants' conduct or activity as alleged in the SAC conformed to all applicable contracts, statutes, codes, regulations at all times relevant herein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

Upon information and belief, Plaintiff has failed to exercise reasonable care and diligence to avoid alleged losses and minimize damages and therefore may not recover for losses which could have been prevented by reasonable efforts on her part or by expenditures that might reasonable have been made. Therefore, Plaintiff's recovery, if any, should be reduced by the failure of Plaintiff to mitigate her own damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Bona Fide Error Defense)

Defendants state that any alleged loan servicing error (without admitting that any loan servicer error occurred) was a bona fide error.  Defendants have and maintain procedures relating to such conduct to avoid the specific violation of which Plaintiff complains.  Defendants contend that, at all times relevant hereto, they maintained reasonable practices and procedures to protect against the conduct alleged in the SAC.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff has at all times given their consent, express or implied, to any conduct undertaken by Defendants in connection with the collection of the subject account(s).

## TENTH AFFIRMATIVE DEFENSE

### (Technicality)

Defendants are informed and believe and thereon allege that any alleged loan servicing errors (without admitting that any loan servicing errors occurred) were merely technical, and should be excused as any injuries or damages were *de minimus.*

34

ELEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

At all relevant times to this matter, Defendants have acted in good faith.

TWELFTH AFFIRMATIVE DEFENSE

(Privilege)

Defendants' alleged acts and omissions, if any, respecting the subject matter alleged in Plaintiff's SAC, were undertaken in good faith with the absence of the intent, malicious or otherwise, to injure Plaintiff, and constitute lawful, proper and justified means to further the contractual interests and business purposes of Defendants.  Any purported alleged conduct of Defendants, or employees, agents or individuals acting on Defendants' behalf, is subject to a qualified privilege and Defendants were justified in engaging in the conduct attributable to them.

THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiff lacks standing to assert one or more claims alleged in his SAC.

FOURTEENTH AFFIRMATIVE DEFENSE

(No Damages)

Plaintiff suffered no harm or damage from the alleged conduct by Defendants and Plaintiff is therefore not entitled to any award of damages, attorneys' fees, or costs.

FIFTEENTH AFFIRMATIVE DEFENSE

(Condition Precedent)

Defendants affirmatively assert that Plaintiff is barred from recovery because of the failure of a condition precedent or occurrence of a condition subsequent.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (A.R.S. § 33-420)

Defendants affirmatively assert all defenses set forth in A.R.S. § 33-420, including defenses as set forth in applicable Arizona case law interpreting A.R.S. § 33-420 and related statutes.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (A.R.S. § 39-161)

Defendants affirmatively assert all defenses set forth in A.R.S. § 39-161, including defenses as set forth in applicable Arizona case law interpreting A.R.S. § 39-161 and related statutes.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Laches or Voluntary Payment Doctrine)

Plaintiff's causes of action are barred by one or more of the doctrines of waiver, estoppel, laches and/or voluntary payment.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's SAC and causes of action alleged therein is barred to the extent it is determined that Plaintiff comes to this Court with unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure of Consideration, Performance, and/or Breach by Plaintiff)

To the extent that an agreement is the subject of Plaintiff's Complaint, upon information and belief Plaintiff failed to provide required consideration, failed to

perform her duties thereunder, and/or breached the terms thereof. By reason of such failure and/or breach, any further obligations of Defendants are discharged.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Duty)

Defendants owed no duty to Plaintiff concerning the alleged acts, omissions or causes of action claimed by Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Acts of Third Party)

Defendants are not liable for the acts, omissions, or conduct of other persons or entities not authorized to act on behalf of Defendants and are not liable for the acts, omissions, or conduct of their agents who exceeded the scope of their authority.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Public Policy)

Defendants' actions and omissions, if any, respecting the subject matters in the alleged causes of action, and each of them, constitute lawful, proper and justified means to further the business purposes of Defendants protected and justified by public policy. Plaintiff's recovery from Defendants, if any, is barred by public policy.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Excuse for Non-Performance)

Any and all alleged non-performance by Defendants of any contract or agreement alleged in Plaintiff's Complaint was excused and/or prevented by the actions of and material breaches caused by Plaintiff's failure to satisfy conditions precedent.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Performance)

