Barbara J. Forde (013220)
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ  85255
BarbaraJForde@gmail.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually, <br><br> Plaintiff, <br><br> v. <br><br> INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, F.S.B., et al, <br><br> Defendants. <br><br> and Counterclaim and Third-Party Complaint. | Case No. 2:15-cv-00450-ROS <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT KEELEY KRISTINE SMITH'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (DOC. 17)** <br><br> **(Oral Argument Requested)** |

## I.     INTRODUCTION.

Pursuant to Rule 12(b)(6) Fed. R. Civ., Katrina Perkins Steinberger, as Executor of the Estate of Charles A. Perkins, deceased, and individually ("Steinberger"), hereby files her response to the motion to dismiss of Defendant Keeley Kristine Smith.[1] The motion to dismiss (the "Motion") should be denied, as Steinberger has plead a number of valid claims against Smith, under Arizona law.

---

[1] This Response is filed without prejudice to Steinberger's position that this entire suit should be remanded to Superior Court, as argued in her Motion to Remand (Doc. 23) filed April 2, 2015; this Motion should be decided by the Superior Court after remand.

## II.     FACTUAL AND PROCEDURAL BACKGROUND.

Over four (4) years ago, on November 3, 2010, Plaintiff filed her lawsuit against Defendants IndyMac Mortgage Services, a division of OneWest Bank ("OneWest"), Deutsche Bank National Trust Company as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR14 ("DBNTC"), Quality Loan Service Corporation ("QLS"), and Mortgage Electronic Registration Systems ("MERS"), in Maricopa County Superior Court. Plaintiff then hired Undersigned Counsel, who filed a First Amended Complaint on December 22, 2010. On January 6, 2011, Plaintiff obtained a TRO preventing the Defendants from proceeding with the trustee's sale, after posting a total of $7,500 in bond funds.

A preliminary injunction hearing was set for January 18, 2011 and then March 18, 2011, while the Defendants considered a loan modification. The Court refused to reset the hearing thereafter, and instead placed the case on the inactive calendar. No party ever requested a preliminary injunction hearing; as a result, the TRO originally issued in January of 2011 became a permanent injunction against sale.

On April 27, 2011, the OneWest Defendants filed a Motion for Court Permission to Cancel and Re-Notice Trustee's Sale, which was granted on June 13, 2011. The Defendants could cancel and re-notice the sale, but could not conduct a trustee's sale until the January 6, 2011, TRO was dissolved or otherwise modified by the court.

All the while, the OneWest Defendants continued to lead Ms. Steinberger to believe that she would obtain a loan modification. In fact, Ms. Steinberger has been offered a trial period plan on March 12, 2010, upon which she fully performed; yet the OneWest Defendants failed to grant a permanent loan modification. Rather, during the litigation, the OneWest Defendants required Ms. Steinberger to submit new loan modification applications no less than 2 more times, on February 10, 2011, and August 22, 2011. Ms. Steinberger <u>never</u> received the permanent modification to which she was entitled in 2010, and never received a response to either of her subsequent applications.

On August 2, 2011, QLS, then the trustee under the Deed of Trust, filed a Motion to Dismiss on Counts 2, 3, 4, 6, 7, 8, and 9 of the First Amended Complaint, and Motion for

Summary Judgment, on Count 1.  On October 13, 2011, Judge McVey granted the QLS Motion to Dismiss but denied the Motion for Summary Judgment.

On October 28, 2011, Defendants OneWest, DBNTC and MERS (the "OneWest Defendants"), filed a Motion to Dismiss all claims against them. While the OneWest Defendants' Motion to Dismiss was pending, on February 24, 2012, Judge McVey set the matter for trial beginning March 18, 2013.  Also on March 12, 2012, Judge McVey ordered a settlement conference take place on April 6, 2012.

Just 10 days after ordering a settlement conference, Judge McVey granted the OneWest Defendants' Motion to Dismiss in its entirety, on March 22, 2012.

Ms. Steinberger filed a Petition for Special Action related to the dismissal of the OneWest Defendants on April 18, 2012, argument was heard on May 9, 2012, and on May 10, 2012, jurisdiction of the Petition was accepted by the Arizona Court of Appeals.  On January 30, 2014, the Arizona Court of Appeals issued its decision on the Petition, reversing the dismissal of all claims except for the fraud-based claims and quiet title under A.R.S. § 12-1101 *et seq. Steinberger v. McVey ex rel. Maricopa County,* 234 Ariz. 125, 318 P.3d 419 (Ct. App. 2014).

