Barbara J. Forde (013220)
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ  85255
BarbaraJForde@gmail.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually,<br><br>Plaintiff,<br><br>v.<br><br>INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, F.S.B., a Federally Chartered Savings Bank; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; OCWEN LOAN SERVICING, LLC, a Limited Liability Company; KEELEY KRISTINE SMITH, an Attorney licensed with the Arizona State Bar; JOHN AND JANE DOES 1-1000, XYZ CORPORATIONS 1-15; ABC LIMITED LIABILITY COMPANIES 1-15; and 123 BANKING ASSOCIATIONS 1-15,<br><br>Defendants. | Case No. 2:15-cv-00450-ROS<br><br>**MOTION TO DISMISS COUNTERCLAIM**<br><br>**OF COUNTERDEFENDANTS KATRINA PERKINS STEINBERGER, AS EXECUTOR OF THE ESTATE OF CHARLES A. PERKINS, AND INDIVIDUALLY** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14,<br><br>Counterclaimant,<br><br>v. | |

KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually,

Counterdefendants.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14,

Third-Party Plaintiff,

v.

SAGUARO DESERT TRUST; KATRINA PERKINS STEINBERGER, as Exectuvie Trustee of Saguaro Desert Trust; M&I MARSHALL & ILLSLEY BANK, a Wisconsin Banking Corporation; QUALITY LOAN SERVICE CORPORATION, a California Corporation; RANCHO ALTA VIDA HOEOWNERS' ASSOCIATION, an Arizona Non-Profit Corporation; DOE INDIVIDUALS OR ENTITIES 1-10; UNKNOWN HEIRS AND DEVISEES OF CHARLES A. PERKINS, DECEASED,

Third-Party Defendants.

## I.   INTRODUCTION.

Pursuant to Rule 12(b)(6) Fed. R. Civ., Counterdefendants Katrina Perkins Steinberger, as Executor of the Estate of Charles A. Perkins, deceased, and individually ("Steinberger"), hereby files her motion to dismiss the counterclaim for judicial foreclosure.[1]  The counterclaim must be dismissed with prejudice, as the statute of

---

[1] This Motion is filed without prejudice to Steinberger's position that this entire suit should be remanded to Superior Court and that there is no diversity jurisdiction, as argued in her Motion to Remand (Doc. 23) filed April 2, 2015.  Should this matter be remanded, the Superior Court will be asked to rule on this Motion.

limitations has run on any individual or entity's ability to enforce the Adjustable Rate Note or Deed of Trust in this matter.

## II.  FACTUAL AND PROCEDURAL BACKGROUND.

The disputes between the parties to this lawsuit arise out of the terms of an Adjustable Rate Note (the "Note"), dated May 25, 2005, and a Deed of Trust also dated May 25, 2005, which purports to secure the Note. The Note contains an original principal balance of $532,000.00 with an adjustable interest rate; the rate at loan initiation was 1%. *See* Note, attached as Exhibit 1 to the Second Amended Complaint ("SAC"), Doc. 12-5 at 55-58, and Deed of Trust, attached as Exhibit 2 to the SAC, Doc. 12-5 at 60-72.

According to the Statement of Breach or Non-Performance dated February 20, 2009, payment default on the Note occurred on November 1, 2008. *See* Exhibit 14 to SAC, Doc. 12-6 at 75.

The Deed of Trust requires that the Note be accelerated prior to initiating foreclosure:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument …. The notice shall specify:  (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. … ***If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale***….
>
> If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold.

*See* Deed of Trust, Exhibit 2 to SAC, Doc. 12-5 at 70, ¶ 22.

On February 13, 2009, an Assignment of Deed of Trust was recorded, purporting to assign the Deed of Trust to IndyMac Federal Bank FSB, from Mortgage Electronic

Registration Systems, Inc., as Nominee for IndyMac Bank, FSB. *See* Exhibit 8 to SAC, Doc. 12-6 at 60. Then, on February 17, 2009, an employee of Quality Loan Service Corporation, Jim Montes, claiming to be an Assistant Vice-President with IndyMac Federal Bank, substituted his employer QLS as trustee under the Deed of Trust. The Substitution was recorded the same day. *See* Exhibit 11 to SAC, Doc. 12-6 at 67-68. Also on February 17, 2009, Jim Montes, representing he is Assistant Vice-President of QLS, signs the Notice of Trustee's Sale; the Notice is recorded that same day, setting the trustee's sale to take place on May 19, 2009. *See* Exhibit 12 to SAC, Doc. 12-6 at 70-71.

