Robert W. Norman (SBN 025328)
bnorman@houser-law.com
Solomon S. Krotzer (SBN 027985)
skrotzer@houser-law.com
HOUSER & ALLISON, APC
2929 N. Central Ave., Suite 1560
Phoenix, Arizona 85012
Phone: (480) 428-8370

Attorneys for Defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., OneWest Bank, N.A. and Defendant/Counterclaimant/Third-Party Plaintiff Deutsche Bank National Trust Company As Trustee For IndyMac INDX Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14

# IN THE UNTED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually,<br><br>Plaintiff,<br><br>vs.<br><br>INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, F.S.B., a Federally Chartered Savings Bank; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; OCWEN LOAN SERVICING, LLC, a Limited Liability Company; KEELEY KRISTINE SMITH, an Attorney licensed with the Arizona State Bar; JOHN AND JANE DOES 1-1000, XYZ CORPORATIONS 1-15; ABC LIMITIED LIABILITY COMPANIES 1-15; and 123 BANKING ASSOCIATIONS 1-15,<br><br>Defendants. | Case No. 2:15-cv-00450-ROS<br><br>Hon. Roslyn O. Silver<br><br>**OCWEN LOAN SERVICING, LLC'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND** |

| | |
|---|---|
| 1<br>2<br>3<br>4 | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14, |
| 5 | Counterclaimant, |
| 6 | vs. |
| 7<br>8 | KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually, |
| 9<br>10 | Counterdefendants. |
| 11<br>12<br>13<br>14 | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14, |
| 15<br>16 | Third-Party Plaintiff, |
| 17 | vs. |
| 18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26 | SAGUARO DESERT TRUST; KATRINA PERKINS STEINBERGER, as Executive Trustee of Saguaro Desert Trust; M&I MARSHALL & ILLSLEY BANK, a Wisconsin Banking Corporation; QUALITY LOAN SERVICE CORPORATION, a California Corporation; RANCHO ALTA VIDA HOMEOWNERS' ASSOCIATION, an Arizona Non-Profit Corporation; DOE INDIVIDUALS OR ENTITIES 1-10; UNKNOWN HEIRS AND DEVISEES OF CHARLES A. PERKINS, DECEASED. |
| 27<br>28 | Third-Party Defendants. |

2

Defendant, Ocwen Loan Servicing, LLC ("Ocwen") hereby responds to Plaintiff's Motion to Remand ("Motion"). The Motion should be denied because there is complete diversity of citizenship and Plaintiff's remaining arguments are red herrings. Plaintiff concedes that without Defendant Keeley Kristine Smith ("Smith") there is complete diversity.

Defendant Smith was fraudulently joined and has no place in this lawsuit for at least two reasons. First, A.R.S. § 33-807(E) requires her immediate dismissal. Second, all of Plaintiff's arguments against Defendant Smith presuppose that "the whereabouts of the Note are unknown" and therefore Deutsche Bank National Trust Company, as Trustee for IndyMac INDX Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14[1] did not have the right to record the Notice of Substitution of Trustee substituting Smith as trustee. However, DBNTC as Trustee of the Trust has had possession of the original Note since June 2, 2005.[2] Plaintiff cannot dispute this, because she has already admitted "the whereabouts of the Note are unknown."[3]

Plaintiff's remaining arguments are policy arguments and presuppose that this case is a "groundbreaking" case of "state-wide importance." It is not. The only parties affected by this case are the defendants and Ms. Steinberger, who has been living in a property worth more than $700,000 for free. Throughout this litigation, Plaintiff has been given numerous opportunities to pay back what is owed, including at least two loan modification offers, payoff quotes and reinstatement quotes. Plaintiff has refused to repay the debt. Plaintiff should not be given another opportunity to stall this litigation through dilatory tactics by having this case remanded.

---

[1] Deutsche Bank National Trust Company ("DBNTC") is the trustee ("Trustee") for IndyMac INDX Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14 ("Trust"), collectively referred to as ("DBNTC as Trustee of the Trust").
[2] See ¶ 4 of Declaration of Barbara Campbell, attached as **Exhibit A**.
[3] Second Amended Complaint at ¶ 146.

