Robert W. Norman (SBN 025328)
bnorman@houser-law.com
Solomon S. Krotzer (SBN 027985)
skrotzer@houser-law.com
HOUSER & ALLISON, APC
2929 N. Central Ave., Suite 1560
Phoenix, Arizona 85012
Phone: (480) 428-8370

Attorneys for Defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., OneWest Bank, N.A. and Defendant/Counterclaimant/Third-Party Plaintiff Deutsche Bank National Trust Company, As Trustee For IndyMac INDX Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14

# IN THE UNTED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually,<br><br>Plaintiff,<br><br>vs.<br><br>INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, F.S.B., a Federally Chartered Savings Bank; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; OCWEN LOAN SERVICING, LLC, a Limited Liability Company; KEELEY KRISTINE SMITH, an Attorney licensed with the Arizona State Bar; JOHN AND JANE DOES 1-1000, XYZ CORPORATIONS 1-15; ABC LIMITIED LIABILITY COMPANIES 1-15; and 123 BANKING ASSOCIATIONS 1-15,<br><br>Defendants. | Case No. 2:15-cv-00450-ROS<br><br>Hon. Roslyn O. Silver<br><br>**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14'S RESPONSE TO COUNTERDEFENDANT'S MOTION TO DISMISS** |

| | |
|---|---|
| 1<br>2<br>3<br>4 | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14, |
| 5 | Counterclaimant, |
| 6 | vs. |
| 7<br>8 | KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually, |
| 9<br>10 | Counterdefendants. |
| 11<br>12<br>13<br>14 | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14, |
| 15<br>16 | Third-Party Plaintiff, |
| 17 | vs. |
| 18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26 | SAGUARO DESERT TRUST; KATRINA PERKINS STEINBERGER, as Executive Trustee of Saguaro Desert Trust; M&I MARSHALL & ILLSLEY BANK, a Wisconsin Banking Corporation; QUALITY LOAN SERVICE CORPORATION, a California Corporation; RANCHO ALTA VIDA HOMEOWNERS' ASSOCIATION, an Arizona Non-Profit Corporation; DOE INDIVIDUALS OR ENTITIES 1-10; UNKNOWN HEIRS AND DEVISEES OF CHARLES A. PERKINS, DECEASED. |
| 27<br>28 | Third-Party Defendants. |

Counterclaimant/Third-Party Plaintiff Deutsche Bank National Trust Company, as Trustee for IndyMac INDX Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14 ("DBNTC") hereby responds to Counterdefendant's Motion to Dismiss ("Motion") (Doc. 30).  The six-year statute of limitations has not expired, so the Motion must be denied.  In any event, Counterdefendant's arguments are based on disputed facts (i.e. the timing of the acceleration of future payments under the subject loan) and rely on unauthenticated documents outside the scope of the pleadings and are therefore improper at this stage.

## I. INTRODUCTION AND LEGAL STANDARD

Plaintiff/Counterdefendant (hereinafter "Plaintiff") filed this lawsuit in 2010 on the eve of foreclosure after being delinquent for more than two years.  Since that time, she has not made any mortgage payments, but continues to reside at the subject property.  Now, in an effort to capitalize on her own dilatory tactics, Plaintiff argues that DBNTC can never foreclose because the statute of limitations has run.  Conveniently for Plaintiff, granting her Motion would result in Plaintiff getting the property for free and would evaporate DBNTC's $890,000.00+ note and security interest.  Fortunately, the law does not permit this unjust result, as set forth more fully below.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  In determining whether the allegations of a complaint state a claim upon which relief may be granted, the Court must take the allegations of material fact as true and construe them in the light most favorable to the plaintiff.  *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (*per curiam*).  Here, the Counterclaim/Third-Party Complaint meets this standard, so the Motion should be denied.

## II. THE DATE OF ACCELERATION WAS MARCH 23, 2015.

In a judicial foreclosure, the six-year period commences on the due date of each matured but unpaid installment and, as to un-matured future installments, the period commences on the date the creditor exercises the optional acceleration clause.  *Navy*

1 *Fed. Credit Union v. Jones,* 187 Ariz. 493, 495, 930 P.2d 1007, 1009 (App. 1996).  "[A] lender exercises its option to accelerate by filing a lawsuit for the entire debt." *Frei v. Hamilton,* 123 Ariz. 544, 547, 601 P.2d 307, 310 (App. 1979).  Here, the first time DBNTC filed a lawsuit for the entire debt was on March 23, 2015 so the statute of limitations is March 23, 2021.  This was properly alleged in DBNTC's Third-Party Complaint at ¶ 46.

