IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katrina Perkins Steinberger,<br><br>  Plaintiff,<br><br>v.<br><br>IndyMac Mortgage Services, et al.,<br><br>  Defendants. | No. CV-15-00450-PHX-ROS<br><br>**RULE 16 SCHEDULING ORDER** |

Pursuant to the terms of the Case Management Plan and the representations made by the parties at the Rule 16 Scheduling Conference, all parties shall comply with the deadlines established in this Order.

A. All proceedings concerning this case shall be in accordance with the Federal Rules of Civil Procedure.

B. All Initial Disclosures as defined in FRCP 26(a)(1), if not already disclosed prior to the Scheduling Conference, shall be made **no later than five (5) days** after the date of the entry of this Order, or in the alternative, no later than **June 15, 2015**.

C. To satisfy the requirements of FRCP 26(a)(1), the parties shall file with the Clerk of the Court a Notice of Initial Disclosure, rather than copies of the actual disclosures.

D. Procedural motions including Motions to Amend the Complaint or Answer and Motions to Join Additional Parties shall be filed no later than **August 31, 2015**. All Motions to Amend shall attach a copy of the proposed complaint or answer.

E. All parties shall disclose the identity of all persons who may be used at trial to present evidence under Federal Rules of Evidence (FRE) 701, 702, 703, 704, and 705 no later than **November 30, 2015**. The identity of any rebuttal witnesses must be disclosed no later than **December 31, 2015**. No deposition of any expert witness shall occur before the disclosures concerning expert witnesses mandated by this Order have been made.

The disclosures of the identities of all persons who may be used at trial to present evidence under FRE 701,702, 703, 704, or 705 shall also include all of the disclosures required by FRCP 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony.[1]

F. All discovery, including answers to interrogatories, production of documents, depositions and requests to admit shall be completed by **April 8, 2016**.

G. The parties shall finally supplement _all_ discovery, including material changes in expert witness opinions and material disclosures, pursuant to FRCP 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before **May 6, 2016**.[2]

H. Discovery by interrogatory shall be governed by the national uniform requirements set forth in FRCP 33. Each party is allowed 25 written interrogatories, not including any interrogatories propounded in state court.

I. Depositions shall be limited by the national uniform requirements set forth in Rules 30, 31, and 32 of the FRCP.

---

[1] The parties are on notice that this Order requires disclosure different than that required by FRCP 26(a)(2).

[2] The parties are on notice that this order supersedes the "30 days before trial" disclosure deadline contained in FRCP 26(a)(3). Therefore, failure to timely supplement pursuant to Rule 26(e), including attempts to include witnesses and exhibits in the Proposed Final Pretrial Order or at trial that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions including dismissal and the imposition of default pursuant to FRCP 37, the Local Rules of Civil Procedure of the District Court, and the inherent power of the Court.

J.   Motions on discovery matters are prohibited.  Should a discovery dispute arise, counsel shall consult and make a sincere effort to resolve the matter(s).  If the parties cannot reach a resolution, they are directed to jointly file and fax, (602)322-7529, a joint statement of the issue(s), limited to one page per issue.  Upon review of the statement an order will issue regarding further action required by the parties.  This procedure differs from the procedure set forth in Local Rule 7.2(j).

The parties shall also consult the Court's instructions concerning discovery disputes to ensure full compliance with the Court's discovery dispute procedures, some of which are not included here.  Discovery Dispute Instructions are available on the District of Arizona website at www.azd.uscourts.gov / Judges' Information / Orders, Forms & Procedures for the Hon. Roslyn O. Silver.

K.   This Order contemplates that each party will conduct discovery to permit completion within the deadline.  Any discovery which results in insufficient time to undertake necessary additional discovery and which requires an extension of the discovery deadline will be met with disfavor, will only be granted for good cause or only to prevent manifest injustice pursuant to FRCP 16(b) and (e), and may result in denial of an extension, exclusion of evidence, or the imposition of other serious sanctions pursuant to FRCP 37(b),(c),(d).

L.   All dispositive motions shall be filed no later than **May 27, 2016**. Unless permitted by Order of the Court, only **one** dispositive motion is allowed to be filed by each party.  This limit does not include the previously filed motions to dismiss.

M.   All parties are specifically admonished that pursuant to LRCiv 7.2(i), "[i]f a motion does not conform in all substantial respects with the requirements of this Rule, or if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

N.   The parties shall keep the Court apprised of settlement negotiations and the

progress of discovery. A joint statement to the Court concerning the status of settlement discussions (containing no specific settlement terms or offers) and the progress of discovery shall be filed by **October 30, 2015** and initially labeled "First Notice of Discovery and Settlement," and shall be subsequently filed every FOUR (4) months thereafter. If settlement is reached the parties shall file a Notice of Settlement with the Clerk of the Court with a copy to Judge Silver's Chambers.

O. A Joint Proposed Pretrial Order, all Motions in Limine, a Joint Statement of the Case, Joint Jury Instructions, Verdict Form, and Stipulated *Voir Dire* Questions to be added to the Court's standard Jury Questionnaire shall be lodged and filed by **June 27, 2016**. If dispositive motions have been filed, the Joint Proposed Pretrial Order and Motions in Limine and other documents shall be due either on the above date or 30 days following resolution of the dispositive motions, whichever is later. The content of the Joint Proposed Pretrial Order is that prescribed in the Court's form of Joint Proposed Pretrial Order. [See Court's website: www.azd.uscourts.gov / Judges' Information / Orders, Forms & Procedures]. Responses to Motions in Limine are due 15 days after the Motions are filed, and no Replies are permitted unless specifically ordered by the Court.

P. If the case will be tried to the Court, rather than to a jury, in addition to filing a Joint Proposed Pretrial Order, each party shall file Proposed Findings of Fact and Conclusions of Law on the same date the Joint Proposed Pretrial Order is due.

Q. The attorneys who will be trying the case for each of the parties shall appear at the Final Pretrial Conference that will be scheduled as promptly as possible after the filing of the Joint Proposed Pretrial Order. The attorneys appearing at the conference shall be prepared to address the merits of all issues raised in the Joint Proposed Pretrial Order and fully briefed Motions in Limine. Unless one has already been established, the Court will set a firm trial date at the Pretrial Conference, and will sign the Final Pretrial Order with any additional instructions for trial preparation.

R. Any other final pretrial matters required pursuant to FRCP 26(a)(3) are due in accordance with this Order prior to the preparation and filing of the Joint Proposed

Pretrial Order.

S. The parties shall file their proposed voir dire questionnaire and questions, statement of the case, jury instructions, and form of verdict in Microsoft Office Word 2007 or WordPerfect 9.0 format in addition to other written materials filed with the Clerk of the Court.

T. An Interim Rule 16 Status Conference is scheduled for **August 7, 2015 at 10:00 a.m**. Prior to the Interim Conference, counsel are to prepare and file a Joint Status Report by **July 31, 2015**. **The parties and their counsel shall appear at this hearing.**

This Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under FRCP 1.

Dated this 12th day of May, 2015.

Honorable Roslyn O. Silver
Senior United States District Judge