IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katrina Perkins Steinberger,<br><br>                Plaintiff,<br><br>v.<br><br>IndyMac Mortgage Services, et al.,<br><br>                Defendants. | No. CV-15-00450-PHX-ROS<br><br>**ORDER** |

Plaintiff Katrina Perkins Steinberger seeks dismissal of the counterclaim for judicial foreclosure brought by Defendant Deutsche Bank National Trust Company ("Deutsche Bank"). According to Steinberger, the counterclaim is barred by the statute of limitations. Because the timeliness of the counterclaim cannot be resolved solely on the pleadings, the motion will be denied.

**BACKGROUND**

In 2005, Steinberger's father executed an Adjustable Rate Note in the amount of $532,000 to purchase a piece of property in Phoenix, Arizona. As security for that note, Steinberger's father executed a Deed of Trust to IndyMac Bank granting a security interest in the property. Under the terms of the note, failure to "pay the full amount of each monthly payment on the date it is due" would result in the note being in "default." And under the terms of the Deed of Trust, if the note was in "default" the "Lender" could "require immediate payment in full of all sums secured by [the Deed of Trust]" and could

also "invoke the power of sale." (Doc. 14 at 46).

In December 2007, Steinberger's father died and she inherited the property. (Doc. 12-1 at 5). Around that time Steinberger stopped making the monthly payments on the note. Deutsche Bank does not specify an exact date but, at some point after Steinberger stopped making payments, Deutsche Bank "declared the entire principal balance of the Note and Deed of Trust, together with interest thereon . . . to be immediately due and payable." (Doc. 14 at 46). Deutsche Bank then pursued a non-judicial foreclosure. Steinberger filed suit in state court against Deutsche Bank to prevent that foreclosure. Steinberger obtained injunctive relief prohibiting the foreclosure and she remained in possession of the property. Eventually, the case was removed to federal court and, on March 23, 2015, Deutsche Bank asserted a counterclaim for "judicial foreclosure."

With the exception of Steinberger inheriting the property after her father's death, the preceding are the only facts alleged by Deutsche Bank to support its counterclaim for judicial foreclosure. But to understand Steinberger's current request to dismiss the counterclaim, it is necessary to recite a few additional points regarding attempts to collect on the note. According to Steinberger, she defaulted on the note no later than February 17, 2009. Around that date, Steinberger received a "Statement of Breach or Non-Performance." (Doc. 12-6 at 75). That document informed Steinberger she had not made timely payments and, to satisfy the unpaid amounts, "[t]he Beneficiary elects to sell or cause to be sold such property under the Trust Deed." (Doc. 12-6 at 75).

Using February 17, 2009 as the accrual date for the right to foreclose on her property, Steinberger argues Deutsche Bank's counterclaim filed on March 23, 2015 is untimely.[1] According to Steinberger, Deutsche Bank missed the six-year statute of limitations by approximately one month. And with the statute of limitations having run, Steinberger believes "no one can enforce the Note," the "debt cannot be collected," and

---

[1] Steinberger refers to February 17, 2009 as the accrual date because the Notice of Trustee's Sale was signed and recorded on that date. Steinberger received notice of the sale on or about February 20, 2009. Whether the accrual date is viewed as February 17 or February 20 does not impact the statute of limitations inquiry.

- 2 -

"a foreclosure cannot occur." In other words, "no individual or entity can foreclose either judicially or non-judicially." (Doc. 30 at 8). Deutsche Bank disagrees and claims it would be inappropriate to resolve the timeliness of its counterclaim at the pleadings stage.

## ANALYSIS

Dismissal of a counterclaim based on the statute of limitations is appropriate "only when the running of the statute [of limitations] is apparent on the face of the [counterclaim]." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quotation omitted). When making this determination, the Court must apply the normal standard for motions to dismiss. That is, the Court must accept all of Deutsche Bank's factual allegations as true and draw all reasonable inferences in its favor. *See W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1154 (9th Cir. 2000) (assessing statute of limitations issue under motion to dismiss standard).

The parties agree the statute of limitations issue should be analyzed under Arizona law. The relevant limitations period is set out in A.R.S. § 33-816:

> The trustee's sale of trust property under a trust deed shall be made, or any action to foreclose a trust deed as provided by law for the foreclosure of mortgages on real property shall be commenced, within the period prescribed by law for the commencement of an action on the contract secured by the trust deed.

The "contract secured by the trust deed," i.e. the note, was a written agreement executed in Arizona. Thus, Arizona law requires any action on the note "be commenced and prosecuted within six years after the cause of action accrues." A.R.S. § 12-548. *See also De Anza Land & Leisure Corp. v. Raineri*, 669 P.2d 1339, 1343 (Ariz. Ct. App. 1983) (stating "A.R.S. § 12-548 applies to foreclosure actions as well as to actions on the underlying debt").

