Robert W. Norman (SBN 025328)
bnorman@houser-law.com
Solomon S. Krotzer (SBN 027985)
skrotzer@houser-law.com
HOUSER & ALLISON, APC
2929 N. Central Ave., Suite 1560
Phoenix, Arizona 85012
Phone: (480) 428-8370

Attorneys for Defendants, Ocwen Loan Servicing, LLC, Mortgage Electronic
Registration Systems, Inc., OneWest Bank, N.A. and Defendant/Counterclaimant/Third-
Party Plaintiff Deutsche Bank National Trust Company As Trustee For IndyMac INDX
Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-
AR14

## IN THE UNTED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually,<br><br>Plaintiff,<br><br>vs.<br><br>INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, F.S.B., a Federally Chartered Savings Bank; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; OCWEN LOAN SERVICING, LLC, a Limited Liability Company; KEELEY KRISTINE SMITH, an Attorney licensed with the Arizona State Bar; JOHN AND JANE DOES 1-1000, XYZ CORPORATIONS 1-15; ABC LIMITIED LIABILITY COMPANIES 1-15; and 123 BANKING ASSOCIATIONS 1-15,<br><br>Defendants. | Case No. 2:15-cv-00450-ROS (MHB)<br><br>Hon. Roslyn O. Silver<br><br>**MOTION TO CLARIFY MEDIATION ORDER** |

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14,

                    Counterclaimant,

vs.

KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually,

                    Counterdefendants.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14,

                    Third-Party Plaintiff,

vs.

SAGUARO DESERT TRUST; KATRINA PERKINS STEINBERGER, as Executive Trustee of Saguaro Desert Trust; M&I MARSHALL & ILLSLEY BANK, a Wisconsin Banking Corporation; QUALITY LOAN SERVICE CORPORATION, a California Corporation; RANCHO ALTA VIDA HOMEOWNERS' ASSOCIATION, an Arizona Non-Profit Corporation; DOE INDIVIDUALS OR ENTITIES 1-10; UNKNOWN HEIRS AND DEVISEES OF CHARLES A. PERKINS, DECEASED.

                    Third-Party Defendants.

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Mortgage Electronic Registration Systems, Inc. ("MERS"), OneWest Bank, N.A. ("OneWest") and Defendant/Counterclaimant/Third-Party Plaintiff Deutsche Bank National Trust Company As Trustee For IndyMac INDX Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14 ("Deutsche Bank as Trustee") respectfully move for an order clarifying the mediation order.  Specifically, that it is unnecessary for a representative from Defendant MERS or Defendant Deutsche Bank as Trustee to personally attend the mediation since a representative of Ocwen will have full authority to discuss and settle the case on behalf of these defendants at the mediation.[1]

## I.     PERTINENT FACTS

This lawsuit stems from the default on a promissory note and deed of trust signed by Charles Perkins (deceased) ("Loan").  The Loan originated in May 2005.  Mr. Perkins passed away on December 20, 2007.  Ms. Steinberger is Mr. Perkins' daughter and also the personal representative of Mr. Perkins' estate.  Defendant Ocwen is the loan servicer of the Loan, Defendant OneWest was the prior servicer of the Loan and Defendant Deutsche Bank National Trust Company As Trustee For IndyMac INDX Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14 ("Deutsche Bank as Trustee") has been the holder of the Loan since 2005.

In 2009 Ms. Steinberger defaulted on the Loan by failing to make the monthly payments and foreclosure proceedings were initiated.  In order to avoid foreclosure, Ms. Steinberger attempted to negotiate a loan modification with OneWest but these attempts were unsuccessful.  This lawsuit was filed on the eve of the previously scheduled foreclosure sale.  Defendant Ocwen became the servicer of this Loan in 2013.

## II.     ALL PARTIES WILL APPEAR THROUGH THEIR AUTHORIZED REPRESENTATIVES, WITH FULL AND COMPLETE AUTHORITY TO DISCUSS AND SETTLE THE CASE.

---

[1] See Declarations of Nichelle Jones and Barbara Campbell, attached as Exhibits A and B, respectively.

The disagreement that is the subject of this motion became apparent when Plaintiff's counsel stated the following in an e-mail dated 05/14/2015: "Also I want to be sure you and your clients understand that we expect a representative from Ocwen, OneWest and Deutsche Bank all to be present (3 different individuals) in person for the settlement conference, with authority to settle."[2]

Defendants disagree that a representative from Deutsche Bank, as Trustee needs to attend for the reasons set forth below.

