Robert W. Norman (SBN 025328)
bnorman@houser-law.com
Solomon S. Krotzer (SBN 027985)
skrotzer@houser-law.com
HOUSER & ALLISON, APC
2929 N. Central Ave., Suite 1560
Phoenix, Arizona 85012
Phone: (480) 428-8370

Attorneys for Defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., CIT Bank, N.A. and Defendant/Counterclaimant/Third-Party Plaintiff Deutsche Bank National Trust Company As Trustee For Indymac Indx Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14

# IN THE UNTED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, F.S.B., a Federally Chartered Savings Bank; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; OCWEN LOAN SERVICING, LLC, a Limited Liability Company; KEELEY KRISTINE SMITH, an Attorney licensed with the Arizona State Bar; JOHN AND JANE DOES 1-1000, XYZ CORPORATIONS 1-15; ABC LIMITIED LIABILITY COMPANIES 1-15; and 123 BANKING ASSOCIATIONS 1-15,<br><br>　　　　　　Defendants. | Case No. 2:15-cv-00450-ROS<br><br>Hon. Roslyn O. Silver<br><br>**THIRD-PARTY DEFENDANT DEUTSCHE BANK AS TRUSTEE'S MOTION FOR ADVERSE INFERENCE REGARDING AUTHENTICITY OF LOAN DOCUMENTS** |

| | |
|---|---|
| 1<br>2<br>3<br>4 | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14, |
| 5 | Counterclaimant, |
| 6 | vs. |
| 7<br>8 | KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually, |
| 9<br>10 | Counterdefendants. |
| 11<br>12<br>13<br>14 | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14, |
| 15<br>16 | Third-Party Plaintiff, |
| 17 | vs. |
| 18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26 | SAGUARO DESERT TRUST; KATRINA PERKINS STEINBERGER, as Executive Trustee of Saguaro Desert Trust; M&I MARSHALL & ILLSLEY BANK, a Wisconsin Banking Corporation; QUALITY LOAN SERVICE CORPORATION, a California Corporation; RANCHO ALTA VIDA HOMEOWNERS' ASSOCIATION, an Arizona Non-Profit Corporation; DOE INDIVIDUALS OR ENTITIES 1-10; UNKNOWN HEIRS AND DEVISEES OF CHARLES A. PERKINS, DECEASED. |
| 27<br>28 | Third-Party Defendants. |

Pursuant to FRCP 37(b)(2)(A)(ii), Third-Party Defendant, Deutsche Bank National Trust Company As Trustee For Indymac Indx Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14 ("Deutsche Bank as Trustee") hereby moves for an adverse inference order in light of Plaintiffs' failure to obey this Court's order. Specifically, for disobeying the following order issued on August 7, 2015: "The Court orders that plaintiff's counsel, within a reasonable period of time, inspect the original documents in person." (Doc. 65). To date, Plaintiff's attorney has not inspected the loan documents in person. Therefore, an appropriate sanction would be to prevent Plaintiff from disputing the authenticity of the loan documents in these proceedings, thereby narrowing the scope of this litigation.

## I.      Factual and Procedural History

This case was filed by Plaintiffs on the eve of a scheduled trustee's sale. Without any good-faith basis, Plaintiffs continue to dispute the authenticity of the original loan documents which are currently held in a safe at undersigned counsel's office at: 2929 N. Central Avenue, Suite 1560, Phoenix, AZ 85012. For example, in their Second Amended Complaint, at Paragraph 146, "Plaintiff alleges that the whereabouts of the Note are unknown." (See ¶ 146, Second Amended Complaint, Doc. 1, page 30 of 58). Plaintiffs also allege that "No Defendant is the Note Holder/Lender because no entity took the Note by transfer and is entitled to payment, while also being the true beneficiary of the DOT." (See ¶ 150, Second Amended Complaint, Doc. 1, page 31 of 58). Finally, Plaintiffs allege that "Defendants having voluntarily separated the Note/debt from the DOT; the DOT secures nothing." (See ¶ 194, Second Amended Complaint, Doc. 1, page 38 of 58).

