Barbara J. Forde (013220)
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ  85255
602.721.3177
BarbaraJForde@gmail.com
*Attorney for Plaintiff/Counterdefendant Steinberger & Saguaro Desert Trust*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually,<br><br>            Plaintiff,<br><br>v.<br><br>INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, F.S.B., a Federally Chartered Savings Bank; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; OCWEN LOAN SERVICING, LLC, a Limited Liability Company; KEELEY KRISTINE SMITH, an Attorney licensed with the Arizona State Bar; JOHN AND JANE DOES 1-1000, XYZ CORPORATIONS 1-15; ABC LIMITED LIABILITY COMPANIES 1-15; and 123 BANKING ASSOCIATIONS 1-15,<br><br>            Defendants. | Case No. 2:15-cv-00450-ROS<br><br>**PLAINTIFF'S RESPONSE TO THIRD-PARTY DEFENDANT [SIC] DEUTSCHE BANK AS TRUSTEE'S MOTION FOR ADVERSE INFERENCE REGARDING AUTHENTICITY OF LOAN DOCUMENTS**<br><br>**(Oral Argument Requested)** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14,<br><br>            Counterclaimant, | |

| | |
|---|---|
| 1 | v. |
| 2 | KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually, |
| 3 | |
| 4 | |
| 5 | Counterdefendants. |
| 6 | |
| 7 | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14, |
| 8 | |
| 9 | |
| 10 | Third-Party Plaintiff, |
| 11 | v. |
| 12 | SAGUARO DESERT TRUST; KATRINA PERKINS STEINBERGER, as Executive Trustee of Saguaro Desert Trust; M&I MARSHALL & ILLSLEY BANK, a Wisconsin Banking Corporation; QUALITY LOAN SERVICE CORPORATION, a California Corporation; RANCHO ALTA VIDA HOEOWNERS' ASSOCIATION, an Arizona Non-Profit Corporation; DOE INDIVIDUALS OR ENTITIES 1-10; UNKNOWN HEIRS AND DEVISEES OF CHARLES A. PERKINS, DECEASED, |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | Third-Party Defendants. |
| 21 | |

## I.  INTRODUCTION.

Plaintiff Katrina Perkins Steinberger hereby files her Response to Third-Party Defendant [sic] Deutsche Bank as Trustee's Motion for Adverse Inference Regarding Authenticity of Loan Documents (the "Motion"). The Motion should be denied. Solomon Krotzer, counsel for Deutsche Bank as Trustee, prevented Plaintiff and her Counsel from viewing the purported original loan documents in person, by insisting that his secretary

film the attorney-client document review on her iPhone. Attorney Krotzer insisted on the filming, claiming that it would protect his firm should Undersigned Counsel or perhaps even his own secretary, decide to "scribble" all over the purported originals. Rule 37(b)(2)(A), Fed.R.Civ.P., does not support the assessment of any sanction under these circumstances.

## II.   FACTUAL BACKGROUND.

On August 17, 2015, the parties agreed that Undersigned Counsel and Plaintiff would come to Houser and Allison to look at the purported original documents on August 21, 2015 at 1:30 p.m. The request to review the documents was made with the proviso that doing so was an informal process and that neither Counsel nor Ms. Steinberger had the expertise to opine on the authenticity/original nature of the documents. *See* Declaration of Barbara J. Forde ("Forde Declaration"), attached hereto as Exhibit 1, and Exhibit A thereto (the e-mail string between counsel dated August 17, 2015).

On the day the document review was to take place, August 21, 2015, with less than 5 hours' notice, Attorney Krotzer e-mailed Plaintiff's Attorney to confirm the review, and to notify Attorney Forde:

> Please be advised my assistant, Paige, will be videotaping the inspection with her iPhone. We do not mean to be intrusive, but we think it is important in case there is a dispute later about markings on the original documents.

*See* Forde Declaration ¶ 4, and Exhibit B thereto (the e-mail string between counsel dated August 21, 2015).

Attorney Forde responded that in fact such filming was an intrusion on the attorney-client relationship and attorney-client communications, and would otherwise hinder the document review. Attorney Forde proposed that she and her client would agree *not to touch the documents at all*, and that Paige could lay them out on the table for review. *See* Forde Declaration ¶¶ 5, 7, and Exhibit B thereto.

