# IN THE UNTED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katrina Perkins Steinberger,<br><br>Plaintiff,<br><br>vs.<br><br>IndyMac Mortgage Services, et al.,,<br><br>Defendants. | Case No. CV-15-450-PHX-ROS<br><br>**JUDGMENT AND DECREE OF FORECLOSURE** |

Pursuant to this Court's order (Doc. 210), judgment is hereby entered in favor of Defendants and against Plaintiffs on all remaining counts set forth in Plaintiffs' Second Amended Complaint (Doc. 1-2). Plaintiffs shall take nothing by way of the Second Amended Complaint, and the Second Amended Complaint is hereby dismissed, with prejudice.

Pursuant to this Court's order (Doc. 210), on Deutsche Bank National Trust Company As Trustee For IndyMac Indx Mortgage Loan Trust 2005-AR15, Mortgage Pass-Through Certificates Series 2005-AR14's ("DBNTC as Trustee") counterclaim/third-party complaint for judicial foreclosure (Count I), it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. For purposes of this judgment, "Property" means real property located in Maricopa County, Arizona with the physical address of "9927 North 47th Place, Phoenix, Arizona 85028" and the following legal description:

   > LOT 80, RANCHO ALTA VIDA, a subdivision recorded in Book 174 of Maps, page 10, records of Maricopa County, Arizona.

2. Pursuant to A.R.S. § 33-725, DBNTC as Trustee shall have *in rem* judgment against the Property in the amount of $765,248.23 as of May 20, 2016 plus interest thereafter at an adjustable rate as set forth in ¶¶ 4-5 below, until the subject property is sold pursuant to this judgment.

3. A breakdown of the $765,248.23 is as follows:[1]

| | |
|---|---|
| Unpaid Principal Balance | $576,109.56 |
| Accrued Interest (through May 20, 2016) | $142,709.54 |
| Escrow Advance | $35,592.77 |
| Property Inspection Fees | $594.50 |
| Property Valuation Expense | $1,160.00 |
| Recording Fee | $50.50 |
| Appointment of Substitute Trustee | $9.00 |
| Payoff Fee | $90.00 |
| Publication | $489.84 |
| Title Search | $1,670.68 |
| Satisfaction Cost | $18.50 |
| Suspense Credit | ($1,906.00) |
| Late Charges | $8,659.34 |

---

[1] See Declaration of Katherine Ortwerth, ¶ 17 (Doc. 176).

| **TOTAL** | **$765,248.23** |

4. Paragraph 2(D) of the Adjustable Rate Note (Doc. 83-2) sets the interest rate at 3.050% plus the "Current Index" which is defined at Paragraph 2(D).

5. The adjustable rate and accrued interest from May 20, 2016 until the present date is as follows:

| **Due From** | **Due To** | **Interest Rate** | **Per Diem** | **Total Amount** |
| --- | --- | --- | --- | --- |
| 01/01/2017 | 01/19/2017 | 3.65480 | 58.34389500 | 1,108.53 |
| 12/01/2016 | 12/31/2016 | 3.62420 | 57.99823000 | 1,739.95 |
| 11/01/2016 | 11/30/2016 | 3.59080 | 57.46372800 | 1,723.91 |
| 10/01/2016 | 10/31/2016 | 3.57250 | 57.17087200 | 1,715.13 |
| 09/01/2016 | 09/30/2016 | 3.55670 | 56.91802400 | 1,707.54 |
| 08/01/2016 | 08/31/2016 | 3.53920 | 56.63797100 | 1,699.14 |
| 07//012016 | 07/31/2016 | 3.51670 | 56.27790200 | 1,688.34 |
| 06/01/2016 | 06/30/2016 | 3.48750 | 55.81061400 | 1,674.32 |
| 05/20/2016 | 05/31/2016 | 3.46000 | 55.37053000 | 609.08 |

6. The entire judgment amount, as set forth in ¶¶ 1-5 above, is secured by the Deed of Trust recorded with the Maricopa County Recorder's Office on May 26, 2005 at Recording Number 20050708046 and the Deed of Trust constitutes a valid lien against the Property, having priority over any purported interest of any party named in this litigation.

7. Pursuant to A.R.S. § 33-725, DBNTC as Trustee's security interest in the Property is hereby foreclosed, and a writ of special execution shall be issued in this action to the Sheriff of Maricopa County, Arizona, directing that office

to seize and sell the Property at public auction as necessary to satisfy the entire judgment amount ("Sheriff's Sale").

8. The proceeds of the Sheriff's Sale shall be applied in the following priorities: First, to the costs and expenses of the sale. Second, to DBNTC as Trustee in an amount sufficient to pay the sums due under this Judgment. Third, any excess funds shall be deposited with this Court and distributed pursuant to further order of this Court.

9. DBNTC as Trustee may purchase the Property at the Sheriff's Sale by applying all or a portion of the indebtedness evidenced by this Judgment toward the purchase price.

10. Pursuant to A.R.S. § 12-1282(B), if redemption does not occur within six months after the date of the sale, and no notice by a subsequent lienholder has been filed in accordance with the provisions of A.R.S. § 12-1284, the Sheriff shall then promptly deed the Property to the person or entity that purchased the Property at the Sheriff's Sale.

11. Pursuant to A.R.S. § 12-1566, the Sheriff's Sale shall be a credit on the amount of the judgment in the amount of either the fair market value of the real property as determined by ARS § 12-1566(C) or the sales price of the Property at the Sheriff's Sale, whichever is greater.

12. Plaintiffs, Counterdefendants, Third-Party Defendants, their unknown heirs and devisees, any person claiming through or under them; any persons whose right, title, claim, interest, estate, or lien in, to, or upon the Property was acquired after the recording of the Deed of Trust on May 26, 2005; or any person having actual knowledge of the lien, after the execution and delivery of the lien, is after the statutory period of redemption hereby forever barred and foreclosed from any and all right, title, claim, interest, estate, and equity or other right of redemption in, to, and upon the Property and every part and parcel of it.

13. The purchaser of the Property at the Sheriff's Sale shall be allowed to take possession of it. Any parties to this action, their successors-in-interest, or a party taking possession of the Property or any part of the Property, shall deliver possession of the Property to the purchaser upon production of the Sheriff's Deed.

14. Pursuant to FRCP 54(d)(1) and LR54.1, within fourteen (14) days after entry of this Judgment, Defendants and Counterclaimant/Third-Party Plaintiff may file with the Clerk of Court, and serve upon all parties, a bill of costs.

15. Pursuant to FRCP 54(d)(2) and LR54.2, within fourteen (14) days after entry of this Judgment, Defendants and Counterclaimant/Third-Party Plaintiff may file a motion for attorneys' fees.

16. This Judgment is hereby entered as a final Judgment resolving all claims, counterclaims and third-party claims in this litigation.

Dated this 23rd day of January, 2017.

Honorable Roslyn O. Silver
Senior United States District Judge