| | |
|---|---|
| Barbara J. Forde (013220)<br>BARBARA J. FORDE, P.C.<br>20247 N. 86th Street<br>Scottsdale, AZ 85255<br>(602) 721-3177<br>BarbaraJForde@gmail.com<br>*Attorney for Plaintiffs/Counterdefendants*<br>*Steinberger & Third-Party Defendants*<br>*Saguaro Desert Trust & Executive Trustee* | |

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually,<br><br>Plaintiff,<br><br>v.<br><br>INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, F.S.B., a Federally Chartered Savings Bank; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; OCWEN LOAN SERVICING, LLC, a Limited Liability Company; KEELEY KRISTINE SMITH, an Attorney licensed with the Arizona State Bar; JOHN AND JANE DOES 1-1000, XYZ CORPORATIONS 1-15; ABC LIMITED LIABILITY COMPANIES 1-15; and 123 BANKING ASSOCIATIONS 1-15,<br><br>Defendants. | Case No. 2:15-cv-00450-ROS<br><br>**PLAINTIFFS/<br>COUNTERDEFENDANTS/<br>THIRD-PARTY DEFENDANTS'<br>REPLY IN SUPPORT OF MOTION<br>TO APPROVE NO SUPERSEDEAS<br>BOND AND FOR STAY OF<br>EXECUTION OF JUDGMENT** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14,<br><br>Counterclaimant,<br><br>v. | |

| | |
|---|---|
| 1 | KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually, |
| 2 | |
| 3 | Counterdefendants. |
| 4 | |
| 5 | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14, |
| 6 | |
| 7 | |
| 8 | |
| 9 | Third-Party Plaintiff, |
| 10 | v. |
| 11 | SAGUARO DESERT TRUST; KATRINA PERKINS STEINBERGER, as Executive Trustee of Saguaro Desert Trust; M&I MARSHALL & ILLSLEY BANK, a Wisconsin Banking Corporation; QUALITY LOAN SERVICE CORPORATION, a California Corporation; RANCHO ALTA VIDA HOMEOWNERS' ASSOCIATION, an Arizona Non-Profit Corporation; DOE INDIVIDUALS OR ENTITIES 1-10; UNKNOWN HEIRS AND DEVISEES OF CHARLES A. PERKINS, DECEASED, |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | Third-Party Defendants. |

Pursuant to Rule 62, Fed.R.Civ.P., and Rule 8(a)(1), Fed.R.Civ.App.P., Plaintiff Katrina Perkins Steinberger as Executor of the Estate of Charles A. Perkins, deceased, and individually, Saguaro Desert Trust, and Katrina Perkins Steinberger as Executive Trustee (collectively, "Steinberger") hereby files her Reply in Support of Motion to Approve No Supersedeas Bond and For Stay of Execution of Judgment.

Defendants claim the Judgment and Decree of Foreclosure (the "Judgment") is for "damages" in the amount of $765,248.23, and therefore the supersedeas bond should be in

that amount. See Response at 3:12-13. This position is completely untenable; the Judgment says **_no such thing_**. Rather, the Judgment *which the Defendants submitted*, and which was signed unaltered by the Court, specifies that "DBNTC as Trustee shall have *in rem* judgment **against the Property** in the amount of $765,248.23 … plus interest … until the subject property is sold pursuant to this judgment." *See* Doc. 212 at 2 ¶ 2 (bold face and underlining supplied). The Arizona Court of Appeals has pronounced that the term "damages" in A.R.S. § 12-2108(A) is not synonymous with "judgment." *City Center Exec. Plaza, LLC v. Jantzen*, 237 Ariz. 37, 42 ¶¶ 14, 15. Therefore, simply because a dollar amount is in the Judgment does not mean such sum is "damages."

An *in rem* judgment is against specific property, not an individual. *U.S. v. Casey,* 444 F.3d 1071, 1075 (9th Cir. 2006). *In rem* is "[a] technical term used to designate proceedings or actions instituted *against the thing*, in contradistinction to personal actions, which are said to be *in personam*." Black's Law Dictionary 713 (5th ed. 1979).[1] A judicial foreclosure is an equitable remedy,[2] and "[t]he opposite of a money judgment is equitable or injunction relief…." *Id*. A decree of foreclosure is *in rem*; its object is the satisfaction of a specific lien by the application of particular property or its proceeds to the payment of the debt. 59A C.J.S. Mortgages § 1046. It is not a personal judgment against the obligor. *Id*. In fact, unless authorized by statute, "the rendering of a personal judgment in a foreclosure decree is error and avoids the decree pro tanto." *Id.*

And of course as the Defendants are well aware, Arizona law prohibits the entry of judgment against Katrina Perkins Steinberger individually or as the Executor of the Estate of Charles Perkins for any portion of the sum of $765,248, because of the anti-deficiency statutes. *See* A.R.S. §§ 33-729(A); 33-814(G). On this, Arizona law is beyond question:

---

[1] In determining the plain meaning of a term, courts refer to established and widely used dictionaries. *Helvetica Servicing, Inc. v. Pasquan,* 229 Ariz. 493, 500 ¶ 29 (Ct. App. 2012).
[2] *Arizona Coffee Shops, Inc. v. Phoenix Downtown Parking Ass'n,* 95 Ariz. 98, 101 (1963).

