# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katrina Perkins Steinberger,<br><br>Plaintiff,<br><br>v.<br><br>IndyMac Mortgage Services, et al.,<br><br>Defendants. | No. CV-15-00450-PHX-ROS<br><br>**ORDER** |

Plaintiffs seek a stay of the Judgment and Decree of Foreclosure entered on January 23, 2017. Plaintiffs argue Arizona law applies and, under that law, they are entitled to a stay without posting a supersedeas bond. Defendants agree that Arizona law applies but, under their view, that law allows for a stay only upon Plaintiffs posting a supersedeas bond in the amount of $765,248.23. Both sides cite Federal Rule of Civil Procedure 62(f) as requiring application of Arizona law. Neither party, however, cites authority establishing application of that rule to the present circumstances. Because they have not established Rule 62(f) applies, Plaintiffs' motion will be denied.

Federal Rule of Civil Procedure 62(f) provides "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Plaintiffs claim the judgment of foreclosure is, in fact, a "lien" on their property such that Arizona law should determine whether a stay of execution is appropriate. Defendants agree Rule 62(f) applies but, upon review and analysis, Arizona law would not recognize

the judgment entered in this case as a lien. Therefore, Rule 62(f) does not apply.

There is no explanation offered by the parties why, under Arizona law, the judgment of foreclosure in this case constitutes "a lien on the judgment debtor's property." Fed. R. Civ. P. 62(f). The mere fact that some form of judgment was entered does not mean the judgment qualifies as a "lien" under Rule 62(f). When interpreting Rule 62(f), another Arizona district judge noted "[m]any courts have held that Rule 62(f) does not apply if a judgment creditor must take further action on a judgment before a lien arises under state law." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2016 WL 3345481, at *2 (D. Ariz. June 16, 2016). And "[i]n Arizona, a judgment creditor must take several steps to obtain a judgment lien."[1] *Id.* Therefore, the judgment in this case is not automatically a lien under Arizona law.[2]

Additional evidence that the judgment in this particular case does not qualify as a lien comes from the statute specifying when a judgment may "become a lien." A.R.S. § 33-961. To eventually become a lien, a judgment must contain certain information. A.R.S. § 33-961 (listing five items judgment must contain). The judgment in this case does not contain all the required information. *Id.* (requiring the judgment contain the "Attorney of record for the judgment creditor"). Accordingly, the judgment in this case was not automatically a "lien" and, in fact, cannot "become a lien" absent Defendants taking additional steps. A.R.S. § 33-961(A). Plaintiffs' request for a stay under Rule 62(f) will be denied.

….

….

….

---

[1] There is no evidence here that Defendants have taken the requisite steps to obtain a judgment lien.

[2] The statute governing judgments in judicial foreclosure cases states, in relevant part, "[j]udgments for the foreclosure of mortgage and other liens shall provide that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject to the lien." A.R.S. § 33-725(B). That statute, however, does not provide any indication that such judgments are, in fact, additional liens.

Accordingly,

**IT IS ORDERED** the Motion to Stay and Approve No Supersedeas Bond (Doc. 213) is **DENIED**.

Dated this 1st day of February, 2017.

Honorable Roslyn O. Silver
Senior United States District Judge