Barbara J. Forde (013220)
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ 85255
(602) 721-3177
BarbaraJForde@gmail.com
*Attorney for Plaintiffs/Counterdefendants
Steinberger & Third-Party Defendants
Saguaro Desert Trust & Executive Trustee*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually,<br><br>Plaintiff,<br><br>v.<br><br>INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, F.S.B., a Federally Chartered Savings Bank; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; OCWEN LOAN SERVICING, LLC, a Limited Liability Company; KEELEY KRISTINE SMITH, an Attorney licensed with the Arizona State Bar; JOHN AND JANE DOES 1-1000, XYZ CORPORATIONS 1-15; ABC LIMITED LIABILITY COMPANIES 1-15; and 123 BANKING ASSOCIATIONS 1-15,<br><br>Defendants. | Case No. 2:15-cv-00450-ROS<br><br>**PLAINTIFFS/ COUNTERDEFENDANTS/ THIRD-PARTY DEFENDANTS'**<br><br>**MOTION FOR RECONSIDERATION REGARDING MOTION TO APPROVE NO SUPERSEDEAS BOND AND FOR STAY OF EXECUTION OF JUDGMENT UNDER RULE 62(f)**<br><br>**--AND—**<br><br>**MOTION TO APPROVE NO SUPERSEDEAS BOND AND FOR STAY OF EXECUTION OF JUDGMENT UNDER RULE 62(d)** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14,<br><br>Counterclaimant,<br><br>v. | |

| KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually, |
|---|
| Counterdefendants. |

| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR14, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR14, |
|---|
| Third-Party Plaintiff, |
| v. |
| SAGUARO DESERT TRUST; KATRINA PERKINS STEINBERGER, as Executive Trustee of Saguaro Desert Trust; M&I MARSHALL & ILLSLEY BANK, a Wisconsin Banking Corporation; QUALITY LOAN SERVICE CORPORATION, a California Corporation; RANCHO ALTA VIDA HOMEOWNERS' ASSOCIATION, an Arizona Non-Profit Corporation; DOE INDIVIDUALS OR ENTITIES 1-10; UNKNOWN HEIRS AND DEVISEES OF CHARLES A. PERKINS, DECEASED, |
| Third-Party Defendants. |

## I. INTRODUCTION.

Pursuant to Rule 62, Fed.R.Civ.P., and Rule 8(a)(1), Fed.R.Civ.App.P., Plaintiff Katrina Perkins Steinberger as Executor of the Estate of Charles A. Perkins, deceased, and individually, Saguaro Desert Trust, and Katrina Perkins Steinberger as Executive Trustee (collectively, "Steinberger") hereby files their Motion for Reconsideration of this Court's Order (Doc. 216) denying Steinberger's Motion to Approve No Supersedeas Bond and for Stay of Execution of Judgment. Steinberger additionally moves for no supersedeas bond

and a stay of execution of judgment on alternative grounds, under Rule 62(d). Steinberger respectfully submits that in the judicial foreclosure action where the anti-deficiency statute prevents any recovery against the Plaintiffs/Counterdefendants/Third-Party Defendants, no supersedeas bond can be required in order to stay execution of the Judgment and Decree of Foreclosure (the "Judgment") filed by this Court on January 23, 2017 (Doc. 212).

## II. LEGAL ANALYSIS.

### A. Rule 62(f) Applies to the Judgment and Decree of Foreclosure Without Further Action on DBNTC as Trustee's Part.

Rule 62(d) provides that Plaintiffs may obtain a stay of operation of the Judgment by supersedeas bond. The stay takes effect when the court approves the bond. Under Rule 62(f), "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."

First, it is critical to note that DBNTC as Trustee, agreed that Rule 62(f) applies, stating that "the final judgment issued in this case is 'a lien on the judgment debtor's property.'" *See* Doc. 214 at 3:8-9. Since the parties are in agreement, Steinberger respectfully requests that this Court grant the previously filed Motion, order no supersedeas bond, and stay execution of the Judgment.

Rule 62(f) should be applied for additional reasons as well. First, Arizona statute makes it clear that a judicial foreclosure judgment *is a lien* on the at-issue Property, without the judgment creditor's need to take further action.