Defendants fully performed any and all contractual, statutory, or equitable duties or actions required, except for those duties that may have been discharged or excused from performance.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Ratification and/or Consent)

Upon information and belief, Plaintiff through her acquiescence, agreement, words, actions, and/or consent, ratified and/or consented to the alleged acts, omissions, or manifestations, if any, by Defendants for which Plaintiff seeks recovery. As a result, Plaintiff is barred from recovery to the extent thereof.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Privilege and/or Lawful Action)

Upon information and belief, as a creditor, mortgagee, and/or servicer of the loan interest, the applicable Defendants' conduct was and is subject to privilege pursuant to the terms and conditions of the Note, Deed of Trust, and any agreements incident thereto. Any injury or recovery sought by Plaintiff herein was the result of a lawful effort of Defendants to exercise their contractual and legal rights.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Justification)

Upon information and belief, the acts or omissions complained of by Plaintiff against Defendants were justified.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Comparative Fault and/or Contributory Negligence)

The matters complained of in the Complaint were upon information and belief proximately caused, in whole or in part, by the negligence of Plaintiff and/or third parties. To the extent there is any right to recovery herein by Plaintiff, which is expressly denied, such recovery should be proportioned to such comparative fault and/or contributory negligence.

THIRTIETH AFFIRMATIVE DEFENSE

(No Justifiable Reliance)

Defendants allege that at no time did Plaintiff or Plaintiff's agents, representatives, or predecessors in interest, justifiably rely on any promise, warranties (express or implied), or representations made by Defendants.

THIRTY-FIRST AFFIRMATIVE DEFENSE

(Punitive Damages)

Defendants allege that punitive damages may not be awarded, as an award of punitive damages would violate the United States Constitution.

THIRTY-SECOND AFFIRMATIVE DEFENSE

(No Causation)

Plaintiff's claims against Defendants are barred because Plaintiff's damages, if any, were not caused by Defendants.

THIRTY-THIRD AFFIRMATIVE DEFENSE

(Breach of Contract)

Defendants allege that Plaintiff is barred from recovery, because of her breaches of contract, and by the breaches of the covenants and conditions of the contract(s)

including the covenant of good faith and fair dealing, thereby extinguishing and terminating the duties allegedly owed by Defendants.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Fraud)

Defendants allege that Plaintiff is barred from relief, based on fraud by Plaintiff and/or his agents and representatives.

THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Unstated Affirmative Defenses)

Defendants allege that at this time it has insufficient knowledge or information on which to form a belief as to whether it may have any additional, as yet unstated, affirmative defenses available.   Defendants therefore reserve the right to assert additional affirmative defenses in the event that discovery and/or further investigation indicate as appropriate.

PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

A. That Plaintiffs take nothing by way of the Second Amended Complaint, and that the Second Amended Complaint be dismissed, with prejudice;

B. That Defendants be awarded their attorneys' fees and costs pursuant to A.R.S. § 12-341, 12-341.01, and any other legal authority which shall be set forth in Defendants' application for attorneys' fees;

C. That Defendants be awarded such other and further relief that the Court deems just and proper pursuant to this Answer.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT OF DEUTSCHE BANK AS TRUSTEE

Pursuant to Federal Rules of Civil Procedure 13 and 14, Counterclaimant and Third-Party Plaintiff, Deutsche Bank as Trustee, for its counterclaim against Katrina Perkins Steinberger, as Personal Representative and Executor of the Estate of Charles A. Perkins, deceased and Katrina Perkins Steinberger (aka Katrina Perkins aka Katrina Maderios), an unmarried woman, individually ("Counterdefendants"), and for its third-party complaint against Saguaro Desert Trust; Katrina Perkins Steinberger, as Executive Trustee of Saguaro Desert Trust; M&I Marshall & Illsley Bank, a Wisconsin Banking Corporation; Quality Loan Service Corporation, a California Corporation; Rancho Alta Vida Homeowners' Association, Inc.; Unknown Heirs and Devisees of Charles A. Perkins, deceased and Doe Individuals or Entities 1-10 ("Third-Party Defendants"), hereby alleges and states as follows:

### Parties and Jurisdiction

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 as there is complete diversity of citizenship and the amount in controversy exceeds $75,001.01, as more fully set forth in Defendant Ocwen Loan Servicing, LLC's Petition for Removal (doc. 1).