After oral argument in the Arizona Court of Appeals, during which it was clear the 3-Judge Panel understood and agreed with Ms. Steinberger's arguments, on May 25, 2012, the Defendants vacated the trustee's sale. The purpose of vacating the sale was to obtain a dismissal of the Petition for Special Action based on mootness, with the *stated intent* of re-noticing the sale later.  Defendants then filed a motion to dismiss the appeal, seeking to nullify Ms. Steinberger's appeal rights with respect to the dismissal of her claims.  The Court of Appeals refused to dismiss the appeal, ruling that many of the defects alleged in the First Amended Complaint <u>could not be remedied by re-noticing the sale</u>.  The appellate court ordered the Defendants not to conduct a sale until further order of the court.

On May 9, 2012, trustee QLS filed another Motion for Summary Judgment on Count 1, arguing that the Count could not stand in the face of A.R.S. § 33-807(E), among other grounds.  The Motion was <u>again denied</u> by Judge McVey, on September 16, 2012.

3

On June 27, 2012, the Defendants recorded two more assignments of the Deed of Trust, against title, in an apparent attempt to rectify the void and invalid recordings against title from 2009 and 2010. Both assignments were signed by "JC San Pedro," claiming first to be "Attorney-in-Fact" for the FDIC as receiver for IndyMac Federal Bank, then claiming to be "Assistant Secretary" for MERS. There are multiple defects with these Assignments, recorded against title on July 30, 2012. *See* Doc. 12-5 at 27-28, ¶¶ 136-140, Exhibits 19, 20 (Doc. 12-6 at 88-93).

Then, on August 14, 2012, a Notice of Substitution of Trustee was signed by Gladys Panameno, claiming to be Assistant Secretary of OneWest Bank, FSB, claiming to be the Attorney in Fact for Deutsche Bank as Trustee. This second substitution of trustee (the Second Substitution") asserted that Deutsche Bank as Trustee, was the beneficiary under the Deed of Trust. The Second Substitution purports to substitute Defendant Keeley K. Smith, then an attorney at Quarles & Brady, as trustee, and was recorded on August 20, 2012. *See* Doc. 12-5 at 29-30, ¶¶ 141-144, Exhibit 21 (Doc. 12-6 at 94-99).

At the time of the Second Substitution, Quarles & Brady had been defending the OneWest Defendants in this lawsuit for close to two years, and had briefed and argued the Petition for Special Action to the Court of Appeals. Smith's law firm was *extremely familiar* with Plaintiff's arguments (which were later recognized as valid by the *Steinberger* Court) regarding the identity of the true Note Holder/Lender, that no Defendant can legally be the beneficiary of the Deed of Trust, and of the terms of Trust documents which prevented the at-issue actions by the Defendants. Attorney Smith nevertheless let herself be substituted as trustee through a document claiming that Deutsche Bank as Trustee was the beneficiary.

Trial was set to begin on March 18, 2013, on Count 1 against QLS. At a pretrial management conference on March 8, 2013, a Pro Tem Judge, without any advance warning, told the parties she did not think the remaining claim against QLS was viable, based on her own research. Then, without allowing any briefing on the issue, the Pro Tem

Judge dismissed the remaining claim and vacated the trial. Ms. Steinberger appealed, and QLS settled with Ms. Steinberger. The appeal was dismissed on January 13, 2014.

On January 30, 2014, the Court of Appeals issued its decision on the Petition for Special Action. The Court of Appeals reversed the dismissal of seven (7) of Ms. Steinberger's claims against the OneWest Defendants. The Arizona Supreme Court denied the Petitions for Review which were filed, in September of 2014.

The case was remanded to Superior Court in October of 2014. The OneWest Defendants and Plaintiff agreed to engage in informal settlement negotiations, but Ms. Steinberger's informal offer never garnered a response from the OneWest Defendants.

The parties then participated in a court-ordered status conference on January 7, 2015. During the conference, Plaintiff informed the Court that she would need to amend her complaint to add Defendant Smith and add Defendant Ocwen, because the loan servicer on the Steinberger loan was changed during the pendency of the special action, from OneWest to Ocwen Loan Servicing.[2] The Defendants argued discovery should immediately begin; Plaintiff argued that a settlement conference should occur first. The Court ordered that Ms. Steinberger file her Second Amended Complaint by February 9, 2015, which she did. The parties agreed to participate in a court-ordered settlement conference, and the Court ordered that no discovery occur until after the settlement conference took place. A settlement conference was set for April 21, 2015.

On March 11, 2015, Defendant Ocwen removed this matter to federal court, claiming diversity of jurisdiction, and wrongly asserting that Arizona Defendant Attorney Keeley Smith, "is fraudulently joined." Doc. 1. Steinberger filed a motion to remand (Doc. 24).