The Statement of Breach or Non-Performance states that "[t]he Beneficiary elects to sell or cause to be sold such property under the Trust Deed." *See* Exhibit 14 to SAC, Doc. 12-6 at 75. Therefore, Defendants declared the Note accelerated no later than February 17, 2009 when the Notice of Trustee's Sale was signed and recorded.

The Counterclaim admits that the entire balance of the Note was accelerated and declared to be immediately due and payable. *See* Counterclaim (Doc. 14) ¶¶ 27, 46, 48.[2]

In March of 2010, Steinberger was offered a trial period plan ("TPP") under the Home Affordable Modification Program. The TPP letter stated that even though Defendant IndyMac Mortgage Services, a division of OneWest Bank was offering a trial period plan, any pending foreclosure action would not be dismissed and no new notice of acceleration would be necessary to continue the foreclosure action thereafter, if Steinberger did not comply with the terms of the trial period plan. The TPP letter further stated that, "[t]he servicer's acceptance and posting of your new payment during the trial period will not be deemed a waiver of the acceleration of your loan or foreclosure action and related activities, and shall not constitute a cure of your default under your loan unless such payments are sufficient to completely cure your entire default under your loan." *See* Exhibit 7 to SAC, Doc. 12-6 at 58.

---

[2] Steinberger does not admit that Deutsche Bank as Trustee accelerated the Note, but the identity of which entity purports to have accelerated the Note is irrelevant upon this Motion.

Deutsche Bank as Trustee set forth the amounts alleged to be due and owing as of March 9, 2015:

| | |
|---|---|
| Principal | $576,109.56 |
| Interest | $121,265.40 |
| Escrow Advance | $ 27,107.94 |
| Late Charges | $   8,659.34 |
| Other Amounts | $   8,053.34 |
| Suspense Credits | $  (1,906.00) |
| Total | $739,289.58. |

*See* Counterclaim ¶ 50.

These allegations in the Counterclaim as well as documents attached to the Counterclaim and SAC, demonstrate that default occurred in 2008, and the entire Note balance was accelerated no later than February 17, 2009.

### III.   LEGAL ANALYSIS.

A.   <u>The Standard on a Motion to Dismiss</u>.

"To survive a motion to dismiss, a complaint must plead sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). This "demands more than an unadorned, the defendant-unlawfully-harmed me accusation," and more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  It also "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint must assert factual allegations that "raise the right to relief above the speculative level" and cross the line from merely "conceivable" to a level "plausibly suggesting" a plaintiff is entitled to relief.  *Id*. at 555-57. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949.  Naked assertions devoid of further factual enhancement do not suffice.  *Id*.

5

Courts will not assume a plaintiff can prove facts not alleged in a complaint, *see Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005), and courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The United States Supreme Court directs that federal courts in diversity matters must follow state court decisions on state law issues, even if those decisions are not from the highest court of the state, and even if the federal court does not agree with the decision. *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 236-37, 61 S.Ct. 179 (1940).

    B.    <u>The Statute of Limitations Bars Any Action on the Note and any Foreclosure Whether Judicial, or Non-Judicial</u>.

A federal court sitting in diversity applies the state statute of limitations when the suit is based on state-created rights. *Wester v. Crown Controls Corp.*, 974 F.Supp. 1284, 1285 (D.Ariz. 1996). Arizona statutes governing foreclosures provide the following limitation "on action or sale of trust property:"

> The trustee's sale of trust property under a trust deed shall be made, or any action to foreclose a trust deed as provided by law for the foreclosure of mortgages on real property shall be commenced, within the period prescribed by law for the commencement of an action on the contract secured by the trust deed.

A.R.S. § 33-816. Under Arizona law, the statute of limitations on an "[a]ction for debt shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward," on a contract in writing, such as the Note. A.R.S. § 12-548(A). The Uniform Commercial Code also requires that an action on a Note must be brought within 6 years of the acceleration due date. A.R.S. § 47-3118(A). Therefore, any foreclosure is governed by the six-year limitation on a suit on the Note.

According to the Defendants and Counterclaimant Deutsche Bank as Trustee, the Note has been in default since November 1, 2008, and the payment default has never been

cured. *See, e.g.,* TPP Letter (Doc. 12-6 at 58); Notice of Trustee's Sale (Doc. 12-6 at 70-71); Statement of Breach or Non-Performance (Doc. 12-6 at 75); Counterclaim (Doc. 14 ¶¶ 27, 50). The Note was accelerated no later than February 17, 2009, when the Notice of Trustee's Sale was executed and recorded, because a trustee's sale cannot be initiated without accelerating the balance of the Note. *See* Doc 12-5 at 70 (Deed of Trust ¶ 22). Deutsche Bank as Trustee admits that the Note was accelerated. *See* Counterclaim (Doc. 14 ¶¶ 27, 48, 50).