3

## I. FACTUAL BACKGROUND

Plaintiff recites the lengthy procedural history of this case, but for Ocwen this case started on February 18, 2015. On this date, Ocwen was served with the Second Amended Complaint, which (for the first time), named Ocwen as a defendant. Ocwen timely filed its Notice of Removal on March 11, 2015 (doc. 1).

The facts of the underlying litigation are relatively straightforward. On May 25, 2005, Charles A. Perkins signed an Adjustable Rate Note ("Note") and Deed of Trust ("Loan"), promising to pay back $532,000 plus interest and other fees as set forth in the Loan documents.[4] On or about June 1, 2005 the Loan was securitized into a mortgage-backed trust ("Trust").[5] Pursuant to the Pooling and Servicing Agreement dated June 1, 2005 ("PSA") DBNTC is the trustee of the Trust.[6]

Pursuant to the PSA, DBNTC as Trustee of the Trust received the original Note (endorsed in blank) on June 2, 2005 and the Deed of Trust on June 6, 2005.[7] DBNTC as Trustee of the Trust retained possession of these documents until January 26, 2015, when they were sent via UPS Next Day Air Saver with tracking number 1Z46453W1367397755 to Ocwen.[8] Then, on February 2, 2015, Ocwen sent these documents via UPS Next Day Air to Houser & Allison, APC, as counsel for DBNTC as Trustee of the Trust, with tracking number 1Z38E65Y0199805488.[9] Thus, DBNTC as Trustee of the Trust has been in continuous custody of the original Note, which is endorsed in blank, since June 2, 2005.[10]

Charles Perkins passed away on December 20, 2007. Plaintiff, as executor of Mr.

---

[4] See Adjustable Rate Note and Deed of Trust, attached to Declaration of Barbara Campbell, attached as **Exhibit A.**
[5] See ¶¶ 2-4 of Declaration of Barbara Campbell, attached as **Exhibit A**.
[6] See ¶ 2 of Declaration of Barbara Campbell, attached as **Exhibit A**.
[7] See ¶ 4 of Declaration of Barbara Campbell, attached as **Exhibit A**.
[8] See **Exhibit B**.
[9] See **Exhibit B.**
[10] See **Exhibit A**.

4

1  Perkins' estate, continued to make payments under the Loan.[11]  Eventually, Plaintiff
2  defaulted and non-judicial foreclosure proceedings were initiated.  In order to stop the
3  foreclosure proceedings, Plaintiff filed the subject lawsuit on November 3, 2010.
4        The lawsuit sets forth variations on the ubiquitous "show me the note" types of
5  arguments raised by borrowers faced with imminent foreclosure.  For example, at ¶ 146
6  of the Second Amended Complaint "Plaintiff alleges that the whereabouts of the Note
7  are unknown."  However, notwithstanding this allegation, Plaintiff has been invited to
8  come and inspect the original Note and Deed of Trust on numerous occasions, but has
9  not done so.  This invitation still stands.  Plaintiff has also been offered numerous ways
10 to pay back what is owed in order to avoid foreclosure – including discounted loan
11 modifications, payoff quotes and reinstatement quotes, but again has refused.

## II.   DIVERSITY OF CITIZENSHIP

13       With respect to the "complete diversity" requirement, as set forth in 28 U.S.C. §
14 1441(b), the only dispute in Plaintiff's Motion relates to defendant Keeley Kristine
15 Smith.  However, the citizenship of nominal and fraudulently joined parties is irrelevant
16 for purposes of removal.  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.
17 1998).  "Fraudulent joinder is a term of art.  If the Plaintiff fails to state a cause of action
18 against a resident defendant, and the failure is obvious according to the settled rules of
19 the state, the joinder of the resident defendant is fraudulent." *Id.*
20       Defendant Smith's only connection to this lawsuit is that she was named as the
21 successor trustee under the Deed of Trust on August 14, 2012 in a document titled
22 "Notice of Substitution of Trustee" which was recorded with the Maricopa County
23 Recorder's Office on August 20, 2012.  Defendant Smith did not sign the Notice of
24 Substitution of Trustee, nor did she record the Notice of Substitution of Trustee.  On
25 April 10, 2015, DBNTC as Trustee of the Trust substituted Western Progressive-

---

[11] Plaintiff also acknowledged the debt in many other ways, but these issues are not relevant for purposes of deciding the issues presented in Plaintiff's Motion.