Plaintiff argues that an unauthenticated letter, outside the scope of the pleadings, dated February 20, 2009 is proof that *future installments* were accelerated and became due on February 19, 2009.  First, referencing the document automatically converts the Motion into a motion for summary judgment, and "it is reversible error for a court to grant a motion to dismiss that has been converted to one for summary judgment, without providing all parties a reasonable opportunity to present material relevant to a Rule 56 motion.  See FRCP 12(d); *Erlich v. Glasner,* 374 F.2d 681, 683 (9th Cir. 1967); *Costen v. Pauline's Sportswear Inc.,* 391 F.2d 81, 84-85 (9th Cir. 1968).

Here, no opportunity has been given to present material relevant to a Rule 56 motion and for this reason the Motion cannot be granted.  In any event, even under the Rule 56 motion for summary judgment standard, the Motion must be denied because there are disputed facts and all factual inferences would have to be made in DBNTC's favor.  FRCP 56(a) (requiring movant to show that there is "…no genuine dispute as to any material fact…").

Further, Plaintiff's argument is contradicted by the very document Plaintiff relies upon.  Nothing in the document even mentions future installments.  Rather, the document permits Plaintiff to stop the foreclosure by reinstating the loan by paying *prior* installments plus late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustees fees, and any attorney fees and courts costs.  Nothing in the document purports to "accelerate" future installments.  Therefore, the letter cannot be viewed as the date of acceleration.

### III. ACCELERATION WAS REVOKED.

Even incorrectly assuming the February 19, 2009 letter accelerated the full amount of the debt, the lender revoked the acceleration by continuing to work with Plaintiff and accepting numerous loan modification applications over the course of several years after February 19, 2009.  See e.g. *Fed. Nat'l Mortgage Ass'n v. Mebane,* 208 A.D.2d 892, 618 N.Y.S.2d 88 (N.Y.App.Div.1994) (notice of revocation, executed and recorded by lender, sufficient to revoke acceleration).

### IV. PLAINTIFF AFFIRMED THE DEBT ON NUMEROUS OCCASSIONS AFTER FEBRUARY 19, 2009, THEREBY RESTARTING THE LIMITATIONS PERIOD.

Even assuming the statute of limitations accrued on February 19, 2009, it is well-established in Arizona that a borrower's acknowledgment of the justness of the debt coupled with an expressed willingness to pay the debt restarts the statute of limitations period.  *Munger v. Boardman,* 53 Ariz. 271, 279, 88 P.2d 536, 539 (1939); *PNL Asset Management Co., LLC v. Brendgen & Taylor Partnership,* 193 Ariz. 126, 130, 970 P.2d 958, 962 (App. 1998); *Steinfeld v. Marteny,* 40 Ariz. 116, 123, 10 P.2d 367, 370 (1932).

Here, Plaintiff acknowledged the debt and expressed a willingness to pay it on numerous occasions after February 19, 2009.  In just one example, on August 18, 2011 Plaintiff sent a "Hardship Letter" and HAMP application to the prior servicer.[1]  This application references the loan number and specifically requests lowered payments on the loan.[2]  Thus, the debt was identified.  Further, the debt was acknowledged on page 12 – where Plaintiff, in her own handwriting, writes: "Balance Owed – approx. 600,000."  Indeed, the entire application is an acknowledgment of the debt since there would be no reason to apply for a loan modification unless you owed on the loan.

---

[1] See Exhibit A.

[2] The loan number has been redacted due to privacy concerns, but an un-redacted copy can be submitted upon request.

1      This letter, in addition to other evidence, proves that Plaintiff acknowledged the debt and expressed a willingness to pay it. Even assuming Plaintiff denies these facts, the Motion would have to be denied because all inferences must be made in DBNTC's favor at this stage. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (*per curiam*).