Arizona has explicitly addressed when a claim accrues if it is based on a note contemplating periodic payments. In that scenario, "the six-year period commences on the due date of each matured but unpaid installment and, as to unmatured future installments, the period commences on the date the creditor exercises the optional

acceleration clause." *Navy Fed. Credit Union v. Jones*, 930 P.2d 1007, 1008 (Ariz. Ct. App. 1996).

Deutsche Bank's counterclaim is not supported by clear factual allegations stating when it exercised its option to accelerate all payments under the note. However, based on documents referenced in and attached to Steinberger's complaint, Steinberger may be correct that the note was accelerated in February 2009. According to the "Statement of Breach or Non-Performance" Steinberger received in February 2009, the property was about to be sold at a trustee's sale to satisfy the unpaid amounts. (Doc. 12-6 at 75). Presumably this indicated the entire note had been accelerated because trustee's sales generally occur only *after* acceleration of the entire balance. *See, e.g.*, *Ortiz v. Trinity Fin. Servs. LLC*, No. CV-15-00001-TUC-CKJ, 2015 WL 1668598, at *3 (D. Ariz. Mar. 26, 2015) ("Defendant argues that it exercised the optional acceleration clause in the DOT to obtain all unmatured future installments on the note from that date."). Deutsche Bank does not offer any explanation why the trustee's sale would have been scheduled if the note had *not* been accelerated. In fact, it seems to make little sense Deutsche Bank would conduct a trustee's sale without first exercising the acceleration clause; without exercising the acceleration clause, the proceeds of the trustee's sale could only be used to satisfy the missed monthly payments. Thus, absent any further actions, if the note *was* accelerated in February 2009, Deutsche Bank's counterclaim likely is untimely.

Based solely on the allegations in the pleadings, however, it is not clear whether the notice in February 2009 did, in fact, accelerate all amounts due. The details are presently unknown but it appears that as of February 2009 Steinberger was still negotiating a possible modification that would allow her to keep the property. It does not appear those negotiations contemplated Steinberger would pay off the entire loan balance. Accordingly, it is unclear whether the entire balance was actually immediately due as of February 2009.

Moreover, it is possible that even if the entire balance was accelerated in February 2009, subsequent events might have constituted a "deceleration." The parties have not

- 4 -

cited, and the Court has not located, any Arizona authority on whether a "deceleration" is possible and if so, how it is accomplished, other than through payment of past due amounts by the trustor.[2] *See* A.R.S. § 33-813. If Arizona law permits a "deceleration" other than that contemplated by A.R.S. § 33-813, the fact that the balance was accelerated in February 2009 does not automatically mean the current counterclaim is untimely. If subsequent events rescinded the acceleration, the counterclaim is timely.

Finally, even if the Court were to agree the entire balance had been accelerated in February 2009 and was never "decelerated," the counterclaim might still be timely. According to Steinberger's own complaint, she made various attempts to modify the mortgage after February 2009. For example, in "June and July of 2009" Steinberger had "extensive contact and conversations" with her lender regarding a loan modification. (Doc. 1-2 at 15). In February and September 2010, Steinberger submitted loan "modification package[s]." (Doc. 1-2 at 18-20). And she submitted additional loan modification requests in February 2011 and August 2011. (Doc. 1-2 at 19). If any of these submissions constituted an acknowledgment of the debt, Deutsche Bank's counterclaim would be timely. That is, if any of Steinberger's modification requests identified the amount owing, promised to pay that amount, and expressed her belief in "the justness of the debt," the request may have constituted an acknowledgment such that the statute of limitations would run from the date of the acknowledgment. *Freeman v. Wilson*, 485 P.2d 1161, 1165-66 (Ariz. 1971) (identifying requirements for an acknowledgement of a debt). The documents regarding these modification requests are not before the Court. But the Court cannot dismiss a counterclaim as untimely when, according to Steinberger's own allegations, there is a substantial possibility she acknowledged the debt less than six years prior to the filing of the counterclaim.

---

[2] The cases from other jurisdictions provide limited guidance. Texas appears to allow unilateral "rescission of acceleration." *Callan v. Deutsche Bank Truste Co. Americas*, No. 4:13-CV-247, 2015 WL 1296330, at *8 (S.D. Tex. Mar. 21, 2015). As does Nevada. *Cadle Co. II v. Fountain*, 281 P.3d 1158 (Nev. 2009). Florida, however, may not. *Deutsche Bank Trust Co. Americas v. Beauvais*, No. 3D14-575, 2014 WL 7156961, at *10 (Fla. Dist. Ct. App. Dec. 17, 2014).

In sum, the timeliness of the counterclaim depends on when the note was accelerated, whether the note was "decelerated," and whether Steinberger acknowledged the debt at a later time within the statute of limitations. In light of these uncertainties, it is not "apparent on the face of the [counterclaim]" that the statute of limitations has run. *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quotation omitted). Therefore, the motion to dismiss must be denied.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 30) is **DENIED**.

Dated this 20th day of May, 2015.

Honorable Roslyn O. Silver
Senior United States District Judge