The mediation order states (emphasis added):

> 1.    All parties and their counsel who are responsible for the case SHALL physically appear before the undersigned Settlement Judge, courtroom 303, Sandra Day O'Connor U. S. Courthouse, 401 West Washington, Phoenix, Arizona on June 16, 2015 at 9:30 AM. The Court has allocated, at a minimum, 2 hours for the Settlement Conference; however, if meaningful progress is being made the conference will continue until either the case settles, or meaningful progress is no longer being made.

> If the Defendant is an insured party, a representative of that party's insurer with full and complete authority to discuss and settle the case SHALL physically appear at the aforesaid date and time. **An uninsured or self-insured corporate party SHALL physically appear at aforesaid Settlement Conference through its authorized representative with full and complete authority to discuss and settle the case.** …

A representative of Ocwen, the loan servicer and attorney-in-fact for Deutsche Bank, as Trustee is "an authorized representative with full and complete authority to discuss and settle the case" on behalf of Deutsche Bank as Trustee.  Therefore, having a representative of Ocwen and OneWest present at the mediation will constitute full compliance with the mediation order.

In order to clarify Defendants' position, some background is necessary.   The Loan originated in May 2005.  Shortly after origination, the Loan was securitized and transferred to a mortgage-backed trust (IndyMac INDX Mortgage Loan Trust 2005-

---

[2] Plaintiff's counsel has not requested that a MERS representative appear in person, so this issue will not be briefed. However, similar to Deutsche Bank as Trustee, Ocwen has full authority to settle this litigation on behalf of MERS.

AR15, Mortgage Pass-Through Certificates Series 2005-AR15) ("Trust").   Deutsche Bank National Trust Company is trustee of the Trust pursuant to the Pooling and Servicing Agreement dated June 1, 2005 ("PSA").  As trustee of the Trust, and pursuant to relevant portions of the PSA, Deutsche Bank as Trustee is not responsible for servicing the Loan.  Rather, the PSA vests day-to-day responsibility for servicing all of the mortgage loans in the Trust, including the subject Loan, with the servicer.

The responsibilities of the loan servicer include, but are not limited to, servicing and administrating the loan on behalf of the Trust, including collecting payments and managing foreclosure proceedings in the event of default.  Specifically, Section 3.12 of the PSA states in part: "The Master Servicer shall use reasonable efforts in accordance with the Servicing Standard **to foreclose on** or otherwise comparably convert the ownership of assets securing such of the Mortgage Loans as come into and continue in default and as to which no satisfactory arrangements can be made for collection of delinquent payments." (Emphasis added.)

In addition, the power of attorney between Ocwen and Deutsche Bank, as Trustee grants Ocwen authority to act on its behalf.  In Arizona, a party with power of attorney has full authority to settle and compromise any claim on the authorizing party's behalf. See e.g. *Gomez v. Maricopa County,* 175 Ariz. 469, 474, 857 P.2d 1323, 1328 (App. 1993); *Eardley v. Greenberg,* 160 Ariz. 518, 520, 774 P.2d 822, 824 (App. 1989).

Therefore, given that an Ocwen representative will be personally present and have "full and complete authority to discuss and settle the case," having an Ocwen representative attend the mediation will fully comply with the Court's order.

### III.    CONCLUSION

In light of the foregoing, Defendants request an order clarifying that it is unnecessary to have a personal representative of MERS and Deutsche Bank as Trustee appear at the mediation.

Dated: June 11, 2015

HOUSER & ALLISON, APC

_____
Robert W. Norman, Esq.
Solomon S. Krotzer, Esq.
HOUSER & ALLISON
A Professional Corporation
2929 N. Central Ave., Suite 1560
Phoenix, Arizona 85012
Attorneys for Defendants Ocwen Loan
Servicing, LLC, Mortgage Electronic
Registration Systems, Inc., OneWest Bank,
N.A. and Deutsche Bank National Trust
Company As Trustee For Indymac Indx
Mortgage Loan Trust 2005-AR14, Mortgage
Pass-Through Certificates Series 2005-AR14

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Barbara J. Forde
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ 85255
barbarajforde@gmail.com
Attorney for Plaintiff

s/ Paige R. Kleinwolterink
Paige Kleinwolterink