In short, Plaintiffs are making "show me the note" types of arguments in order to avoid paying what is owed on the subject loan. However, Deutsche Bank as Trustee has *tried* to "show" Plaintiffs the original note and corresponding loan documents since this case was removed. The custodial history of the original loan documents was set forth in Defendants' Response to Plaintiff's Motion to Remand (Doc. 33). Specifically,

1  Deutsche Bank as Trustee received the original loan documents on or about June 2,
2  2005. (See ¶ 4 of the Declaration of Barbara Campbell, attached as Exhibit A to
3  Response to Motion to Remand (Doc. 33)). The loan documents were sent to
4  undersigned counsel's office and received and signed for on February 6, 2015. (See
5  Exhibit B to Response to Motion to Remand (Doc. 33)). At the time the judicial
6  foreclosure was filed on March 23, 2015 (Doc. 14), Deutsche Bank as Trustee was in
7  possession of the original "wet-ink" note, endorsed in blank, through counsel. The loan
8  documents are currently held at a safe at undersigned counsel's office. (See Declaration
9  of Solomon Krotzer, attached as **Exhibit A**).

10  Given the above, at a status conference on August 7, 2015, this Court ordered that
11 Plaintiffs inspect the original loan documents "in person," in order to narrow the scope
12 of this litigation. (Doc. 65). As expected, Plaintiffs have not inspected the original loan
13 documents and over *two months* have passed since this Court's order.

14  **II.     Adverse Inference is Appropriate Pursuant to FRCP 37(b)(2)(A)(ii)**

15  Given Plaintiffs' overt violation of this Court's order, an appropriate sanction
16 would be to prohibit Plaintiffs from disputing the authenticity of the loan documents.
17 Specifically, FRCP 37(b)(2)(A)(ii) states:

18  (A)   *For Not Obeying a Discovery Order.* If a party … fails to obey an order
19        … the court … may issue further just orders. They may include the
20        following: … (ii) Prohibiting the disobedient party from supporting or
21        opposing designated claims or defenses …."

22  This sanction would be appropriate because it would not have taken much time or
23 effort for opposing counsel to inspect the original loan documents. Presumably, the
24 reason Plaintiffs have not inspected the original loan documents is because they benefit
25 from their ignorance. For example, as long as Plaintiffs have not actually inspected the
26 original loan documents, they can continue to make their "show me the note" arguments
27 in these proceedings and dispute the authenticity of the documents. In short, Plaintiffs
28 ignored and disregarded this Court's order for their own benefit.

Scanned copies of the "original collateral file," containing the original "wet-ink" Note, Deed of Trust, and other documents is attached as **Exhibit B**.

Scanned copies of the origination file, with original "wet-ink" copies of the loan application and related documents signed by Mr. Perkins at closing, is attached as **Exhibit C1 through C5.**

Clearly, there is no reason to dispute the authenticity of these documents. The signature of Charles Perkins is uniform throughout. The signature matches the will of Mr. Perkins, filed in the probate matter, which is attached as **Exhibit D**.

### III.   CONCLUSION

Therefore, Deutsche Bank as Trustee moves for an adverse inference order, conclusively presuming for purposes of these proceedings, that the documents attached as **Exhibit B** and **Exhibit C1 through C5** are the original "wet ink" documents signed by Mr. Perkins, that Deutsche Bank as Trustee has been in possession of the original "wet-ink" Adjustable Rate Note since June 2, 2005, and prohibiting Plaintiffs from making contrary claims or defenses, including disputing the authenticity of these documents, in these proceedings.

Dated: October 12, 2015

**HOUSER & ALLISON, APC**

s/ Solomon S. Krotzer
Robert W. Norman, Esq.
Solomon S. Krotzer, Esq.
HOUSER & ALLISON
A Professional Corporation
2929 N. Central Ave., Suite 1560
Phoenix, Arizona 85012
Attorneys for Defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., CIT Bank, N.A. and Defendant/Counterclaimant/Third-Party Plaintiff Deutsche Bank National Trust Company As Trustee For Indymac Indx Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Barbara J. Forde
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ 85255
barbarajforde@gmail.com
Attorney for Plaintiff

s/ Paige R. Kleinwolterink
Paige R. Kleinwolterink