Attorney Krotzer refused the proposal, and insisted that his secretary film Counsel and her client reviewing the documents, on her iPhone, with the following justification:

3

> Here is an illustration to explain why we need to videotape (hypothetical). Paige sees you start scribbling on the Note. It is then a "he said/she said" situation where you would deny ever scribbling on the note. Or, what if you don't scribble on the note, and Paige says she saw you scribble on the note? It is then a "he said/she said" in the other direction.

*See* Forde Declaration ¶ 6, and Exhibit B thereto. Undersigned Counsel reiterated her promise as an officer of the court that she would not touch the documents. She pointed out that Attorney Krotzer had other ways of memorializing the condition of the documents prior to the review. *See* Forde Declaration ¶ 7, 8, and Exhibit B thereto.

Since Attorney Krotzer refused to drop his demand that this attorney-client meeting be filmed, Attorney Forde cancelled the document review. *See* Forde Declaration ¶ 9, and Exhibit B thereto.

Plaintiff has proceeded with her intent to have the purported original loan documents examined by a person with expertise in the questioned document area, William Flynn, B.S., D-ABFDE of Affiliated Forensic Laboratory, Inc. Undersigned Counsel requested a day and time from Attorney Krotzer when Mr. Flynn can examine the purported original documents in Mr. Flynn's offices where his specialized equipment is located. Attorney Krotzer is requiring that the document examination be videotaped. Mr. Flynn objects to being filmed while he works. This discovery dispute is currently pending before the Court in the Joint Statement of the Issues Regarding Discovery Dispute filed with the Court on October 26, 2015 (Doc. 91).

### III.   LEGAL ANALYSIS.

A.   <u>The Failure to Review the Loan Documents at Houser & Allison Was Substantially Justified and Harmless</u>.

In filing the Motion, Attorney Krotzer and Deutsche Bank as Trustee show a lack of candor toward the tribunal. Attorney Krotzer's Declaration is disingenuous for failing to tell the Court that Plaintiff and her Counsel set an appointment to review the documents,

but the improper and invasive conditions placed on that review by Attorney Krotzer forced Plaintiff to cancel the review. *Compare* Krotzer Declaration Doc. 83-1 ¶¶ 5, 7,[1] with Forde Declaration Exhibit 1 hereto ¶¶ 4-9. Just five hours before the document review was set to occur, Attorney Krotzer revealed that he would insist on filming the Plaintiff and her attorney's document review at Houser & Allison. Access to the documents was barred without being filmed by Attorney Krotzer's assistant on her iPhone. Attorney Krotzer's only justification for requiring filming of this attorney-client privileged review of the documents was his belief that Attorney Forde was going to "scribble" all over the Note, or that his own assistant Paige would falsely state that Attorney Forde scribbled on the Note even though Attorney Forde had not done so. *See* Forde Declaration ¶ 6; Exhibit B thereto. Attorney Forde objected to the Defendants' filming of this attorney-client privileged review which would contain attorney-client privileged communications, and avowed as an officer of the court that she and Plaintiff would not touch the documents. Attorney Krotzer insisted the review be filmed.

Incredibly, in the face of these facts, the Defendant claims to not know why Plaintiff has not reviewed the documents: "Presumably, the reason Plaintiffs have not inspected the original loan documents is because they benefit from their ignorance." *See* Doc. 83 at 4:23-25.

Attorney Forde was substantially justified in cancelling the review. Indeed, the case law, *none of which* Attorney Krotzer cited in his Motion, demonstrates that the Motion should be denied.

Rule 37(b)(2), Fed.R.Civ.P. should not be applied "when it has been established that failure to comply (with court discovery orders) has been due to inability, and not to willfulness, bad faith, or any fault of (the disobedient party)…." *U.S. v. Sumitomo Marine & Fire Ins. Co., Ltd.,* 617 F.2d 1365, 1369 (9th Cir. 1980). When the disobedience is due to circumstances beyond that party's control, preclusion of evidence should not be

---

[1] The Krotzer Declaration must be disregarded on this Motion, because it does not comply with 28 U.S.C. § 1746, which specifically requires the Declaration to state, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." The Krotzer Declaration does not contain this required language.