3

> The Arizona legislature enacted statutes in 1971 to protect certain borrowers against deficiency judgments arising from purchase money mortgages and purchase money deeds of trust foreclosed judicially. This legislation was intended to "protect [ ] consumers from financial ruin" and "eliminat[e] ... hardships resulting to consumers who, when purchasing a home, fail to realize the extent to which they are subjecting assets besides the home to legal process." Anti-deficiency protection reflects a legislative policy decision to place the risk of inadequate security on lenders rather than borrowers. It is intended to discourage purchase money lenders from over-valuing real property by requiring them to look solely to the collateral for recovery in the event of foreclosure.
>
> * * *
>
> If inadequacy of the security results, not from overvaluing, but from a decline in property values during a general or local depression, [the anti-deficiency statute] prevents the aggravation of the downturn that would result if defaulting purchasers were burdened with large personal liability.

*Helvetica Servicing,* 229 Ariz. at 496 ¶ 9, 500-501 ¶ 30 (citations omitted). *See also, Martenson v. RG Financing,* 2011 WL 855639 at *1 (D.Ariz. March 10, 2011)(refusing to award attorney's fees to the beneficiary post-foreclosure, because the anti-deficiency statute prevents an action to recover the difference between the amount obtained by sale and the amount of the indebtedness and any interest, costs and expenses). Therefore, Plaintiffs cannot be ordered to post a $765,248 bond for a debt *for which they could <u>never</u> be held accountable to pay*.

As if this were not enough, DBNTC as Trustee unequivocally testified that it *suffered no damages* as a result of any default in payment on the debt. *See, e.g.*, Doc. 181-1 at 14 ¶¶ 57-58; at 17 ¶ 72. Accordingly, the amount set forth in the Judgment as an "*in rem* judgment against the Property" cannot be "damages" in favor of DBNTC as Trustee.

Defendants show an astounding lack of candor in representing that the facts related to the entry of this Judgment "are essentially identical to those in *AOR Direct L.L.C.*" See Response at 4:9 (discussing *AOR Direct, LLC v. Bustamante*, 240 Ariz. 434 (Ct. App. 2016)). *AOR Direct* was an action to enforce an unsecured promissory note. *Id.* at 674. When judgment was entered, there was no dispute that the dollar amount found due under the note was "damages" for purposes of setting a supersedeas bond. *Id.* Here of course,

4

the facts are entirely different. DBNTC as Trustee sought, and obtained, an *in rem* judgment against the Property. No damages were adjudged due.

The purpose of a supersedeas bond is to maintain the status quo pending appeal. *Porter v. Commercial Standard Ins. Co.,* 112 Ariz. 491, 493 (*In Banc* 1975). If DBNTC as Trustee wins the appeal, all it will ever be entitled to, is the Property. The Property is there today, and will be there, two years from now. DBNTC as Trustee is not entitled to anything more than that; Plaintiffs cannot be ordered to post funds to which DBNTC as Trustee will **never be entitled**.

Without doubt, the sole remedy of DBNTC as Trustee on its claim for judicial foreclosure, is ***against the property***. The Judgment in this regard, as penned by DBNTC as Trustee itself, is *in rem*, not for damages. Therefore, under A.R.S. § 12-2108(A)(1), the supersedeas bond should be set at zero.

In an abundance of caution however, in the event that this Court determines that the *in rem* judgment against the Property somehow constitutes "damages" for purposes of setting a supersedeas bond, Katrina Perkins Steinberger submits herewith evidence of her "net worth," and the "net worth" of the Estate of Charles Perkins. The value of Ms. Steinberger's personal assets, minus the total of her liabilities, is a figure less than zero. *See* Affidavit of Katrina Perkins Steinberger, attached hereto as Exhibit 1, ¶¶ 3-7. The same is true for the Estate of Charles Perkins. *Id.* at ¶¶ 8-9.

Therefore, under A.R.S. § 12-2108(A)(2), even if the $765,248 in the Judgment is "damages," the supersedeas bond should be set at zero.

Accordingly, Plaintiffs respectfully request that the Court order a stay of execution of the Judgment and Decree of Foreclosure without the posting of any supersedeas bond, until any and all appeals and discretionary reviews of that Judgment are completed.

///
///
///
///

5

RESPECTFULLY SUBMITTED this 30th day of January, 2017.

**BARBARA J. FORDE, P.C.**

By: _s/Barbara J. Forde_____
Barbara J. Forde, Esq.
20247 N. 86th Street
Scottsdale, AZ 85255
*Attorney for Plaintiffs/Counterdefendants/*
*Third-Party Defendants*

Copy of the foregoing served via
ECF system on January 30, 2017 to:

Robert W. Norman
Solomon S. Krotzer
HOUSER & ALLISON
2929 N. Central Ave., Suite 1560
Phoenix, AZ 85012
*Attorneys for IndyMac Mortgage/*
*OneWest Bank,DBNTC as Trustee,*
*Ocwen, and MERS*

s/ Barbara J. Forde