> Except as provided in subsections B and C of this section, if a mortgage is given to secure the payment of the balance of the purchase price … of a parcel of real property of two and one-half acres or less… **the lien of judgment in an action to foreclose such mortgage** shall not extend to any other property of the judgment debtor….

3

A.R.S. § 33-729(A)(emphasis supplied). The statute affirms that the judgment *is* a lien, in subsection B:

> The **balance due on a mortgage foreclosure judgment** after sale of the mortgaged property **shall constitute a lien** against other property of the judgment debtor….

A.R.S. § 33-729(B)(emphasis supplied). Statutes are to be interpreted to give effect and import to every word. "A cardinal rule of statutory interpretation is to give full effect to each statutory word or phrase so that no part is rendered void, superfluous, contradictory or insignificant." *Westburne Supply, Inc. v. Diversified Design and Const., Inc.,* 170 Ariz. 598, 600 (Ct. App. 1992). "What a statute necessarily implies is as much a part of the statute as what it makes explicit." *Id.* The use of the phrase "lien of judgment," coupled with an *absence* of a provision requiring that the judgment be recorded to attain that status, mandates the conclusion that a judgment of judicial foreclosure is a lien without having to record the judgment.

The conclusion that a judicial foreclosure judgment creditor need not record the judgment for it to be a lien on the real property, comports with common sense. Indeed, this Court's Judgment states, "[t]he entire judgment amount … is secured by the Deed of Trust .. and the Deed of Trust constitutes a valid lien against the Property, having priority over any purported interest of any party named in this litigation." *See* Doc. 212 at 3 ¶ 6. A judgment creditor in a judicial foreclosure does not have to record that judgment to perfect the judgment creditor's interest in the property. This result is bolstered by the terms of this Court's Judgment itself, which unequivocally is an *in rem* judgment of judicial foreclosure.

Steinberger's interpretation of Rule 62(f) is in line with the public policy of Arizona, which works in favor of the Borrower. *See, e.g., CSA 13-101 Loop, LLC v. Loop 101, LLC*, 236 Ariz. 410, 412 ¶ 12 (2014)("[T]he deed of trust framework generally, accords with Arizona's long-recognized public policy of protecting debtors."); *SAL Leasing, Inc. v. State*, 198 Ariz. 434, 441 ¶ 30 (Ct. App. 2000)(Arizona public policy

4

provides safeguards in mortgage foreclosures, "to protect vulnerable borrowers from overbearing lenders."). The purpose behind subsection (f) is to protect a citizen's interest in her real property under state law, which the law recognizes as unique and irreplaceable if lost. This interest is particularly keen when that property is the litigant's home, as it is here. Arizona law protects those interests to a greater extent than other interests, through the application of A.R.S. § 12-2108 and Ariz.R.Civ.App.P. 7 to the supersedeas bond issue. Under the statute, Arizona protects Steinberger's interest in her home with the following standard for the granting of a stay with no supersedeas bond:

> [T]he amount of the bond that is necessary to stay execution during the course of all appeals or discretionary reviews of that judgment by any appellate court shall be set as the lesser of the following:
>
> 1. The total amount of damages awarded excluding punitive damages.
> 2. Fifty per cent of the appellant's net worth.
> 3. Twenty-five million dollars.

A.R.S. § 12-2108(A). Rule 62(f) applies to the Judgment and Steinberger's motion to approve no supersedeas bond for a stay.

Respectfully, the case cited by the Court is inapposite. *Wichansky v. Zowine,* 2016 WL 3345481 (D.Ariz. June 16, 2016). In *Wichansky*, a money judgment in the amount of $27,625,500.00 was entered against the defendants after a jury trial. *Id*. at *1. Of that sum, $11,000,000 was compensatory damages, and the rest was punitive damages. Defendants filed post-trial motions and moved for a stay of execution of the judgment upon the posting of a supersedeas bond for the $11,000,000, but not the punitive damages portion of the award. *Id*. Defendants sought a stay under Rule 62(b), which the court denied. Defendants also argued that Rule 62(f) applied to the judgment and therefore they did not need to post a supersedeas bond for the punitive damages awarded. The court decided that Rule 62(f) did not apply, pointing out that the defendants' primary asset was not real estate, but rather an interest in a business.[1] *Id*. at *3. Further, the court found Rule

---

[1] The business interest, according to the defendants, was worth $100 million; the court clearly found this asset valuation important in analyzing the proposed bond amount.