2.      Since diversity jurisdiction existed at the time this action was filed, supplemental jurisdiction exists as to third parties joined by defendant on claims arising out of the same transaction or occurrence regardless of diversity or amount in controversy.  28 U.S.C. 1367(b); *Hill v. Rolleri,* 615 F.2d 886, 889 (9th Cir. 1980).

3.     At all times relevant to this counterclaim and third-party complaint, Deutsche Bank as Trustee is and was a national banking association doing business in Maricopa County, Arizona as a limited purpose mortgage-backed security trust. Deutsche Bank as Trustee was organized under the laws of the United States to carry on the business of a limited purpose trust company.   Deutsche Bank National Trust Company's main office is in Los Angeles, California.   Deutsche Bank as Trustee' principal office of trust administration is located in Santa Ana, California.   Deutsche Bank National Trust Company is domiciled in the State of California.

4.     At all times relevant to this counterclaim and third-party complaint, counterdefendant Katrina Perkins Steinberger, as Personal Representative and Executor of the Estate of Charles A. Perkins, deceased, was a resident of Maricopa County, Arizona.

5.     At all times relevant to this counterclaim and third-party complaint, counterdefendant Katrina Perkins Steinberger (aka Katrina Perkins aka Katrina Maderios), an unmarried woman, individually, was a resident of Maricopa County, Arizona.

6.     At all times relevant to this counterclaim and third-party complaint, third-party defendant Saguaro Desert Trust and Katrina Perkins Steinberger, as Personal Representative and Executive Trustee of Saguaro Desert Trust were residents of Maricopa County, Arizona.

7.     At all times relevant to this counterclaim and third-party complaint, third-party defendant M&I Marshall & Illsley Bank is and was a Wisconsin Banking

Corporation, authorized to do business in Arizona and doing business in Maricopa County, Arizona.

8.     At all times relevant to this counterclaim and third-party complaint, third-party defendant Quality Loan Service Corporation is and was a California Corporation, authorized to do business and doing business in Maricopa County, Arizona.

9.     At all times relevant to this counterclaim and third-party complaint, third-party defendant Rancho Alta Vida Homeowners' Association is and was an Arizona non-profit corporation, with its principal place of business in Maricopa County, Arizona.

10.     The true names and capacities of third-party defendants identified herein as "Unknown Heirs and Devisees of Charles A. Perkins, deceased" and "Doe Individuals or Entities 1-10," whether individual, corporation, partnership, association, or otherwise are unknown to Deutsche Bank as Trustee at this time and, as such, are sued under fictitious names.  When Deutsche Bank as Trustee learns the true names and capacities of the Unknown Heirs and Doe Individuals or Entities, it will include their true names and capacities as if originally named herein.  Deutsche Bank as Trustee is informed and believes that each of these unnamed entities may be liable for the actions or events alleged in this lawsuit.  Their true names will be substituted if and when they become known through the course of discovery.

11.     The documents subject to this counterclaim and third-party complaint were executed in the County of Maricopa and State of Arizona, are subject to the laws of Arizona, and the real property that is the subject of this Complaint is situated in Maricopa County, Arizona.

12.    Counterdefendants and Third-Party Defendants caused the events complained of herein to occur in Maricopa County, Arizona.

13.    The United States District Court for Arizona-Phoenix Division is the correct venue for this action because the events related to this action occurred in Maricopa County Arizona, Arizona.  Moreover, this action involves property located in Maricopa County, Arizona, documents recorded in the Maricopa County Recorder's Office and contracts executed, and to be performed, in Maricopa County, Arizona.

**Factual Allegations**

14.    On or about May 25, 2005, Charles Perkins (deceased) executed and delivered to IndyMac Bank, F.S.B., a federally chartered savings bank ("IndyMac Bank"), an Adjustable Rate Note in the original principal sum of $532,000 (the "Note"). A true and correct copy of the original endorsed Note is attached hereto as **Exhibit 1** and incorporated herein by this reference.

15.    The Note is "bearer paper" as it is endorsed in blank, and the original note is being held on behalf of Deutsche Bank as Trustee, by undersigned counsel in a safe at undersigned counsel's office at: 2929 N. Central Avenue, Suite 1560, Phoenix, Arizona 85012.