///

---

[2] OneWest remains a Defendant because according to Attorney John O'Neal, OneWest retains some type control over this litigation in spite of no longer being the loan servicer.

### III. LEGAL ANALYSIS.

A. The Standard on a Motion to Dismiss.

At the motion to dismiss stage, "the Court assumes that all facts alleged in Plaintiff's Complaint are true. Assuming the veracity [of] Plaintiff's representations, the Court then asks whether the allegations contained in the Complaint are 'plausible' to the extent a sufficient legal claim has been made out." *Blau v. America's Servicing Co.*, 2009 WL 3174823 at * 3 (D. Ariz. Sept. 29, 2009). *See also*, *Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878, 884-885 (9th Cir. 2013)(the court must assume the borrower's allegations in its complaint are true, and refuse to consider contradictory "facts" argued by the bank, as "such a defense 'presents a factual dispute that cannot be resolved [at the motion to dismiss stage].'").

The United States Supreme Court directs that federal courts in diversity matters must follow state court decisions on state law issues, even if those decisions are not from the highest court of the state, and even if the federal court does not agree with the decision. *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 236-37, 61 S.Ct. 179 (1940).

B. Trustees Under Deeds of Trust Have No "Immunity" for Breach of Obligation and Violation of Statute.

Defendant Smith begins her Motion by claiming she is "entitled to broad immunity" under A.R.S. §§ 33-807(E) and 33-820(A). *See* Motion at 2, ll. 19-20. As an Arizona licensed attorney, Smith should be well aware that no case law or statute supports this position. Indeed, on-point law proves the opposite. *Puzz v. Chase Home Finance, LLC*, 763 F.Supp.2d 1116, 1124-25 (D.Ariz. 2011). *Puzz* analyzed A.R.S. § 33-807(E) in detail:

> [I]f the trustee is joined as a party in any claim pertaining to the trustee's authority to act, that does not allege that the trustee breached an obligation arising from statute or the deed of trust, "the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee." … [T]he phrase "any other action" in the provision's third sentence must ***not*** be interpreted broadly to mean ***any other action whatsoever***, but rather should be interpreted to mean any action

>  pertaining to the trustee's authority to act that does not allege that the trustee breached an obligation resulting from the deed of trust or statute.

*Id.* Therefore, in order for A.R.S. § 33-807(E) to support dismissal of a trustee: (1) the trustee must have been named in the action; (2) the claim must relate to the authority of the trustee to act; and (3) the claim does not allege that the trustee breached any of her obligations that arise under either the deed of trust or the statutes that regulate deeds of trust. *Id.* at 1125. Conversely, A.R.S. § 33-807(E) has absolutely **no application** to any claim against a trustee that does **not** arise out of the trustee's authority to act.

Attorney Smith is not protected by A.R.S. § 33-807(E). Because Attorney Smith has not acted pursuant to her substitution, there is presently no claim against her for acting in the face of a lack of authority or breach of a term of the Deed of Trust. A.R.S. § 33-807(E), therefore, simply does not apply. What Plaintiff *has* alleged, is that Defendant Smith has not legally been substituted as trustee and as an attorney, *in Defendants' law firm no less*,[3] Defendant Smith certainly knows this is true. Steinberger's allegations related to the Defendants' lack of authority to conduct a trustee's sale of her home, "would seriously undermine the validity of the title transfers to [Defendants]." *Steinberger,* 138 Ariz. at 135, 318 P.3d at 429 ¶ 38. The Court further held that these defects, and others,[4] could not be cured by re-noticing the trustee's sale. *Id.* at 131, 318 P.3d at 425 ¶ 19.

Plaintiff has a remedy against Smith for the groundless and false Second Substitution recorded against title, as set forth in Counts 1 (to vacate void recordings including Second Substitution), 3 (breach of duty of good faith and fair dealing), 4 (A.R.S. § 33-420), and 6 (negligence per se).[5]

---

[3] Quarles & Brady was the sole law firm defending this case on behalf of all Defendants except QLS from 2010 to March 11, 2015, when this matter was removed to federal court.
[4] Steinberger's other claims which the Court found prevent a valid sale, are: (1) Good Samaritan Doctrine; (2) A.R.S. § 39-161; (3) unconscionability; (4) payment/discharge. *Id.* at ¶ 19 (referring to the other paragraphs analyzing these claims).
[5] Count 2 for Breach of Contract included Attorney Smith, because Defendants have always maintained they would (as their 2012 recordings indicated) re-notice the trustee's sale. *See* Doc. 12-5 at 5 ¶ 13. Only when Deutsche Bank as Trustee filed its Counterclaim for judicial foreclosure on March 23, 2015 (Doc. 14), the day before this Motion to