A cause of action accrues as to future nondelinquent payments on a debt, when the full balance is accelerated. *Navy Federal Credit Union v. Jones,* 187 Ariz. 493, 495, 930 P.2d 1007, 1009 (Ct. App. 1996). Therefore, the six-year statute of limitations on the Note expired no later than February 16, 2015. Deutsche Bank as Trustee did not file its Counterclaim until March 23, 2015. The Counterclaim seeking to enforce the Note must be dismissed with prejudice; it is barred.

As set forth in A.R.S. § 33-816, an action to foreclose pursuant to a Note in default, is also governed by the six-year statute of limitations. *Accord, Atlee Credit Corp. v. Quetulio*, 22 Ariz. App. 116, 118, 524 P.2d 511, 513 (1974); *De Anza Land and Leisure Corp. v. Raineri*, 137 Ariz. 262, 266, 669 P.2d 1339, 1343 (Ct. App. 1983). The Court of Appeals recently reaffirmed the fact that a foreclosure is simply a way to collect a debt:

> The debt arises from the promissory note. It is contractual.
> ***
> The Arizona statutes governing foreclosures, mortgages and deeds of trust are in accord with the interpretation that the contractual debt is foremost with any foreclosure or sale being secondary or merely a means of recovery on the original debt.
> ***
> The promissory note is the primary source of the debt. And, as the debt on the promissory note is primary, the foreclosure or trustee's sale is ancillary to the collection of the debt, not the other way around.

*National Bank of Arizona v. Schwartz*, 230 Ariz. 310, 312-313, 283 P.3d 41, 43-44 ¶¶ 7, 9 (Ct. App. 2012).

A Deed of Trust without a debt, secures nothing. "All the authorities agree that the debt is the principal thing and the mortgage an accessory. … The mortgage can have no separate existence." *Carpenter v. Longan,* 83 U.S. 271, 275 (1872). The Arizona Supreme Court, concurs. "[A] deed of trust, like a mortgage, 'may be enforced only by, or in behalf of, a person who is entitled to enforce the obligation the mortgage secures.'" *Hogan v. Washington Mut. Bank, N.A.,* 230 Ariz. 584, 586, 277 P.3d 781, 783 (2012)(quoting Restatement (Third) of Property (Mortgages) § 5.4 (c)). *See also, Hill v. Favour,* 52 Ariz. 562, 568, 84 P.2d 575, 578 (1938)(a mortgage is a mere incident of the debt, cannot be assigned separately, and distinct from the debt it secures, is not a thing of value; it is nugatory).

Because no one can enforce the Note, the Deed of Trust now secures nothing, and can be enforced by no one. Because the debt cannot be collected, a foreclosure cannot occur. The six-year statute of limitations has also run on the Deed of Trust in its own right. The statute of limitations has run on **any** individual or entity's ability to enforce the Note *or* Deed of Trust. The Counterclaim for foreclosure is barred; it must be dismissed with prejudice.

Because no individual or entity can foreclose either judicially or non-judicially pursuant to the Deed of Trust, Steinberger further respectfully requests that the Deed of Trust be ordered, released. The Counterclaim is not plausible on its face, because the statute of limitations has run on the Note and the Deed of Trust, rendering the Note unenforceable, and the Deed of Trust, a nullity.

Steinberger further requests her attorney's fees and costs in having to bring this motion, pursuant to A.R.S. § 12-341.01.

///

///

///

///

///

8

## IV. CONCLUSION.

Based on the foregoing, Steinberger respectfully requests that the Counterclaim be dismissed with prejudice, and this Court order and declare that no individual or entity having come forward to enforce the Note and Deed of Trust within the applicable statute of limitations, that neither can be enforced, and the Deed of Trust be ordered released from title. Steinberger further requests her attorney's fees and costs incurred herein.

RESPECTFULLY SUBMITTED this 13th day of April, 2015.

**BARBARA J. FORDE, P.C.**

By: _s/Barbara J. Forde_____
Barbara J. Forde, Esq.
20247 N. 86th Street
Scottsdale, AZ  85255
*Attorney for Plaintiff*

Copies of the foregoing served through the ECF system on April 13, 2015:

Robert W. Norman
Solomon S. Krotzer
HOUSER & ALLISON
2929 N. Central Ave., Suite 1560
Phoenix, AZ  85012
*Attorneys for IndyMac Mortgage/*
*OneWest Bank, DBNTC as Trustee,*
*Ocwen, and MERS*

John Maston O'Neal
Krystal M. Aspey
QUARLES & BRADY, LLP
Renaissance One
Two North Central Ave.
Phoenix, AZ  85004
*Attorneys for Defendant Smith*

Barbara J. Forde_____