5

Arizona, Inc. as the successor trustee under the Deed of Trust.[12]  Therefore, at this point any arguable link between this lawsuit and Defendant Smith has been completed severed.

Given these facts, Plaintiff has failed to state a cause of action against Defendant Smith.  First, A.R.S. § 33-807(E) is clear:

> "The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. **If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorneys' fees from the person joining the trustee**."  (Emphasis added.)

This lawsuit falls into the "any other action" category, since there are no allegations that Defendant Smith breached her obligations under the deed of trust or A.R.S. § 33-807.  In fact, Defendant Smith did not take *any* action at all.  She was simply named by DBNTC as Trustee of the Trust as the successor trustee under the Deed of Trust, pursuant to ¶ 24 of the Deed of Trust.[13]

Second, Plaintiff's entire argument hinges on the incorrect premise that "the beneficiary under the Deed of Trust was not and could not be, DBNTC as Trustee."[14] This premise is incorrect on a number of levels, but for purposes of ruling on Plaintiff's Motion it is enough that the premise is actually contradicted by Plaintiff herself.  In the same paragraph, Plaintiff asserts that "[the beneficiary] **must, therefore, be the Note Holder ….**"  Thus, by Plaintiff's own admission, the Note Holder *is* the beneficiary.

---

[12] See Notice of Substitution of Trustee, attached as **Exhibit C**.
[13] "24. **Substitute Trustee.**  Lender may, for any reason or cause, from time to time, remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed all the title, power and duties conferred upon Trustee herein and by Applicable law."
[14] Motion at 7:8-10.

6

Plaintiff's assertion is correct, since the Note is endorsed in blank and is "bearer paper."

Here, DBNTC as Trustee of the Trust has been the Note Holder since June 2, 2005.[15] Plaintiff cannot dispute this "lynchpin" fact, because she already admitted that "… the whereabouts of the Note are unknown."[16] Therefore, if Plaintiff did not know the whereabouts of the original Note at the time she filed her Second Amended Complaint, and DBNTC as Trustee of the Trust is now attesting that it has been in possession of the original Note since June 2, 2005 (and is still in possession of the original Note), Plaintiff cannot dispute this fact without contradicting her own sworn statements and violating FRCP 11.

In summary, A.R.S. § 33-807(E) shields Defendant Smith from liability. Further, by Plaintiff's own admission the Note Holder is the beneficiary of the Deed of Trust, and DBNTC as Trustee of the Trust has been the Note Holder since 2005. Pursuant to ¶ 24 of the Deed of Trust, DBNTC as Trustee of the Trust, the beneficiary, had the right "for any reason or cause" to substitute the trustee at any time. Therefore, the recording of the Notice of Substitution of Trustee (naming Defendant Smith) was a lawful exercise of DBNTC as Trustee of the Trust's rights.

### III. THIS COURT SHOULD RETAIN SUPPLEMENTAL JURISDICTION OVER DBNTC'S JUDICIAL FORECLOSURE.

As long as diversity existed when the action was field, supplemental jurisdiction exists as to third parties joined by DBNTC as Trustee of the Trust on claims arising out of the same transaction or occurrence regardless of diversity or amount in controversy. 28 U.S.C. § 1367(b); *Hill v. Rolleri,* 615 F.2d 886, 889 (9th Cir. 1980).

This Court should retain supplemental jurisdiction over DBNTC as Trustee of the Trust's counterclaim/third-party complaint because it involves virtually identical issues as Plaintiff's lawsuit. In remanding this case, the Arizona Court of Appeals stated:

---

[15] See **Exhibit A**.
[16] Second Amended Complaint at ¶ 146.