### V.    TOLLING

Even incorrectly assuming the statute of limitations accrued on February 19, 2009, the statute of limitations was tolled. The Counterclaim/Third-Party Complaint was filed on March 23, 2015. Therefore, even assuming accrual occurred on February 19, 2009, there would only need to be one month and four days of tolling. Here, there are a number of tolling arguments and allegations, any of which would preclude dismissal of DBNTC's lawsuit at this stage.

First, "the pendency of other legal proceedings ordinarily tolls the running of the statute of limitations on a cause of action where such proceedings prevent enforcement of the remedy by action." 54 C.J.S. Limitations of Actions § 176 (citing cases from various jurisdictions); *City of Phoenix v. Sittenfeld,* 53 Ariz. 240, 88 P.2d 83 (1939). Here, DBNTC was about to exercise its rights and foreclose on the property but Plaintiff obtained a TRO stopping the foreclosure. These proceedings and related court orders tolled the statute of limitations for more than one month and four days.

Second, "[t]he doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has expired if he or she has been prevented from doing so due to inequitable circumstances." 54 C.J.S. § 134. In Arizona, "equitable tolling is appropriate when it would effectuate: 1) the policies underlying the statute, and 2.) the purposes underlying the statute of limitations." *Hosogai v. Kadota,* 145 Ariz. 227, 231, 700 P.2d 1327, 1331 (1985) (overruled on other grounds). Here, Plaintiff's conduct is the only thing that has prevented foreclosure, so the doctrine of equitable tolling applies.

First, Plaintiff acknowledged the debt and asked for help. In reliance on Plaintiff's hardship letters and other loan modification applications, DBNTC opted not to pursue non-judicial foreclosure proceedings in order to give Plaintiff another chance

to catch up on her mortgage payments. It would be inequitable to now give Plaintiff the house for free as punishment for trying to help Plaintiff during her period of financial uncertainty.

Second, the inequitable circumstances surrounding this entire lawsuit should not now permit Plaintiff to get the house for free. Again, this is not a situation where DBNTC slept on its rights for six years and then decided to initiate foreclosure proceedings. Rather, DBNTC was prevented from exercising its rights by Plaintiff. For these reasons, equitable tolling applies even assuming the Court rejects all of the other arguments set forth in this response.

### VI. LEAVE TO AMEND SHALL BE FREELY GRANTED

Plaintiff's Motion should be denied for the reasons set forth above. However, to the extent the Court is inclined to grant the Motion, FRCP 15(a) requires that leave to amend "shall be freely given when justice so requires." See also *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1034 (9th Cir. 2008) (holding that trial court erred and abused its discretion by failing to allow defendants leave to amend because "[d]ismissal, without leave to amend, is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment").

Here, DBNTC can amend its Counterclaim and Third-Party Complaint to include the specific dates which would eliminate the applicability of Plaintiff's statute of limitations defenses. Further, DBNTC can amend to allege the various tolling arguments set forth above. Therefore, to the extent the Court grants Plaintiff's Motion, DBNTC specifically requests leave to amend.

### VII. CONCLUSION

For the reasons set forth herein, and any other reasons this Court deems proper, DBNTC respectfully requests this Court to deny Plaintiff's Motion to Dismiss. In the alternative, DBNTC requests leave to amend.

Dated: April 21, 2015

**HOUSER & ALLISON, APC**

<u>s/ Solomon S. Krotzer</u>
Robert W. Norman, Esq.
Solomon S. Krotzer, Esq.
HOUSER & ALLISON
A Professional Corporation
2929 N. Central Ave., Suite 1560
Phoenix, Arizona 85012
Attorneys for Defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., OneWest Bank, N.A. and Deutsche Bank National Trust Company, As Trustee For IndyMac INDX Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System of filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Barbara J. Forde
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ 85255
barbarajforde@gmail.com
Attorney for Plaintiff

John Maston O'Neal
Krystal Aspey Fleischmann
Quarles & Brady LLP
One Renaissance Square
2 N. Central Avenue
Phoenix, AZ 85004-2391
john.oneal@quarles.com
krystal.aspey@quarles.com
Attorneys for Keeley Kristine Smith

<u>s/ Paige R. Kleinwolterink</u>
Paige Kleinwolterink