imposed. *Id*. In the context of a failure to disclose, the Ninth Circuit has held that the "exclusion of evidence under Rule 37(c)(1) is not appropriate if the failure to disclose was either substantially justified or harmless." *Luke v. Family Care and Urgent Medical Clinics,* 323 Fed.Appx. 496, 499 (9th Cir. 2009)(*quoting Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

The Second Circuit,[2] in analyzing Rule 37, discussed the constitutional implications of barring evidence when the failure to obey an order is due to circumstances beyond a party's control:

> Where the party makes good faith efforts to comply, and is thwarted by circumstances beyond his control for example, a foreign criminal statute prohibiting disclosure of the documents at issue[,] an order dismissing the complaint would deprive the party of a property interest without due process of law. It would, after all, be unfair and irrational to prevent a party from being heard solely because of a nonculpable failure to meet the terms of a discovery order. Indeed, such measures would be gratuitous, for if the party is unable to obey there can be no effective deterrence, general or specific.

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir. 1979).

Thus, under Ninth Circuit law, no sanctions should be assessed here. Defendant and its Attorney thwarted Plaintiff's attempt to review the documents in spite of reasonable offers by Plaintiff's Counsel to address the Defendant's concerns. Barring the Plaintiff from presenting evidence on the issue of authenticity of the documents will deprive Ms. Steinberger of a property interest without due process of law. Such a sanction would be no deterrent, because Plaintiff was prevented from reviewing the documents by the very party now seeking to have her punished for failing to do so.

Another reason supports denial of the Motion. The Ninth Circuit has held that sanctions should not be assessed under Rule 37 without adequate warning to the disobedient party about the consequences for non-compliance. *Halaco Engineering Co. v. Costle,* 843 F.2d 376, 379-80 (9th Cir. 1988)(judge's prior statements did not notify the

---

[2] This Second Circuit case was cited with approval in *Sumitomo*, 617 F.2d at 1369.

party of the Rule 37 consequences of failing to comply; therefore it did not constitute an order for the purposes of Rule 37). Here, in a Text-Only Minute Entry on ECF, the Court used the word "order" in stating that Plaintiff should "within a reasonable period of time, inspect the original documents in person." *See* Doc. 65. No signed Order was issued, and no consequences attached to a failure to review the documents. The Court stated that the purpose of the review was a hope to narrow the issues. And the only timeframe was "a reasonable time."

Only 10 days later, Plaintiff's Counsel set up a time to comply, but had to cancel based on Attorney Krotzer's unwarranted conditions for that review. Further, such a review by Plaintiff's Counsel will not narrow the issues; she is not qualified to opine on whether the documents are authentic originals or not. The failure to review the documents is therefore harmless. This is precisely why Plaintiff seeks to have William Flynn examine the documents—to address the issue of authenticity by someone with the training and the equipment to opine on the subject.

The Motion should be denied.

B.     The Adverse Inference Rule Has No Application Here.

Deutsche Bank as Trustee seeks a ruling from this Court that Plaintiff's Counsel's failure to go look at the documents at Houser & Allison should result in a sanction of prohibiting "Plaintiffs from disputing the authenticity of the loan documents." *See* Doc. 83 at 4:15-17. Deutsche Bank as Trustee fails to claim any prejudice from Counsel's not seeing the purported originals, nor can Deutsche Bank as Trustee credibly argue that a review of those documents by Plaintiff's Counsel would somehow result in a confession by Plaintiff that the documents are authentic. Indeed, Undersigned Counsel has made it clear throughout this proceeding that neither she nor her client is competent to determine whether the purported originals are the true originals, and it goes without saying that Attorney Forde cannot be a witness in these proceedings.

Deutsche Bank as Trustee fails to tell this Court or Plaintiff, what "loan documents" Defendant wants to have ruled, authenticated. The sheer volume of documents attached to

7

the Motion makes that determination impossible, and demonstrates bad faith.[3] Apparently Deutsche Bank as Trustee believes that every document it wants to use at trial, or at least 521 pages of documents, should be authenticated by this Court based on Attorney Krotzer's thwarting of Plaintiff's good faith attempt to go see the purported original loan documents. But the law does not allow this:

> The district court's authority to issue the sanctions [under Rule 37(b)] is subject to certain limitations: (1) the sanction must be just; and (2) the sanction must specifically relate to the particular claim at issue in the order.