62(f) inapplicable because A.R.S. § 12-2108(A) does not apply during the pendency of post-trial motions. *Id.* The court did state that "[m]any courts have held that Rule 62(f) does not apply if a judgment creditor must take further action on a judgment before a lien arises under state law." *Id.* at *2. But if those acts are merely ministerial, Rule 62(f) applies. *Id*. at *3. In the end, the court fashioned a stay remedy for the post-trial motions period and stated that once post-trial motions are decided, the issue of supersedeas bond for appeal would again be taken up. *Id*. at *4.

*Wichansky* does not apply. The judgment in *Wichansky* was not one for judicial foreclosure; instead it was a multi-million dollar damages award. The court ruled that Rule 62(f) did not apply because the at-issue asset was a $100 million business rather than real estate, and the judgment had not been recorded.

Based on the applicable Arizona statutes, the public policy of this State, and the nature of the Judgment which under Arizona law is a "lien of judgment," Rule 62(f) applies. Steinberger requests that the Court order a stay of execution of Judgment with the posting of no supersedeas bond, as is fully supported by the Motion previously filed (Doc. Nos. 213, 215).

**B.**     **Steinberger is Entitled to a Stay Under Rule 62(d) Without Supersedeas Bond.**

Even if the Court refuses to reconsider the Motion under Rule 62(f), Steinberger is nevertheless entitled to a stay of execution with no bond under Rule 62(d):

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond…. The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Very few cases interpret the application of Rule 62(d) to the judicial foreclosure setting. One such case, however, decided that Rule 62(d) applies to an application for a stay of a mortgage foreclosure judgment. *United States v. Mansion House Center Redevelopment Co.,* 682 F.Supp. 446, 448 (E.D.Mo. 1988). The *Mansion House* court described the purpose of a supersedeas bond:

> A supersedeas bond essentially serves as a guarantee by the appellant that he will satisfy the judgment plus interest and costs if it is affirmed on appeal. The bond thus serves three main purposes: first it permits the appellant to appeal without risking satisfying the judgment prior to appeal and then being unable to obtain a refund from the appellee after the judgment is reversed on appeal; second, it protects the appellee against the risk that the appellant could satisfy the judgment prior to the appeal but is unable to satisfy the judgment after the appeal; and third, it provides a guarantee that the appellee can recover from the appellant the damages caused by the delay incident to the appeal, that is the bond guarantees that the appellee can recover the interest that accrues on the judgment during the appeal.

*Id*. at 449 n. 5.

The *Mansion House* court then set to the analysis of what the appropriate amount of the supersedeas bond would be, if the court were to require one. The judgments foreclosed defendants' interests in real property and directed that such property be sold. *Id*. at 447. Therefore, the court held that "because there is no money judgment, no bond amount is required with respect to the judgment itself." *Id*. at 450. As to accruing interest, the court held that plaintiff is not entitled to recover any interest from defendants, thus no bond amount was required with respect to future interest. *Id*. Because plaintiff did not seek to require defendant to post a bond to cover the anticipated costs of the appeal, the court required no bond amount with respect to costs. *Id*. To the extent plaintiff sought security for the potential future decline in value of the property, the court ruled that "defendants are not required to post a supersedeas bond to insure against this risk because plaintiff would not be entitled to recover this potential damage from defendant or from the bond." *Id*. The court concluded, by granted a stay of operation of the foreclosure judgments pending appeal, with no supersedeas bond. *Id*.

Applying *Mansion House*, no supersedeas bond should be required here. The Judgment is not an *in personam* money judgment, but rather is <u>*in rem* against the Property only</u>. *See* Doc. 212 ¶ 2. The Judgment does not award any amounts against Plaintiffs/Counterdefendants/Third-Party Defendants, nor could it. Under clear Arizona authority, DBNTC as Trustee cannot recover **any sum** from those parties for any

7

deficiency of principal, interest or other costs or attorneys' fees under the Judgment, over the fair market value of the Property itself. A.R.S. §§ 33-729(A); 33-814(G). In this judicial foreclosure action subject to Arizona's anti-deficiency statutes, no supersedeas bond can be ordered, because DBNTC as Trustee is not entitled to collect any amounts; it may proceed against the Property only. And because DBNTC as Trustee did not request any bond for security for costs on appeal, none can be awarded. *See* Doc. 214.