16.    As security for the amounts due and owing pursuant to the Note, Charles Perkins (deceased) executed and delivered a Deed of Trust to IndyMac Bank which was recorded on May 26, 2005, in the Official Records of the Maricopa County Recorder as instrument number 20050708046 (the "Deed of Trust" and together with the Note referred to as "Loan Documents").  A copy of the Deed of Trust is attached hereto as **Exhibit 2** and incorporated herein by this reference.

17.     The Deed of Trust granted IndyMac Bank a security interest in certain real property identified in the Deed of Trust as 9927 North 47th Place, Phoenix, Arizona 85028 ("Property") and legally described in the Deed of Trust as:

Lot 80, RANCHO ALTA VIDA, a subdivision recorded in Book 174 of

Maps, page 10, records of Maricopa County, Arizona

18.     The Deed of Trust sets forth Mortgage Electronic Registration Systems, Inc. as the nominee beneficiary under the Deed of Trust for Lender and Lender's successors and assigns.

19.     On May 25, 2010, an Assignment of Deed of Trust, was executed and subsequently recorded on June 2, 2010, as instrument number 20100470443.  A copy of the Assignment of Deed of Trust is attached hereto as **Exhibit 3**.

20.     Deutsche Bank as Trustee is the lawful owner and holder of the Loan Documents.

21.     Deutsche Bank as Trustee is currently in possession of the "wet-ink" original signature Note and Deed of Trust in this action.

22.     The Note is endorsed in blank by the originator of the Loan Documents, IndyMac Bank, F.S.B.

23.     The Deed of Trust created a first-position lien against the Property.

24.     Pursuant to the terms of the Loan Documents, Charles Perkins (deceased) agreed to pay the principal sum of $532,000, together with interest, fees and costs, as set forth more fully in the Note.

25.     Paragraph 7(B) of the Note states: "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default."

26.     Paragraph 22 of the Deed of Trust states that if the Borrower is in default, "Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies provided by Applicable Law."

27.     The Note and Deed of Trust are in default because of nonpayment ("the Default").   Because of nonpayment, and pursuant to the Note and Deed of Trust, Deutsche Bank as Trustee has declared the entire principal balance of the Note and Deed of Trust, together with interest thereon, and all other costs and charges to be immediately due and payable.

28.     Upon information and belief, default has occurred pursuant to other provisions of the Loan Documents as well as nonpayment.

29.     The Default has left the minimum principal balance owing of $576,109.56, together with accrued interest through April 3, 2015 in the minimum sum of $121,265.40 (interest continues to accrue at the rate of $50.84967 per diem).

30.     In addition, as of March 9, 2015, late charges have accrued in the sum of $8,659.34.

31.     As a result of the Default, Deutsche Bank as Trustee has expended and will continue to expend sums for taxes and other escrow advances, and as of March 9, 2015 these expenses are $27,107.94.

32.     Deutsche Bank as Trustee has obtained a real estate litigation guarantee at a cost of $1,331.00, and has been obliged to employ counsel to prosecute this action. Pursuant to the terms of the Loan Documents, Deutsche Bank as Trustee is entitled to receive its costs herein and reasonable attorneys' fees for its counsel herein.  Deutsche

Bank as Trustee may advance further sums during the pendency of this action for taxes, insurance premiums, costs of this action and the receivership proceedings and other expenses or costs permitted under the terms of the Loan Documents and applicable Arizona statutes.

33. Interest, fees and costs continue to accrue until paid.

34. All of the amounts referenced herein are secured by the Deed of Trust.

35. Deutsche Bank as Trustee, upon information and belief, hereby asserts that all counterdefendants and third-party defendants named herein claim or assert, or in the future will claim or assert, some right, title, interest, estate or lien in or to the Property or some part thereof. If any such right, title interest, estate or lien exists, the same is subsequent, subordinate and inferior to the rights and lien of Deutsche Bank as Trustee.

36. Pursuant to the litigation guarantee secured by Deutsche Bank as Trustee, counterdefendant Katrina Perkins Steinberger, as Personal Representative and Executor of the Estate of Charles A. Perkins, deceased, claims, or may claim, some right, title, claim, lien or interest in and to the Property. If any such right, title interest, estate or lien exists, the same is subsequent, subordinate and inferior to the rights and lien of Deutsche Bank as Trustee.