A number of the defects in authority alleged in the 2009 and 2010 foreclosure documents, are also defects in the 2012 Third and Fourth Assignments and the Second Substitution, which brought Defendant Smith into this matter.  Steinberger argued before the Court of Appeals, and continues to allege in her SAC, that only the Certificateholders of the Trust can be the Note Holder/Lender and beneficiary.  *See, e.g.,* Doc. 12-5 at 10, 11, 21, 22, ¶¶ 36, 40-42, 106, 112.  OneWest even admitted that this is so, in discovery.  *See* Doc. 12-5 at 11, ¶ 42.  Therefore no assignment of the Deed of Trust to Deutsche Bank as Trustee from MERS, the FDIC, or any IndyMac entity, is legally cognizable or enforceable.  The Second Substitution was signed by OneWest claiming to be Attorney In Fact for Deutsche Bank as Trustee, claiming to be the beneficiary.  *See* Doc. 12-5 at 29, ¶ 141.  Deutsche Bank as Trustee *cannot* be the legal beneficiary; the beneficiary is "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given…."  A.R.S. § 33-801(1).  The Deed of Trust "secures to Lender the repayment of the Loan."  *See* Doc. 12-5 at 8, ¶ 23(d).

Deutsche Bank as Trustee is not the Lender/beneficiary.  The PSA confirms that Deutsche Bank as Trustee cannot legally have that role.  First, all the recorded Assignments fail to satisfy the requirement that the assignment of each loan to the Trust, had to be **recorded** within 30 days of the Closing Date in June of 2005.  *See, e.g.,* Doc. 12-5 at 25-28, ¶¶ 126, 137, 139.   They are all, therefore, invalid.  Second, Deutsche Bank as Trustee is essentially a figurehead, has no interest in the Trust Fund comprised of the loans, and merely holds assets in trust for the Certificateholders.  *See, e.g.,* Doc 12-5 at 10-12, 29-30, ¶¶ 36, 40, 41, 42, 45, 49, 144.  Therefore Deutsche Bank as Trustee is not the Lender, and cannot be the true beneficiary with authority to substitute the trustee under the

---

Dismiss was filed, did Defendants indicate for the first time that a new trustee's sale would not be set.  On this basis, as of March 23, Plaintiff is willing to dismiss Count 2 as to Defendant Smith *without prejudice*, and Plaintiff reserves the right to reassert Count 2 against Smith should a trustee's sale be set by Smith in the future.

Deed of Trust. *See, e.g.,* Doc. 12-5 at 9, 19-22, ¶¶ 26, 95, 99, 106, 107, 112.[6] On a motion to dismiss, all of these allegations must be accepted as true, and have already been found to be well-plead in *Steinberger.*

As Defendant Smith well knows, this lack of authority and standing has been Steinberger's position throughout this lawsuit, for the last 4.5 years. Yet Attorney Smith allowed herself to be substituted in as trustee under the Deed of Trust by OneWest (which has admitted the Certificateholders are the Lender) as Attorney in Fact of Deutsche Bank as Trustee, knowing *full well* that Deutsche Bank as Trustee cannot possibly be the beneficiary under: (1) Arizona statutes/law; (2) the *Steinberger* decision;[7] or (3) the Trust documents governing the Trust into which Defendants claim this Loan was sold.

Any entity serving as trustee, under these facts, has an obligation to resign and clear title of the wrongful recording. That obligation is even more pronounced as to an attorney serving as trustee, like Defendant Smith. In all things, attorneys are held to "the high standards of honesty, justice, and morality." *In re Kersting,* 151 Ariz. 171, 177, 726 P.2d 587, 593 (*In Banc* 1986). This standard raises the bar on analyzing Defendant Smith's conduct here:

> "[T]he obligations and responsibilities of an attorney transcend the attorney-client relationship and encompass all professional conduct by the attorney. … [E]ven in his non-professional conduct an attorney must be honest and truthful."

*Id.* (quoting *Levi v. Mississippi State Bar,* 436 So.2d 781, 785 (Miss. 1983)).

As an attorney in the firm of Quarles & Brady, Defendant Smith knew or should have known that the PSA required that an assignment to DBNTC had to be prepared by the Closing Date of the Trust, June 29, 2005, and recorded within 30 days thereafter. *See* Doc.

---

[6] Nor can Smith claim that Deutsche Bank as Trustee is the "agent" of the Lender/Certificateholders; Deutsche Bank has admitted it has no idea who the Certificateholders are. *See* Doc. 12-5 at 30 ¶ 146.

[7] The *Steinberger* decision came down after Smith was already trustee; but she refused and continues to refuse to resign as trustee, despite the Court of Appeals decision and despite demand made to her in February of 2015. *See* Doc. 12-5 at 45 ¶ 238.