7

"On remand, Steinberger bears the burden of proving her claim that Respondents lack the authority to conduct a trustee's sale. Respondents may rebut this claim with evidence showing they are in fact the 'true' beneficiary or trustee of the deed of trust. Such proof may consist of documents in the chain of title tracing Respondents' beneficial interest from the original beneficiary, such as assignments, substitutions or a power of attorney. … If these documents are not available, then affidavits or deposition testimony from persons involved in the transfers may suffice as evidence of the chain of title." *Steinberger v. McVey ex rel. County of Maricopa,* 234 Ariz. 125, 136, 318 P.3d 419, 430 (App. 2014).

DBNTC as Trustee of the Trust has already produced evidence showing that they are in fact the "true beneficiary" of the deed of trust in order to defend itself against Plaintiff's meritless claims (see **Exhibit A**). This is the same evidence required to be produced in order to prove that DBNTC as Trustee of the Trust has standing to foreclose. DBNTC as Trustee of the Trust should not have to prove it is the "true beneficiary" twice. Here, the declaration of DBNTC's Vice President, attached, affirmatively disproves Plaintiff's allegations that the Note was "destroyed" or "lost." *Id.* ("Steinberger simply alleges the note is not in Respondents' possession and that it was 'destroyed' when it was scanned 'at the time of loan initiation'").

Further, given the litigious nature of Plaintiff, it is probable that no matter what the outcome of this litigation is, Plaintiff will seek injunctive relief *again* if DBNTC as Trustee of the Trust initiates non-judicial foreclosure proceedings a second time. Therefore, in the interest of judicial economy, this Court should retain supplemental jurisdiction over DBNTC as Trustee of the Trust's judicial foreclosure.

**IV.   THIS MATTER IS NOT "ENTRENCHED" IN SUPERIOR COURT.**

Plaintiff argues that this matter is "entrenched" in Superior Court. This is incorrect. Aside from the Court of Appeals remand, nothing else in the lengthy procedural history has any bearing on this case moving forward. For all intents and

1  purposes, the parties are at "square one" – with Plaintiff having filed her Second
2  Amended Complaint on February 9, 2015.

### V.  POLICY REASONS DO NOT JUSTIFY REMAND.

Plaintiff overplays the importance of her case as she makes numerous "policy" arguments for remanding this case back to state court.  The end result of this case will either be that DBNTC as Trustee of the Trust is allowed to foreclose and/or Plaintiff will be awarded monetary damages to compensate her for the alleged "loss"[17] associated with the prior handling of the non-judicial foreclosure proceedings and related events.  This outcome does not have "state-wide importance."  In fact, it has no bearing on anyone in Arizona other than the parties themselves.

Plaintiff also argues that the *Steinberger* decision was "groundbreaking" and "federal courts cannot create state law."  First, the decision was not "groundbreaking" – it simply applied the Restatement's Good Samaritan Doctrine to the loan servicing context.  The Good Samaritan Doctrine has been in existence for a long time.  Second, Plaintiff's desire to "create state law" should have no bearing on this Court's decision to remand.

Finally, this case does not present "difficult issues of state law" and the abstention doctrine does not apply.  As set forth above, this is a foreclosure case.  It has no bearing on anyone other than the parties. The cases Plaintiff cites to involve issues of great public importance – such as water rights (*Colorado River Water Conservation District v. United States*).  Indeed, in one of the cases Plaintiff cites to, *Tucker v. First Maryland Sav. & Loan, Inc.,* the 9th Circuit, quoting the U.S. Supreme Court, reminded the parties that "absention from the exercise of federal jurisdiction is the **exception**, not the rule."  942 F.2d 1401, 1407 (9th Cir. 1991) (concluding that abstention under the principles set forth in *Burford* was not appropriate in this case).

This Court should not be persuaded by Plaintiff's exaggerated claims that this

---

[17] Because Plaintiff owes DBNTC a large sum of money, and has still failed to pay, it is hard to say what "loss" Plaintiff has suffered.