*U.S. v. National Medical Enter., Inc.,* 792 F.2d 906, 910 (9th Cir. 1986). Plaintiff was not going to Houser & Allison to review 521 pages of documents; she was going there to review the purported original loan documents which would be in a hard copy collateral file of some sort. If any adverse inference were to be issued, it would only be as to those documents the Plaintiff was to review; presumably the Note and Deed of Trust.

Regardless, no adverse inference should be made here. A court may permit a jury to draw an adverse inference related to evidence, if a party fails to produce that relevant evidence within its control. *Liss v. Exel Transp. Services, Inc.,* 2008 WL 370886 at *5 (D.Ariz. Feb. 11, 2008). A court can also prohibit the disobedient party from opposing designated claims or defenses or from introducing designated matters in evidence. *Id.*

"The rule permitting a jury to draw an adverse inference is based on two rationales." *Id.* One is the "evidentiary rationale" recognizing the common sense proposition that a party who destroys a relevant document is more likely to have been threatened by the document that someone who does not destroy it. *Id.* The other is the "deterrence rationale" which presumes that the adverse inference will deter parties from destroying evidence. *Id.*

Here, of course, Plaintiff has destroyed nothing and has failed to produce nothing. Her failure to review the documents at Houser & Allison was based on improper and

---

[3] As an example, Doc 83-5 contains underwriting documents, credit reports and financial information from loan initiation; these cannot be said in good faith to be "loan documents."

invasive conditions placed on that document review. Neither rationale behind the adverse inference doctrine would be served by using it against Plaintiff.

Further, Plaintiff's Counsel's failure to look at the documents would not bring the case closer to resolution. Not seeing the documents does not allow Plaintiffs, as Defendant "presumes," to "benefit from their ignorance." *See* Doc. 83 at 4:23-25. An unfounded presumption by Deutsche Bank as Trustee hardly requires an adverse inference against Plaintiff. Plaintiff is in the process of having William Flynn examine the documents; no prejudice has been suffered by Defendant. No adverse inference is warranted.

Defendant next argues, wholly without foundation, that "there is no reason to dispute the authenticity of [the 521 pages attached to the Motion]." *See* Doc. 83 at 5:6.[4] Attorney Krotzer goes so far as to assume the role of a handwriting expert and opine that Mr. Perkins' signature on his Last Will and Testament is the same as that on the loan documents. *See* Doc. 83 at 5:6-8. Attorney Krotzer cannot be attorney, expert witness and jury in this matter; he must choose a role. At present, he is Counsel for the Defendant, only.

The Motion has no merit, and Plaintiff respectfully requests that it be denied.

## IV.   CONCLUSION.

Plaintiff's failure to go to Houser & Allison to view the purported original loan documents was through no fault of her own. An appointment for the review was made, but then cancelled by Plaintiff's Counsel due to improper and invasive conditions placed upon that review by Attorney Krotzer. Failure to comply was reasonably justified, caused no prejudice to any party, and was harmless. The Motion has no merit and Plaintiff respectfully requests that it be denied.

---

[4] In an astonishing misrepresentation of Plaintiff's claims, Deutsche Bank as Trustee accuses Plaintiff of making a "show-me-the-note" argument (Doc. 83 at 3, 4), even though the Arizona Court of Appeals ***in this very case***, ruled that Steinberger **did not**. *Steinberger v. McVey ex rel. County of Maricopa,* 234 Ariz. 125, 141 ¶ 70, 318 P.3d 419, 435 ¶ 70 (Ct. App. 2014).

RESPECTFULLY SUBMITTED this 29th day of October, 2015.

**BARBARA J. FORDE, P.C.**

By: _s/Barbara J. Forde_____
Barbara J. Forde, Esq.
20247 N. 86th Street
Scottsdale, AZ  85255
*Attorney for Plaintiff/Counterdefendant*
*Steinberger & Saguaro Desert Trust*

Copy of the foregoing served via
ECF system on October 29, 2015 on:

Robert W. Norman
Solomon S. Krotzer
HOUSER & ALLISON
2929 N. Central Ave., Suite 1560
Phoenix, AZ  85012
*Attorneys for IndyMac Mortgage/*
*OneWest Bank, DBNTC as Trustee,*
*Ocwen, and MERS*

s/Barbara J. Forde