An Arizona District Court decision confirms this outcome. *Biltmore Associates, L.L.C., as Trustee v. Twin City Fire Ins. Co.,* 2007 WL 2422053 (D.Ariz. Aug. 22, 2007). Plaintiff in that action sought a stay of an attorney's fee judgment pending appeal, under Rules 62(c) and 62(d). *Id.* at *1. In determining whether a waiver of supersedeas bond would be allowed under Rule 62(d), the court listed criteria to be considered:

> (1) the complexity of the collection process; (2) the amount of time required to [collect] a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the [plaintiff's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [plaintiff] is in such a precarious financial position that the requirement to post a bond would place other creditors of the [plaintiff] in an insecure position.

*Id.*

These criteria highlight the fact that a supersedeas bond in the context of this *in rem* Judgment for judicial foreclosure would be inappropriate and would not serve the purpose behind the posting of such a bond. There are no issues of "collection," or of whether Plaintiffs/Counterdefendants/Third-Party Defendants have funds to pay the Judgment now or post-appeal. **There is no money judgment to be paid.**[2] The posting of a bond protects the prevailing party from the risk of a later uncollectible judgment. *Id*. at *2. But here, there is no such risk. Accordingly, under Rule 62(d), no supersedeas bond is warranted for stay of execution of the Judgment. *See also, Simon Property Group, Inc. v. Taubman Centers, Inc.*, 262 F.Supp.2d 794, 799 (E.D. Mich. 2003)(where prevailing party cannot

---

[2] Steinberger has demonstrated her precarious financial position. *See* Doc. 215-1.

8

show any damages it would be entitled to, that could be paid out of a supersedeas bond, no bond may be ordered for a stay pending appeal).

Former Rule 73(d), rescinded in 1968, "is still a useful guide" in determining the amount of a supersedeas bond. 11 Fed. Prac. & Proc. Civ. § 2905 (3d ed.). Under that former Rule, the supersedeas bond to stay a judgment to foreclose a mortgage "shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay." *Id*.

The only amount DBNTC as Trustee sought, related to the supersedeas bond, was for the full amount of the *in rem* Judgment against the Property, $765,248.23. *See* Doc. 214 at 3. In the context of a judicial foreclosure, no Rule, and no law interpreting Rule 62 or former Rule 73, supports that position. Further, DBNTC as Trustee did not recover any amount for the use of the Property, or any other damages from any litigant personally. Again, the *in rem* Judgment gives no rights to pursue Plaintiffs/Counterdefendants/Third-Party Defendants for any funds. Plaintiffs/Counterdefendants/Third-Party Defendants should not be ordered to post any supersedeas bond amount, since they are not liable for any damages. A.R.S. §§ 33-729(A); 33-814(G); *see also*, Judgment and Decree of Foreclosure (Doc. 212).

### III. CONCLUSION.

Accordingly, Plaintiffs/Counterdefendants/Third-Party Defendants respectfully request that the Court reconsider its denial of the Motion under Rule 62(f) and order a stay of execution of the Judgment and Decree of Foreclosure without the posting of any supersedeas bond, until any and all appeals and discretionary reviews of that Judgment are completed. In the alternative, Steinberger respectfully submits that she is entitled to a stay of execution of the Judgment without the posting of any supersedeas bond under Rule 62(d), because the Judgment is one for judicial foreclosure, and DBNTC as Trustee will not be entitled to recover any deficiency or other amount from Plaintiffs/Counterdefendants/Third-Party Defendants, under the Judgment.

RESPECTFULLY SUBMITTED this 2nd day of February, 2017.

**BARBARA J. FORDE, P.C.**

By: _s/Barbara J. Forde_____
Barbara J. Forde, Esq.
20247 N. 86th Street
Scottsdale, AZ 85255
*Attorney for Plaintiffs/Counterdefendants/*
*Third-Party Defendants*

Copy of the foregoing served via
ECF system on February 2, 2017 to:

Robert W. Norman
Solomon S. Krotzer
HOUSER & ALLISON
2929 N. Central Ave., Suite 1560
Phoenix, AZ 85012
*Attorneys for IndyMac Mortgage/*
*OneWest Bank, DBNTC as Trustee,*
*Ocwen, and MERS*

s/ Barbara J. Forde