37. Pursuant to the litigation guarantee secured by Deutsche Bank as Trustee, third-party defendant Saguaro Desert Trust claims, or may claim, some right, title, claim, lien or interest in and to the Property. If any such right, title interest, estate or lien exists, the same is subsequent, subordinate and inferior to the rights and lien of Deutsche Bank as Trustee.

38.     Pursuant to the litigation guarantee secured by Deutsche Bank as Trustee, unnamed third-party defendants "Heirs and Devisees of Charles A. Perkins, deceased" may claim some right, title, claim, lien or interest in and to the Property.  If any such right, title interest, estate or lien exists, the same is subsequent, subordinate and inferior to the rights and lien of Deutsche Bank as Trustee.

39.     Pursuant to the litigation guarantee secured by Deutsche Bank as Trustee, third-party defendant Katrina A. Perkins, Executive Trustee of Saguaro Desert Trust, claims, or may claim, some right, title, claim, lien or interest in and to the Property.  If any such right, title interest, estate or lien exists, the same is subsequent, subordinate and inferior to the rights and lien of Deutsche Bank as Trustee.

40.     Pursuant to the litigation guarantee secured by Deutsche Bank as Trustee, counterdefendant Katrina Perkins Steinberger (aka Katrina Perkins aka Katrina Maderios), an unmarried woman, individually, claims, or may claim, some right, title, claim, lien or interest in and to the Property.  If any such right, title interest, estate or lien exists, the same is subsequent, subordinate and inferior to the rights and lien of Deutsche Bank as Trustee.

41.     Pursuant to the litigation guarantee secured by Deutsche Bank as Trustee, third-party defendant M&I Marshall & Ilsley Bank claims, or may claim, some right, title, claim, lien or interest in and to the Property.  If any such right, title interest, estate or lien exists, the same is subsequent, subordinate and inferior to the rights and lien of Deutsche Bank as Trustee.

42.     Pursuant to the litigation guarantee secured by Deutsche Bank as Trustee, third-party defendant Quality Loan Service Corporation, a California corporation,

claims, or may claim, some right, title, claim, lien or interest in and to the Property.  If any such right, title interest, estate or lien exists, the same is subsequent, subordinate and inferior to the rights and lien of Deutsche Bank as Trustee.

43.     Pursuant to the litigation guarantee secured by Deutsche Bank as Trustee, third-party defendant Rancho Alto Vida Homeowners Association, Inc., claims, or may claim, some right, title, claim, lien or interest in and to the Property.  If any such right, title interest, estate or lien exists, the same is subsequent, subordinate and inferior to the rights and lien of Deutsche Bank as Trustee.

### Count I
### (Judicial Foreclosure)

44.     Deutsche Bank as Trustee re-alleges and incorporates herein paragraphs 1-43 as if fully set forth herein.

45.     Pursuant to A.R.S. § 33-807(B), Deutsche Bank as Trustee elects to file the subject action to foreclose the Deed of Trust.

46.     The Note and Deed of Trust are in default because of nonpayment ("the Default").   Because of nonpayment, and pursuant to the Note and Deed of Trust, Deutsche Bank as Trustee has declared the entire principal balance of the Note and Deed of Trust, together with interest thereon, and all other costs and charges to be immediately due and payable.

47.     Upon information and belief, default has occurred pursuant to other provisions of the Loan Documents as well as nonpayment.

48.     The Loan Documents provide that in the event of default due to nonpayment of any installment of principal or interest, or in the performance of any

obligation, covenant, promise, or agreement set forth in the Loan Documents, the Note Holder may, at its election, declare the entire amount owed to be immediately due and payable, which Deutsche Bank as Trustee has done.

49.     The Loan Documents further provide that, in the event of breach, and in the event an action is instituted for any sum due and owing, Deutsche Bank as Trustee shall be entitled to its reasonable attorneys' fees and costs.

50.     The following amounts are due and owing as of March 9, 2015:

| | |
|---|---|
| **Principal** | **$576,109.56** |
| **Interest** | **$121,265.40** |
| **Escrow Advance** | **$27,107.94** |
| **Late Charges** | **$8,659.34** |
| **Other Amounts** | **$8,053.34** |
| **Suspense Credit** | **($1,906.00)** |
| **Total:[10]** | **$739,289.58** |

51.     Deutsche Bank as Trustee has performed all of the terms and conditions on its part required to be performed pursuant to the Loan Documents.