12-5 at 27-28, ¶ 137.  But the Third and Fourth Assignments, upon which her Substitution rests, were prepared and recorded over *seven (7) years* after the Trust closed.  And those Assignments show that confusion exists with respect to who may have an assignable interest in the Deed of Trust (if anyone), and whether the assignors had such an interest, as the Third Assignment from the FDIC as receiver for IndyMac Federal Bank to DBNTC assigns the FDIC's interest, "**if any**," and completely fails to mention the Note.  Further, the Lender was IndyMac Bank, FSB; no link has been made between the original Lender and the present assignee Deutsche Bank as Trustee.  The documents are facially invalid.

The Fourth Assignment also assigns "all of Assignor [MERS'] right, title and interest" in the Deed of Trust, states it is merely "to confirm" that MERS has no interest in the Deed of Trust, and it fails to mention the Note.  *See* Doc. 12-5 at 28, ¶¶ 138, 139.  And the Fourth Assignment from MERS, is ineffective because MERS cannot legally be a beneficiary, under Arizona statute.  *See* Doc. 12-5 at 8-9, ¶¶ 24-27.   So again, the Defendants demonstrate they have no idea who has an interest, yet have no problem clouding title with multiple recordings.

As trustee under the Deed of Trust, Attorney Smith "holds legal title until the loan balance is paid."  *Steinberger,* 138 Ariz. at 140, 318 P.3d at 434 ¶ 65.  She therefore has contractual and other duties to Steinberger, the trustor.  In fact, a case upon which Attorney Smith relies, states that the trustee "serves as a type of common agent for both parties," and that "[a] trustee owes the trustor a fiduciary duty…."  *Snyder v. HSBC Bank, USA*, 873 F.Supp.2d 1139, 1153 (D.Ariz. 2012).

The Second Substitution is therefore void and invalid, and is a groundless, false and otherwise invalid recording against the Property which also contains material misstatements. Counts 1 (to vacate void recordings including Second Substitution), 3 (breach of duty of good faith and fair dealing), 4 (A.R.S. § 33-420), and 6 (negligence per se) all state plausible claims against Smith.

It follows from the extensive analysis above, that A.R.S. § 33-820(A) is no safe harbor for Attorney Smith. That statute only states that "a trustee, shall when acting in good faith, have the absolute right to rely upon any written direction or information furnished to him by the beneficiary." Steinberger has fully and plausibly alleged that Attorney Smith cannot have a good faith belief that she has been *properly* substituted as trustee *by the beneficiary*. Further, there is nothing in the SAC that shows that Attorney Smith received anything in writing from the true beneficiary. A.R.S. § 33-820(A) does not apply on this Motion.

      C.      <u>Steinberger Has Stated a Claim for Vacating/Voiding the Invalid Recordings</u>.

Against this prodigious procedural, factual and legal backdrop, Defendant Smith now argues that no claim has been stated against her. Not so. In apparent recognition of the void nature of the First and Second Assignments and the First Substitution, the Defendants attempted to wipe the slate clean in 2012 with the Third and Fourth Assignments and the Second Substitution. But these recordings are just as invalid as the first set of bad faith recordings through which Defendants attempted to take Plaintiff's home;[8] the *Steinberger* court specifically found that the defects alleged "cannot be cured by re-noticing a trustee's sale." *See Steinberger,* 138 Ariz. at 131, 318 P.3d at 425 ¶ 19.

Whether the Defendants attempt to take Plaintiff's home through judicial or non-judicial foreclosure, they cannot accomplish it through void assignments of the Deed of Trust. And the Second Substitution appointing Attorney Smith is still clouding title, leaving the possibility that Defendants will again change course and reset a trustee's sale.

Defendant Smith argues dismissal of Count 1 based on *Cervantes* and A.R.S. § 33-820(A); neither supports dismissal.[9] The trustee Tiffany & Bosco was dismissed in *Cervantes,* based on A.R.S. § 33-820(A), because the plaintiff failed to allege any factual basis for why designation of MERS as beneficiary in the deed of trust was "a sham

---

[8] *See* Section B at 7-10 for analysis on the void nature of the 2012 recordings.
[9] *See* Section B at 11, ll. 1-8 for analysis on A.R.S. § 33-820(A).

11

beneficiary." *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1045 (9th Cir. 2011). Cervantes also failed to allege that Tiffany & Bosco did not receive written instruction from the true beneficiary to give Tiffany & Bosco the right to a good faith belief of valid substitution. *Id.*

Here, the SAC is filled with plausible allegations supported by documents, not to mention the *Steinberger* decision, that no Defendant is the true beneficiary. *See, e.g.,* Doc 12-5 at 8, 9, 19-22, 28-31, 34, 38 ¶¶ 23(d), 26, 27, 95, 99, 106, 107, 112, 113, 139, 142-144, 150, 166, 196. And given the long and tortuous history of this matter and Attorney Smith's employment at Quarles & Brady, she had **every reason to know** that her substitution was not valid. No good faith belief can save Attorney Smith.