9

case has "state-wide" importance and therefore these arguments and supporting case law should have no bearing on this Court's decision.

## VI.   OCWEN IS NOT ATTEMPTING TO GAIN A TACTICAL ADVANTAGE.

Ocwen is not seeking a "tactical advantage" by removing. Ocwen is a diverse citizen and properly exercised its right to remove. Indeed, just as Plaintiff has the right to choose to sue in state court, "non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist." *Osgood v. Discount Auto Parts, LLC,* 995 F.Supp.2d 1352 (S.D. Fla. 2013). Ocwen will not, as Plaintiff suggests, argue that Arizona precedent no longer applies with respect to substantive issues of state law.

## VII.   PLAINTIFF WAIVED THE ARGUMENT THAT THE "ONE YEAR RULE" APPLIES, AND IN ANY EVENT IT DOES NOT APPLY.

In her Motion, Plaintiff does not argue that the § 1446(b) "one-year limitation" applies to this case, so this argument is waived. See FRCP 7(b). However, to the extent this Court entertains untimely arguments, the "one-year" limitation does not apply since this case was removable when initially filed. *Johnson v. Heublein, Inc.,* 227 F.3d 236 (5th Cir. 2000) ("[a]ccordingly the parties, the district court, and this court agree that, because the present case was removable upon its initial pleading, the Co-defendants' ultimate removal of this case is not governed by the second paragraph of § 1446(b) or its one-year limitation"); *Brierly v. Alusuisse Flexible Packaging,* 184 F.3d 527, 534-535 (6th Cir. 1999) ("[i]f Congress had intended to place a one-year limitation on removal of all diversity cases, it surely would have chosen less obscure and counter-intuitive wording to accomplish that purpose … [therefore] [w]e hold that the one-year limitation on removal of diversity cases applies only to those that were not initially removal"); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1316-1318 (9th Cir. 1998) ("[w]e see no reason to deviate from that mode of reading here. The first paragraph of § 1446(b)

addresses a defendant's right to promptly remove when he is served. The second paragraph addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action. Only the latter type of removal is barred by the one-year exception"); *Zogbi v. Federated Dept. Store,* 767 F.Supp. 1037, 1041 (C.D. Cal. 1991) ("The Court rejects the plaintiff's argument that section 1446(b) bars removal of an action commenced more than one year prior to the notice of removal where the defendant removed within thirty days of service of the initial pleading in the case").

Further, the "revival exception" provides that a lapsed right to remove an initially removable case is restored when the complaint is amended so substantially as to alter the character of the action. *Johnson v. Heublein, Inc.,* 227 F.3d 236 (5th Cir. 2000). Here, Plaintiff substantially amended her complaint by adding Ocwen and other arguments and allegations.

In short – the "one-year" rule argument is waived and/or is inapplicable in this case pursuant to the authority set forth above.

**VIII.   CONCLUSION**

For the reasons set forth above, this Court should deny Plaintiff's Motion to Remand.

/ / /

Dated: April 16, 2015

**HOUSER & ALLISON, APC**

s/ Solomon S/ Krotzer
Robert W. Norman, Esq.
Solomon S. Krotzer, Esq.
HOUSER & ALLISON
A Professional Corporation
2929 N. Central Ave., Suite 1560
Phoenix, Arizona 85012
Attorneys for Defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., OneWest Bank, N.A. and Deutsche Bank National Trust Company As Trustee For IndyMac INDX Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on April 16, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System of filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Barbara J. Forde
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ 85255
barbarajforde@gmail.com
Attorney for Plaintiff

John Maston O'Neal
Krystal Aspey Fleischmann
Quarles & Brady LLP
One Renaissance Square
2 N. Central Avenue
Phoenix, AZ 85004-2391
john.oneal@quarles.com
krystal.aspey@quarles.com
Attorneys for Keeley Kristine Smith

s/ Paige R. Kleinwolterink
Paige Kleinwolterink