52.     This counterclaim and third-party complaint arise out of contract, and therefore Deutsche Bank as Trustee is entitled to recover its reasonable attorneys' fees pursuant to the Loan Documents and A.R.S. § 12-341.01.

### PRAYER FOR RELIEF

WHEREFORE, Deutsche Bank as Trustee prays for judgment as follows:

A.     Against Katrina Perkins Steinberger, as Personal Representative and Executor of the Estate of Charles A. Perkins, deceased, and individually, for the principal sum of $576,109.56, together with interest thereon through April 3, 2015 in the

---

[10] Not including attorneys' fees and related legal costs.

amount of $121,265.40, together with interest accruing thereafter at the rate of 3.18% per annum, until paid, and any amounts Deutsche Bank as Trustee may expend for the payment of prior liens, taxes, insurance or assessments, escrow advances, accrued and accruing late charges prior to the entry of judgment, and any sums Deutsche Bank as Trustee may expend for repairs to, or other costs for the protection of the Property prior to the entry of judgment, plus amounts expended for the litigation guarantee, foreclosure search and bring down endorsement, and a reasonable sum for attorneys' fees and costs of suit (pursuant to the Loan Documents, A.R.S. § 12-341.01 and A.R.S. § 12-341). In the event this matter is decided by default, Deutsche Bank as Trustee alleges that $10,000.00 is a reasonable fee for its attorneys' fees in the prosecution of this counterclaim and third-party complaint.

B.     That the Deed of Trust be adjudged to be a valid and existing first and prior lien upon the Property as security for payment of the amounts demanded in Paragraph A, that the lien of the Deed of Trust upon the Property be foreclosed, and that the Court's usual decree be made for the sale of the Property by the Sheriff of Maricopa County.

C.     That the Deed of Trust be adjudged and declared to be a superior lien upon the Property and is prior and superior to any right, title, interest, lien, equity or estate of any counterdefendant or third-party defendant named herein.

D.     That the proceeds of the sale be applied first to the costs and expenses of the sale, and then to the amounts due to Deutsche Bank as Trustee as prayed for in Paragraph A.

E.      That Deutsche Bank as Trustee, or any other party to this suit, may be the purchaser of the Property at the sale, that the Sheriff shall execute and deliver to the purchaser a certificate of sale and deed as provided by law, and that the purchaser be given possession of the Property upon production of the Sheriff's deed thereof.

F.      That Deutsche Bank as Trustee may be authorized to bid at the sale, and in the event Deutsche Bank as Trustee is the successful bidder, Deutsche Bank as Trustee may apply all or any part of its judgment in payment of the purchase price.

G.      That the Court foreclose the interests of Counterdefendants and Third-Party Defendants, and all persons claiming under them, and forever barring Counterdefendants and Third-Party Defendants from any or all right, title, claim, interest or lien in and to the Property or with respect thereto, except such rights of redemption as they may have by law.

H.      Declaring that the redemption period is thirty (30) days, in accordance with A.R.S. 12-1282, as amended, if the Court determines that the Property is not now and has not been used at any time pertinent hereto primarily for agricultural or grazing purposes and has been abandoned; otherwise, for a determination that the redemption period is six (6) months.

I.      Immediately vesting possession of the Property in Deutsche Bank as Trustee following the sale if Deutsche Bank as Trustee elects to take possession of the Property.

Dated: March 23, 2015

HOUSER & ALLISON, APC


s/ Solomon S. Krotzer
Robert W. Norman, Esq.
Solomon S. Krotzer, Esq.
HOUSER & ALLISON
A Professional Corporation
2929 N. Central Ave., Suite 1560
Phoenix, Arizona 85012
Attorneys for Defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., OneWest Bank, N.A. and Defendant/Counterclaimant/Third-Party Plaintiff Deutsche Bank National Trust Company As Trustee For Indymac Indx Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14


## <u>CERTIFICATE OF SERVICE</u>

☒      I hereby certify that on March 23, 2015, I served the attached document by U.S. First Class Mail on the following:

Barbara J. Forde
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ 85255
barbarajforde@gmail.com
Attorney for Plaintiff

s/ Paige R. Kleinwolterink
Paige R. Kleinwolterink