Smith's citation to *Snyder,*[10] is also of no value. There, plaintiff's claim related to the authority of the trustee to act, but failed to allege how the trustee "breached his obligations under the deed or Arizona law." 873 F.Supp.2d at 1153-54. Steinberger has alleged the invalidity of the Third and Fourth Assignments and Second Substitution, which falsely declare that Deutsche Bank as Trustee is the beneficiary. Because Smith has not acted pursuant to the Second Substitution, there is presently no claim for breach of obligation based on a lack of authority to act. A.R.S. § 33-807(E) does not apply. But Plaintiff's claims arising out of the fact that the Second Substitution is a false, groundless recording containing material misstatements which should be released, still stand.

Therefore, Count 1, seeking to vacate all void documents recorded against Steinberger's property, is well-plead against Attorney Smith as to the Second Substitution. *See, e.g.,* Doc 12-5 at 36-38 ¶¶ 175, 188-190, 201. Plaintiff has described in brilliant relief above and in the SAC, the bases upon which she alleges that the Second Substitution is void and invalid. As trustee under the Deed of Trust, Attorney Smith may at any time, resign. A.R.S. § 33-804(F). Despite demand, Attorney Smith has failed and refused to record a resignation. The Motion as to Count 1, should be denied.

---

[10] 873 F.Supp.2d 1139, 1153-55.

D. As Trustee, Smith Breached her Duty of Good Faith and Fair Dealing.

Attorney Smith seeks dismissal of Count 3 because the SAC allegedly does not plead any breach of "Arizona trustee law or the Deed of Trust," and does not state what Smith did to deprive Plaintiff of the "reasonably expected benefits" of her contracts. *See* Motion at 4 ll. 21-26. These arguments are easily refuted.

A party can breach the implied covenant of good faith and fair dealing without breaching an express term of the contract. *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 424, 46 P.3d 431, 435 ¶14 (Ct. App. 2002).

The duty of good faith and fair dealing under a contract is breached "when the other party to a contract manipulates bargaining power to its own advantage.…" *Wells Fargo Bank v. Ariz. Laborers & Teamsters*, 201 Ariz. 474, 491, 38 P.3d 12, 29 (*En Banc* 2002). "[A] party can breach the implied covenant of good faith and fair dealing both by exercising express discretion in a way inconsistent with a party's reasonable expectations and by acting in [a] way not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." *Snyder v. HSBC Bank*, 873 F.Supp.2d 1139, 1152 (D.Ariz. 2012)(quoting *Bike Fashion*, 202 Ariz. at 424, 46 P.3d at 435). The Arizona courts have readily recognized that "[i]nstances inevitably arise where one party exercises discretion retained or unforeclosed under a contract in such a way as to deny the other a reasonably expected benefit of the bargain." *Southwest Sav. & Loan Ass'n v. SunAmp Systems, Inc.*, 172 Ariz. 553, 558, 838 P.2d 1314, 1319 (Ct. App. 1992).

Attorney Smith as trustee, "holds legal title until the loan balance is paid." *Steinberger,* 138 Ariz. at 140, 318 P.3d at 434 ¶ 65. She therefore has contractual and other duties to Steinberger, the trustor. In fact, the trustee "serves as a type of common agent for both parties," and that "[a] trustee owes the trustor a fiduciary duty…." *Snyder v. HSBC Bank, USA*, 873 F.Supp.2d 1139, 1153 (D.Ariz. 2012).

Steinberger reasonably expected, as a benefit of the loan bargain, that only the true and legal Lender/Note Holder/beneficiary and trustee, or their true and legal successors

and assigns, would record or cause to be recorded, documents against the Property. She also reasonably expected that only the true Lender/Note Holder/beneficiary would declare a default (if there were a default) and accelerate the Loan and place the property into foreclosure. *See, e.g.,* Doc. 12-5 at 41 ¶¶ 218-220. None of these reasonably expected benefits, have been experienced by Steinberger.

Attorney Smith violated her duties to Steinberger, by: (1) accepting her appointment as trustee under the Deed of Trust from an entity not the beneficiary knowing full well that *Steinberger* found the lack of authority allegations well-plead; (2) refusing to resign as trustee after demand despite being a common agent for trustor and Lender and under *Snyder*, owing Steinberger a fiduciary duty; (3) being named in a false, groundless and otherwise invalid document which also contains material misstatements, recorded against title; and (4) as an attorney at Quarles & Brady, having complete knowledge of all the facts showing that Deutsche Bank as Trustee is not and cannot be the true beneficiary. *See, e.g.,* Doc. 12-5 at 27-30, 41-44, ¶¶ 135-144, 221(a), (i), 228, 229, 232, 233, 236.

Steinberger has stated a claim against Attorney Smith for breach of the duty of good faith and fair dealing.

E.      Steinberger States a Valid Claim under A.R.S. § 33-420.

In moving to dismiss Count 4, Attorney Smith again claims immunity under A.R.S. § 33-820(A), due to an "absolute right" to rely on written direction to her by the beneficiary. But the SAC alleges that Smith "had actual knowledge of the defects in the recorded chain of title," including the void nature of the Second Substitution. *See* Doc 12-5 at 43-44 ¶¶ 228, 232, 233. The SAC further details the nature of that knowledge. *See* Section B above. On a Motion to Dismiss, these plausible allegations must be accepted as true. And critically, the Arizona Court of Appeals ruled in January of 2014, that Plaintiff's allegations regarding the Defendants' lack of authority to foreclose, if proven, "would seriously undermine the validity of the title transfers to [Defendants]." *Steinberger,* 138

Ariz. at 135, 318 P.3d at 429 ¶ 38.  Those allegations included the same allegations made here, that Deutsche Bank as Trustee is not and cannot be the Lender/Note Holder/beneficiary under Arizona statute and the PSA.  Therefore, Attorney Smith knew her substitution was groundless, false, and contained a material misstatement.

Similarly, A.R.S. § 33-807(E) does not protect Smith.  Count 4 does not arise from Smith's authority under statute or the Deed of Trust.  *Puzz,* 763 F.Supp.2d at 1124-25.

Attorney Smith misstates the law when she argues that all claims under A.R.S. § 33-420 must rise or fall on whether the document contains a material misstatement.  *See* Motion at 5, ll. 19-26.  The statute is written in the disjunctive, so all Steinberger must plausibly allege is that the Second Substitution is **one** of the following: (1) false; (2) groundless; (3) a forgery; (4) otherwise invalid; **or** (5) contains a material misstatement.

Under recent on-point Arizona state law, Steinberger has stated claims under A.R.S. § 33-420 as to the invalidly recorded documents.  *See Stauffer v. U.S. Bank N.A.*, 233 Ariz. 22, 308 P.3d 1173 (Ct. App. 2013).  Under *Stauffer*, recorded foreclosure documents including an assignment of deed of trust, a notice of substitution of trustee, and a notice of trustee's sale, are all documents covered by the statute.  308 P.3d at 1177-78 ¶ 15.  The court found that even though the borrowers had not paid off their loan obligation, they were still "owners" of the property under the statute, and could therefore assert a claim.  308 P.3d at 1179 ¶ 22.  As for standing, the plaintiffs had alleged that their title was clouded as a result of the false or fraudulent documents recorded; this cloud on title was a "distinct and palpable injury" which satisfied the standing requirement.  *Id.* at ¶ 25.  Steinberger did the same, here.  *See* Doc. 12-5 at 43-45, ¶¶ 228, 236, 237.

The Ninth Circuit has faithfully applied *Stauffer*, and reversed the Arizona District Court which had dismissed claims under A.R.S. § 33-420 for the recording of false assignments, notices of substitution of trustee, and notices of trustee's sale.  *In re Mortgage Electronic Registration Systems, Inc.*, 754 F.3d 772, 782-83 (9th Cir 2014).  The

Ninth Circuit found that where plaintiffs alleged the documents were forged because they were "robo-signed," the plaintiffs had stated claims under A.R.S. § 33-420. *Id.* at 783. The Court held that these allegations "plausibly suggest an entitlement to relief," citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S.Ct. 1937 (2009). *Id.* at 784.

Attorney Smith argues that a decision subsequent to *Stauffer,* supports dismissal. *Sitton v. Deutsche Bank Nat. Trust Co.,* 233 Ariz. 215, 311 P.3d 237 (Ct. App. 2013). It does not. In *Sitton,* the court interpreted plaintiff's claim as one *only* for material misstatements in the recorded documents. The court denied relief, because it found that the misrepresentations were not material to Sitton. 311 P.3d at 243. However, the Court then blasted a hole in its holding, stating that "when the record supports an inference that the putative beneficiary was not the correct party, the trustor should be entitled to discovery [therefore, the claim cannot be dismissed]."[11] 311 P.3d at 244 n. 6. Otherwise, a "sale for any other entity could leave the trustor still liable to the beneficiary." *Id.* Because Sitton failed to point to anything in the record to suggest that Deutsche Bank was not the true beneficiary, summary judgment against Sitton was affirmed. *Id.*

Here, the record is replete with plausible allegations and inferences that the "putative beneficiary," Deutsche Bank as Trustee, is not the "correct" or true beneficiary. *See* Doc. 12-5 at 21, 29-31, ¶¶ 106, 142-144, 150. *Sitton's* limited holding has no application here, because the misrepresentation of beneficiary is material to Steinberger. Deutsche Bank as Trustee, a "putative beneficiary" is seeking to foreclose, potentially leaving Steinberger liable to the true beneficiary.

Therefore, Steinberger has not only sustained the burden of plausibility that the Second Substitution (1) is false, and (2) is groundless, but also that it (3) contains material misstatements. The Motion to Dismiss Count 4 should be denied.

---

[11] Although *Sitton* was decided on a motion for summary judgment, it was actually a motion to dismiss that was converted to a summary judgment motion by the court; it appears that no discovery occurred before the ruling. 311 P.3d at 239 ¶ 10.

F. The Negligence Per Se Claim Must Stand.

Attorney Smith makes the same arguments in urging dismissal of Count 6 for negligence per se, as she made for dismissing A.R.S. § 33-420. Steinberger has properly alleged facts entitling her to relief under A.R.S. § 33-420. *See* Section E above; *see also*, *Stauffer*, and *In re MERS*. The statute requires a document, recorded, by a defendant who knew or had reason to know the document was forged, groundless, contained a material misstatement or false claim, or was otherwise invalid. This is exactly what Steinberger alleged. *See* Doc. 12-5 at 43-45, 47-48, ¶¶ 225-239, 258, 260.

And Attorney Smith is wrong when she claims that Count 6 must identify a criminal statute that was violated. *See* Motion at 6-7. The *Steinberger* decision, which analyzed in minute detail the elements of the claim, did not require violation of a criminal statute, and found negligence per se well-plead as to the at-issue foreclosure documents. 234 Ariz. at 138-140, 318 P.3d at 432-34 ¶¶ 54-62. *Estate of Hernandez v. Ariz. Bd. of Regents,* 177 Ariz. 244, 253, 866 P.2d 1330, 1339 (1994) is inapposite. At issue in *Hernandez*, was the criminal act of furnishing alcohol to a minor. The court analyzed whether a criminal statute could be used to establish a tort duty. *Id.* Steinberger's claims are under A.R.S. §§ 33-420 and 39-161. *Hernandez* does not even arguably apply.

Attorney Smith fails to address A.R.S. § 39-161, so she is deemed to have admitted that this portion of Steinberger's negligence per se claim is not subject to dismissal. In fact, *Steinberger* acknowledges that A.R.S. § 39-161 is a recording statute "similar" to A.R.S. § 33-420, and that "a misrepresentation in a recorded instrument may be material where the borrower/trustor alleges the putative beneficiary is not, in fact, the true beneficiary." *Steinberger*, 318 P.3d at 433 n. 17. Of course, Steinberger has alleged that the putative beneficiary is not, in fact, the true beneficiary. Her negligence per se claim must be allowed to stand.[12]

---

[12] Smith again argues that A.R.S. § 33-820(A) is a safe harbor. *See* Motion at 7, ll. 3-10. Plaintiff has already refuted this argument. *See* Section B at 11 ll. 1-8 above.

## IV.   CONCLUSION.

Based on the foregoing, Steinberger respectfully requests that Smith's Motion to Dismiss be denied as to Counts 1, 3, 4 and 6.  These claims are plausibly alleged against Attorney Smith under Arizona law, and should be allowed to proceed on their merits. Plaintiff withdraws Count 2 without prejudice.

Steinberger further requests an award of her attorney's fees for having to respond to this Motion, which is not supported by current applicable law.

RESPECTFULLY SUBMITTED this 10th day of April, 2015.

**BARBARA J. FORDE, P.C.**

By:   s/Barbara J. Forde
Barbara J. Forde, Esq.
20247 N. 86th Street
Scottsdale, AZ  85255
*Attorney for Plaintiff*

Copies served on April 10, 2015:

Robert W. Norman
Solomon S. Krotzer
HOUSER & ALLISON
2929 N. Central Ave., Suite 1560
Phoenix, AZ  85012
*Attorneys for IndyMac Mortgage/
OneWest Bank,DBNTC as Trustee,
Ocwen, and MERS*

John Maston O'Neal
Krystal M. Aspey
QUARLES & BRADY, LLP
Renaissance One
Two North Central Ave.
Phoenix, AZ  85004
*Attorneys for Defendant Smith*

Barbara J. Forde