Barbara J. Forde (013220)
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ  85255
(602) 721-3177
BarbaraJForde@gmail.com
*Attorney for Plaintiffs/Counterdefendants*
*Steinberger & Third-Party Defendants*
*Saguaro Desert Trust & Executive Trustee*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually,

Plaintiff,

v.

INDYMAC MORTGAGE SERVICES, et al,

Defendants.

and Counterclaim

and Third-Party Complaint.

Case No. 2:15-cv-00450-ROS

**PLAINTIFFS/ COUNTERDEFENDANTS/ THIRD-PARTY DEFENDANTS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES (DOC. 219)**

## I.    INTRODUCTION.

Pursuant to Rule 54(d), Fed.R.Civ.P., LRCiv 54.2 and A.R.S. § 12-341.01, Plaintiff/Counterdefendants Katrina Perkins Steinberger as Executor of the Estate of Charles A. Perkins, deceased, and individually, (collectively, "Steinberger") hereby files their Opposition to the Defendants' Motion for Attorneys' Fees (the "Motion")(Doc. 219). The Movants are not entitled to any attorneys' fees against Plaintiffs/Counterdefendants under A.R.S. §§ 33-729(A), 33-814(G), or A.R.S. § 12-341.01.  No attorneys' fees should be awarded pursuant to the Motion.

## II.     FACTUAL AND PROCEDURAL BACKGROUND.

Defendants' Motion seeks fees from Ms. Steinberger individually, and the Estate of Charles Perkins, jointly and severally.  The Motion begins with unnecessary and inaccurate characterizations of Ms. Steinberger and her home.  As has been proven in briefing related to the posting of a supersedeas bond for appeal, no evidence supports an assertion that the home is "worth over $700,000."[1]  *See* Doc. Nos. 224, 224-1.  And a statement that the home is in "prestigious Paradise Valley," is false; it is in Phoenix.  To state that this litigation has "benefitted" Ms. Steinberger is a baseless and prejudicial comment.  She has expended over $100,000 in attorneys' fees and costs, been unable to change jobs due to the risk of losing her income and being unable to finance this litigation, has lost the opportunity to pay down on the debt at issue, lived under the oppression of the possible loss of her home since 2008, and lost her fiancé due to the unsettled nature of her life over the last 6.5 years.  And now she faces a possible judgment for over $100,000 in attorneys' fees for exercising her legal rights.

Defendants continue their diatribe by characterizing this suit as one for a "conspiracy theory" related to the "inner-workings of the subject mortgage-backed trust…."  *See* Motion at 4:5-7.  Of course, not all Steinberger's claims relate to the Trust and whether any Defendant could foreclose based on the Loan's placement in that Trust.  For instance, the unconscionability claim has nothing whatever to do with where the Loan went after it was initiated; it had everything to do with the underwriting process and loan documentation.[2]

---

[1] *See* Motion at 3:14-15.

[2] Other inaccurate portrayals of the matters in suit are throughout the Motion.  For instance, Defendants claim that the Motion to Remand was denied by the Court, which is untrue.  *See* Motion at 5:21-22.  Defendant Smith was voluntarily dismissed and the Motion to Remand withdrawn.  Steinberger never stated that the complete state record had not been filed. See Motion at 6:1-2.  Rather, she told Defendants that they filed things as being in the state court record, which were ***never filed*** in state court.  Steinberger will not consume further time and space on these inconsequential matters, but her failure to point out all misrepresentations does not mean they are deemed admitted.

The Motion states that no part of the attorneys' fee request is for the Counterclaim for judicial foreclosure or for any fees before the matter was removed to federal court in March of 2015.  *See* Doc. 219 at 11:3-7.  Rather, the Defendants assert that fees are being sought only for defending the claims brought, as follows:

| | |
|---|---|
| Count 1: | Declaratory judgment/lack of standing |
| Count 2: | Breach of Contract |
| Count 3: | Breach of the Duty of Good Faith and Fair Dealing |
| Count 4: | Violations of A.R.S. § 33-420 |
| Count 6: | Negligence Per Se |
| Count 7: | Unconscionability |
| Count 8: | Payment/Discharge[3] |

Defendants' Motion fails to satisfy LRCiv 54.2 in several material respects.  The Motion fails to attach "a complete copy of any written fee agreement," they have with Houser & Allison, which "***must be attached*** to the supporting memorandum."  LRCiv 54.2(d)(2).  Attorney Krotzer avows that "[t]he Firm and Defendants do not have a written fee agreement particularly addressed to this matter.  The Firm and Defendants have an ongoing relationship and agreement governing the defense of matters of this type."  *See* Doc. 220 ¶ 13.  Under E.R. 1.5(b), the fee agreement between Defendants and Houser and Allison must be in writing.   Local Rule requires that this agreement[4] be attached.

The Motion is accompanied by a Statement of Consultation in Support of Motion for Attorneys' Fees, but that Statement does not comply with the Local Rule.  *See* Doc. 221. Under LRCiv. 54.2(b)(1), a movant for attorneys' fees must include a separate statement of moving counsel "certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees…. The statement of consultation shall set forth the date of the consultation, the names of the participating attorneys and the specific results…." The

---

[3] Defendants are silent on whether they included fees in their Motion, for Count 5, Negligent Performance of an Undertaking.  This claim was dismissed by mutual agreement; fees related to Count 5 should not be awarded as a result.

[4] All amendments/revisions/new agreements must be attached as well; it appears that the fee agreement was modified or rewritten during the litigation.  *See* Doc. 220 ¶ 12.

Statement of Consultation shows that Defense Counsel abruptly terminated the dialogue, when he failed to respond to an inquiry from the Undersigned asking for the basis upon which Counsel believed A.R.S. § 12-341.01 applies to Defendants' desire to recover fees. The Undersigned stated, "Please provide more detail on your basis for saying ARS 12-341.01 applies here."  On January 19, 2017 at 10:13 a.m., Defense Counsel responded, "the anti-deficiency statute does not apply to Ms. Steinberger's claims against defendants." No factual or legal basis for this position was provided, nor any analysis about why A.R.S. § 12-341.01 applies here at all.  Then at 5:29 p.m. that same day, Attorney Krotzer lodged his proposed form of Judgment.  *See* Doc. 211.  Defense Counsel therefore terminated his supposed "good faith efforts" mid-stream, without responding to Undersigned Counsel's valid inquiry into the purported *legal and factual basis* upon which Defendants believed A.R.S. § 12-341.01 applies.  The Motion should be denied for failure to comply with Local Rule, and for numerous other reasons set forth below.

### III.    LEGAL ANALYSIS.

A.    <u>**Arizona's Anti-Deficiency Statutes Prohibit an Attorney Fee Award.**</u>

The judicial foreclosure statutes contains an anti-deficiency provision:

> [I]f a mortgage is given to secure the payment of the balance of the purchase price … of a parcel of real property of two and one-half acres or less which is limited to and utilized for [] a single one-family … dwelling, **the lien of judgment in an action to foreclose such mortgage shall not extend to any other property of the judgment debtor**, **nor may general execution be issued against the judgment debtor** to enforce such judgment, and **if the proceeds of the mortgaged real property sold** under special execution **are insufficient to satisfy the judgment, the judgment may not otherwise be satisfied out of other property of the judgment debtor**….

A.R.S. § 33-729(A)(emphasis supplied).   Critically, the protection extends to any "judgment debtor," and is not limited to the "Borrower" on the Note.   Both Steinberger individually, and the Estate of Charles A. Perkins, are of course judgment debtors here. *See* Doc. 212.

4

Arizona statute also prohibits any action to recover any amount owed in excess of the "amount obtained by sale:"

> If trust property of two and one-half acres or less which is limited to and utilized for either a single one-family or a single two-family dwelling is sold pursuant to the trustee's power of sale **no action may be maintained to recover any difference between the amount obtained by sale and the amount of the indebtedness and any interest, costs and *expenses*.**

A.R.S. § 33-814(G)(emphasis supplied).  Note that the statute prohibits pursuit of anyone for any purported deficiency; its protection is ***not limited to the Borrower***.  This reflects the same legislative intent, found in A.R.S. § 33-729(A) to protect any judgment debtor in a judicial foreclosure, not just the Borrower.

"Expenses" in this context is clearly meant to encompass attorneys' fees.  *See, e.g.*, Deed of Trust, attached hereto as Exhibit 1 ¶ 22 ("Trustee shall apply the proceeds of the sale in the following order:  (a) to all *expenses* of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees….")(emphasis supplied).  That paragraph also states that "Lender shall be entitled to collect all *expenses* incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence." *Id.*

The Arizona District Court agrees, holding that the "costs and expenses" in the anti-deficiency statute includes attorneys' fees. *Martenson v. RG Financing,* 2011 WL 855639 at *1 (D.Ariz. March 10, 2011).   When a foreclosing entity sought attorneys' fees at the termination of the action, the court refused the award:

> Technically speaking, Defendants are not asking for the "difference between the amount obtained by sale and the amount of the indebtedness and any interest, costs and expenses" – Defendants are only seeking "costs and expenses."  However, the Court does not believe that a trust deed beneficiary can avoid § 33-814(G) simply by seeking only a subset of everything it might have otherwise sought, but for the statute.  Accordingly, Defendants cannot recover their attorneys fees with respect to Plaintiff's state law claims or by virtue of attorneys fees provisions in the promissory note.

5

*Id.* And the Ninth Circuit affirmed the district court's refusal to award fees to Wells Fargo Bank after it prevailed on a motion for summary judgment on a wrongful foreclosure claim, ruling that to have granted fees would have been "inequitable and unreasonable." *Theros v. First American Title Ins. Co.,* 519 Fed.Appx. 482 (9th Cir. 2013).

The Adjustable Rate Note uses the same terminology.  "[T]he Note Holder will have the right to be paid back by me for all of its costs and *expenses* in enforcing this Note to the extent not prohibited by applicable law.  These *expenses* include, for example, reasonable attorneys' fees." *See* Adjustable Rate Note ("Note"), attached hereto as Exhibit 2 ¶ 7(E)(emphasis supplied).  And of course, both the Note and Deed of Trust define the "Borrower" as Charles A. Perkins.  *Id.*

That attorneys' fees must fall under the anti-deficiency protection set forth above, is spelled out in the Deed of Trust.  Under the Deed of Trust, attorneys' fees expended "to protect Lender's interest in the Property and rights under this Security Instrument," "shall become additional debt of Borrower secured by this Security Instrument." *See* Deed of Trust, Exhibit 1 at ¶ 9.  Paragraph 9 of the Deed of Trust lists the "paying [of] reasonable attorneys' fees to protect [Lender's] interest in the Property," as amounts which "shall become additional debt of Borrower." *Id.*[5]  And the Deed of Trust of course states that it "secures to Lender:  (i) the repayment of the Loan, and all the renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note." *See* Deed of Trust, Exhibit 1 at p. 3.  "Loan" is defined as "the debt evidenced by the Note, plus interest, any prepaid charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest." *Id.* at p. 2 ¶ H.

Thus, any attorneys' fees incurred in enforcing the Note and Deed of Trust become debt secured by the Deed of Trust, and therefore included in the definition of "Loan."  A separate judgment for attorneys' fees, to be collected separately, is not authorized.  Rather,

---

[5] In pointing out these terms of the Deed of Trust, Steinberger does not admit that any Defendant or other party to this litigation is the Lender.

any recovery on those fees must be from proceeds collected in the foreclosure.   In fact, those attorneys' fees are to be paid ***first*** when proceeds of a foreclosure sale are distributed, second only to trustee's fees, before any other amounts are paid.  No separate judgment for attorneys' fees may be enforced against the Borrower/judgment debtor.

Additional authority confirms that any attorneys' fees incurred in pursuing a foreclosure, must be recovered through the proceeds of sale.  For instance:

> Where a stipulation in a mortgage for attorneys' fees in the case of foreclosure to be included in the amount of mortgagee's recovery is valid and binding, a fixed fee or a reasonable fee may be allowed for the services of the attorney, payable **out of the proceeds of the foreclosure sale**.
>
>        * * *
>
> The lien of the mortgage or trust deed secures payment of attorneys' fees authorized in it.

59A C.J.S. Mortgages § 1349 (emphasis supplied); A.R.S. § 33-812(A)(1)(requiring that the trustee apply the proceeds of the trustee's sale first to "the cost and expenses of exercising the power of sale and the sale, including the payment of the trustee's fees and **reasonable attorneys' fees actually incurred."**)(emphasis supplied).

The public policy of the State of Arizona, from at least 1971, has been to protect against deficiency judgments arising from purchase money mortgages foreclosed judicially.  *Helvetica Servicing, Inc. v. Pasquan*, 229 Ariz. 493, 496 ¶ 9 (Ct. App. 2012). The Arizona Court of Appeals has been crystal clear:

> The Arizona legislature enacted statutes in 1971 to protect certain borrowers against deficiency judgments arising from purchase money mortgages and purchase money deeds of trust foreclosed judicially.  This legislation was intended to "protect [] consumers from financial ruin" and "eliminat[e] … hardships resulting to consumers who, when purchasing a home, fail to realize the extent to which they are subjecting assets besides the home to legal process."  Anti-deficiency protection reflects a legislative policy decision to place the risk of inadequate security on lenders rather than borrowers.  It is intended to discourage purchase money lenders from over-valuing real property by requiring them to look solely to the collateral for recovery in the event of foreclosure.

*Id.* (citations omitted).  The anti-deficiency protections are not simply to guard against over-valuation, but for other strong public policy reasons as well:

> "If inadequacy of the security results, not from overvaluing, but from a decline in property values during a general or local depression, [the anti-deficiency statute] prevents the aggravation of the downturn that would result if defaulting purchasers were burdened with large personal liability."
>
> * * *
>
> It also avoids further aggravation of a depressed economy.  *Cf.* Burns, Comment, 43 UCLA L.Rev. at 2089 ("Rampant personal judgments against debtors would greatly exacerbate the economic downturn and hinder recovery.  To prevent such a catastrophe, the legislature mandated that the losses be distributed:  The debtor loses the property, and the lender forfeits the amount by which the debt exceeds the property's fair value.")

*Id.* at 500-501 ¶¶ 30, 31.

There can be no doubt that any attorneys' fees incurred in this matter, must be recovered from the proceeds of the sale of the Property, when and if it ever occurs.  Arizona's anti-deficiency statutes and public policy, require this result.  Accordingly, no judgment for attorneys' fees can be entered in this action against Steinberger individually, or the Estate of Charles A. Perkins.

Another sound basis exists for refusing to enter a judgment for fees against Steinberger individually.  As this Court has already ruled, Steinberger did not sign the Note nor did she assume it.  Therefore, she is not and cannot be found liable for the debt.  And under the Deed of Trust, that "debt" includes "expenses" such as attorneys' fees.  There is simply no legal basis for a judgment against Steinberger personally, or jointly and severally, with the Estate of Charles A. Perkins, for attorneys' fees.

**B.      Defendants Have No Statutory Right to Attorneys' Fees.**

**1.      There is no Eligibility for Fees under A.R.S. § 12-341.01.**

Citing only one case, Defendants assert that they may recover $116,656.70 in fees under A.R.S. § 12-341.01 because the entire case "arises out of a contract."  *See* Doc. 219

8

at 8:17-23 (citing *Marcus v. Fox,* 150 Ariz. 333, 334, 723 P.2d 682, 683 (1986)).  They claim that the standard is, whether a contract "was a factor in causing the dispute."  *Id.*

But cases decided after the 30-year old case cited by Defendants, have changed that analysis.  Fees are recoverable under A.R.S. § 12-341.01 "only to the extent that they were incurred litigating claims "arising out of contract."  *Building Innovation Indus. v. Onken,* 473 F.Supp.2d 978, 988 (D. Ariz. 2007).  Defendants are entitled to ***no*** attorneys' fees from Steinberger individually or the Estate of Charles Perkins, for a multitude of reasons.

The statute itself specifically states that it "shall in no manner be construed as altering, prohibiting or restricting … contracts … that may provide for attorney fees." A.R.S. § 12-341.01(A).  The Note and Deed of Trust both have provisions for attorneys' fees, so the statute has no application.  "When a contract has an attorney's fees provision it controls to the exclusion of the statute."  *Lisa v. Strom,* 183 Ariz. 415, 418 n. 2, 904 P.2d 1239, 1242 n. 2 (Ct. App. 1995); *see also, Connor v. Cal-Az Properties, Inc.,* 137 Ariz. 53, 55, 668 P.2d 896, 898 (Ct. App. 1983)(where a contract provides the conditions under which attorneys' fees may be recovered, A.R.S. § 12-341.01 "is not to be considered.").  The Ninth Circuit has correctly applied the *Lisa* case, and overturned an attorney fee award in a foreclosure matter to the extent it was based on A.R.S. § 12-341.01, because the Note and Deed of Trust contained fee provisions.  *Rich v. Bank of America N.A.,* -- Fed.Appx. --, 2016 WL 6833401 *5 (9th Cir. Nov. 21, 2016)("[C]ourts cannot award fees under A.R.S. § 12-341.01(A) if the parties provide for attorneys fees in their contract.").

Defendants' argument that "all issues 'arise' out of contract," because "[a]ll disputes stem from a mortgage loan signed by Charles Perkins," is an argument related to whether fees are recoverable under A.R.S. § 12-341.01.  *See* Motion at 9:5-7.  The Motion must therefore be denied under both Arizona state law and the Ninth Circuit's appropriate application of it.

The Movants' failure to ask for attorneys' fees under the Note and Deed of Trust, is a thinly veiled attempt to circumvent Arizona public policy and statute prohibiting the pursuit of a homeowner/judgment debtor in a foreclosure action, under A.R.S. § 33-729(A) and A.R.S. § 33-814(G).  But the Defendants cannot do indirectly what they are prohibited

from doing directly: circumvent the consumer protections in Arizona's anti-deficiency statutes.   *See* Section III(A) above.   The failure to seek fees under the Note and Deed of Trust is the death knell of the Motion;[6] it should be denied.

Even if this Court were to rule that A.R.S. § 12-341.01 should be applied against Steinberger on the Defendants' request for a judgment of attorneys' fees, only two out of the eight claims in the Second Amended Complaint ("SAC") even arguably arise out of contract such that the statute would apply.   Those claims are Count 2 for Breach of Contract, and Count 3 for Breach of the Duty of Good Faith and Fair Dealing.   But because Steinberger did not sign the Note or the Deed of Trust, attorneys' fees cannot be assessed against her on those Counts, regardless.

The rest of the SAC's Counts arise out of tort, are "purely statutory," or in the case of Count 1, simply seeks a declaration regarding various matters.

The Arizona Court of Appeals has distilled principles for determining whether a tort claim "arises out of a contract":

> In analyzing this issue, the court should look to the fundamental nature of the action rather than the mere form of the pleadings.   The existence of a contract that merely puts the parties within tortious striking range of each other does not convert ensuing torts into contract claims.   Rather, a tort claim will "arise out of a contract" only when the tort could not exist "but for" the breach or avoidance of contract.   When the duty breached is one implied by law based on the relationship of the parties, that claim sounds fundamentally in tort, not contract.   In such cases, it cannot be said that the plaintiff's claim would not exist "but for" the contract.   The test is whether the defendant would have a duty of care under the circumstances even in the absence of a contract.

*Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 15-16 ¶ 27 (Ct. App. 2000).   *See also, Morris v. Achen Const. Co., Inc.,* 155 Ariz. 512, 514, 747 P.2d 1211, 1213 (*In Banc* 1987)(statutory fees for prevailing on a fraud/fraudulent inducement to

---

[6] Defendants are not entitled to fees under the Note and Deed of Trust either, but there is no doubt that A.R.S. § 12-341.01 does not apply so the Motion must be denied.

enter into a contract denied, because "[t]he duty not to commit fraud is obviously not created by a contractual relationship….").

Count 1 sought a declaration with respect to the rights of the parties.  It is neither a contract claim nor a tort claim.  Count 8 for Payment/Discharge, is based on payments received by the Defendants pursuant to insurance, Servicer Advances and more.  It does not arise out of the Note and Deed of Trust.  Fees should not be awarded on these Counts.

Steinberger's Counts 4 and 6, for liability under A.R.S. § 33-420 and Negligence Per Se, cannot be the basis for an award of attorneys' fees, either.  A.R.S. § 12-341.01(A) does not apply to "'purely statutory causes of action.'"  *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 207 ¶ 13 (Ct. App. 2014)(quoting *Keystone Floor & More, LLC v. Ariz. Registrar of Contractors*, 223 Ariz. 27, 30 ¶ 11 (Ct. App. 2009)(quoting *Hanley v. Pearson*, 204 Ariz. 147, 151 ¶ 17 (Ct. App. 2003)).  *Blum* is a perfect example of the fact that an award of fees pursuant to Count 4 or 6 would be unwarranted.  Blum was a medical expert who had been hired and not paid in litigation. 235 Ariz. at 205 ¶ 2.  Blum then sued for breach of contract for non-payment, obtained a judgment, and initiated a garnishment proceeding.  *Id.* at ¶¶ 3, 4.  Blum requested attorneys' fees incurred in the garnishment proceeding.  *Id.*  On appeal, the defendants argued that because the garnishment proceeding was pursuant to statute, no attorneys' fees could be awarded.  *Id.* at ¶ 6.  The court agreed, even though the contract which had been breached provided for the payment of fees, finding the garnishment proceedings "purely statutory."  Attorneys' fees were denied.  *Id.* at ¶ 9, at 207 ¶ 13.

Numerous other cases are in accord.  For instance, in *Hanley*, the court affirmed that "[t]he fee statute does not apply to purely statutory causes of action."  204 Ariz. at 151 ¶ 17.  The court continued:

> Nor does the fee statute apply if the contract is a factual predicate to the action but not the essential basis of it.  When a cause of action is based on a statute rather than a contract, the peripheral involvement of a contract does not support the application of the fee statute.

11

*Id.*   *Hanley* is particularly persuasive here, because the party seeking fees was arguing entitlement to the proceeds of a trustee's sale pursuant to the terms of a Deed of Trust, under A.R.S. § 33-812(A).  *Id.* at 149 ¶ 6; at 151 ¶ 18.  The court refused to award fees:

> The contract in this case, the deed of trust, formed only a factual predicate for the action and was not its essential basis.  The issue before the trial court was whether the excess trustee's sale proceeds must be used to satisfy the tax lien before distribution to [] the junior lienholder.
>
> * * *
>
> Thus, the essential basis for the dispute was the meaning of § 33-812(A)(3), and the case did not therefore arise out of a contract.

*Id.* at 151 ¶ 18.  *See also*, *Kennedy v. Linda Brock Automotive Plaza, Inc.*, 175 Ariz. 323, 325 (Ct. App. 1993)(stating that the fee statute does not apply to a "purely statutory" cause of action, and ruling that a statutory action seeking to foreclose a materialman's lien did not arise out of contract even though a breach of contract was the "factual predicate to the action.").

Under the above law, **none** of the claims in the Second Amended Complaint ("SAC"), arise out of contract. All claims were brought, solely because of the statutory foreclosure action brought by the Defendants under A.R.S. § 33-801 *et seq.*, for non-judicial foreclosure, and then for judicial foreclosure.   Even if a breach of contract were a factual predicate to some of the Counts, the litigation was necessary to stop a purely statutory cause of action.  And Counts 4 and 6 particularly, had as their "essential basis," the meaning of the statutes addressed in those Counts.  Therefore, A.R.S. § 12-341.01 does not apply to any Count of the SAC.  Defendants are not eligible for attorneys' fees.

Count 7, for unconscionability, arises in tort; it is based on the underwriting of the Loan, which took place before any contracts were created and signed.  The claim was also based on unconscionable terms in the Note.  But legal duties not to take advantage of the elderly, not to hide the true terms of a deal, and not to bait-and-switch at the last moment without explaining terms presented, exists outside of the Note.  *See Ramsey; Lewin v. Miller Wagner & Co., Ltd.*, 151 Ariz. 29, 36 (Ct. App. 1986).  The *Lewin* court explained:

12

We therefore conclude that while a contractual relationship may give rise to a duty to perform in accordance with a certain standard of care, this legally imposed duty exists separate and apart from the contract giving rise to the duty.   The failure to comply with this standard of care results in a breach of the legal duty imposed and is not an action "arising out of contract" under A.R.S. § 12-341.01(A).

In our opinion, this result is also required on policy grounds. … [Allowing attorney's fees to the prevailing party in a malpractice claim] would run counter to the prevailing American Rule that attorney's fees are not normally awarded in tort actions as to do so has a chilling effect on seeking legal redress for wrongs.  *See Restatement (Second) of Torts,* § 914 (1979) F. Speiser, *Attorneys' Fees,* § 12.3 (1973).

*Id.* at 36-37.  "Where a contract is the mere inducement creating the state of things that furnishes the occasion for the tort, the tort, not the contract, is the basis of the action."  *Id.* at 36 (quoting *Equilease Corp. v. State Federal Savings & Loan Association*, 647 F.2d 1069 (10ᵗʰ Cir. 1981)).  If a contractual duty, either express or implied-in-fact, merely repeats the duty already imposed by law, a breach of that duty does not create a claim "arising out of a contract" under A.R.S. § 12-341.01(A).  *Ramsey*, 198 Ariz. at 17 ¶ 37.

Defendants are not eligible for fees under the Unconscionability Count.

## 2.     Defendants are Not Entitled to Fees.

An award of attorneys' fees under A.R.S. § 12-341.01 is discretionary with the trial court.  *Fulton Homes Corp. v. BBP Concrete,* 214 Ariz. 566, 569, 155 P.3d 1090, 1093 (Ct. App. 2007).  The Court is free to refuse to award attorneys' fees, under A.R.S. § 12-341.01.  *Chase Bank of Arizona v. Acosta*, 179 Ariz. 563, 575 (Ct. App. 1994).

In exercising that discretion, the Court is to consider a set of factors, which include: (1) the merits of the unsuccessful party's claim; (2) whether the claim could have been avoided or settled; (3) whether the successful party's efforts were completely superfluous in achieving the result; (4) whether assessing fees against the unsuccessful party would cause an extreme hardship; (5) whether the successful party did not prevail with respect to all of the relief sought; (6) the novelty of the legal question presented; and (7) whether an award to the prevailing party would discourage other parties with tenable claims from

litigating legitimate contract  issues for fear of incurring liability for substantial amounts of attorneys' fees.  *Uyleman v. D.S. Rentco,* 194 Ariz. 300, 305, 981 P.2d 1081, 1086 (Ct. App. 1999)(citing *Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985)).

In their Motion, the Defendants address only factors 1, 2 and 5.  They ignore factors 4, 6 and 7 because they weigh in favor of no fee award.  Plaintiffs' position, supported by the Arizona Court of Appeals decision, is that the merits of her claims are strong, as proven in her Motion for Summary Judgment and Response to Defendants' Motion for Summary Judgment.  Having ruled against Plaintiffs, this Court will disagree.  The Ninth Circuit will ultimately decide.

As for whether the claims could have been avoided or settled, the parties have engaged in settlement talks several times, and could never agree on terms.  Defendants' statement that Steinberger "walked out" of a settlement conference is fantasy.  The parties were at the conference for hours, met together and then separately, and caucused with the settlement conference judge.  Ultimately, the last communication between the parties was that neither one would move off the last offer each made.  Both parties then "walked out," as the matter did not settle.

Defendants have made much of Steinberger's initial position that the Note was not genuine, or that it may have been destroyed, implying that such assertions were improper. *See, e.g.*, Motion at 3:23-25.   No misrepresentations were made to the Court of Appeals. Defendants accuse Steinberger of this time and again but they never support their assertion with facts. When this matter was before the Arizona Court of Appeals, little discovery had been accomplished; most of the Superior Court suit the parties were attempting a loan modification.  When Plaintiff was finally able to have the Note examined by a qualified questioned document examiner (after Defendants unilaterally and without cause cancelled the first inspection) in January of 2016, Steinberger withdrew those assertions.

Assessing attorneys' fees against Steinberger individually would cause her an extreme hardship; she has struggled financially, does not have a high paying occupation, and she has large amounts of debt.  This has been proven time and again in this action.  *See* Declaration of Katrina Perkins Steinberger, attached hereto as Exhibit 3; Doc. 215-1

14

(showing Steinberger has student loan debt of $200,000, and that her home is, according to this Court's judgment, underwater by $265,248.23, and the Estate's net worth is approximately -$1,164,618.00).    A fee award of any sum would add to her insolvent status, and would cause her to file for bankruptcy protection. *See* Exhibit 3 hereto.

And without doubt, assessing Plaintiffs with attorneys' fees in this situation would certainly discourage homeowners with legitimate claims from pursuing litigation, for fear of such liability. This is particularly so here, where Steinberger achieved an unprecedented victory at the Arizona Court of Appeals and yet this Court refused all her claims.

Additionally, fees should not be awarded against Steinberger individually, because Steinberger did not sign the Note or Deed of Trust.  Even if the claims "arise" out of those contracts, she cannot be assessed attorneys' fees using those contracts as a basis; she is not a party to them.

The balancing of factors under *Uyleman* results in the conclusion that even if Plaintiff is responsible for fees for certain Counts which arose under contract (*which Steinberger has shown above she is not,* under Arizona law), no fee award should be entered against her.

And finally, under the statute, an award of fees "need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(B).  Therefore, regardless of the amount actually paid or agreed to be paid, the Court may assess no fees at all, or nominal fees, in its discretion.

### 3.        Reasonableness of Requested Award.

Defendants again violate LRCiv 54.2, this time in failing to address elements (B), (C), (G), (H), (J), (K), and (L) of subsection (c)(3).    Therefore, Defendants have not demonstrated the reasonableness of the amount requested.

Factor (L), "awards in similar actions," supports Steinberger's stance that no judgment for attorneys' fees should be entered pursuant to the Motion.  The Arizona District Court has held that attorney fee awards should not be entered against homeowners in foreclosure.  When a foreclosing entity sought attorneys' fees at the termination of the action, the court refused the award. *Martenson v. RG Financing,* 2011 WL 855639 at *1

(D.Ariz. March 10, 2011).  As is fully addressed in Section III(A), *Martenson* ruled that the "costs and expenses" in the anti-deficiency statute included the attorneys' fees being sought.  *Id*.  The Ninth Circuit affirmed a refusal to award fees to a prevailing bank in a foreclosure action after winning summary judgment, ruling that to have granted fees would have been "inequitable and unreasonable."  *Theros v. First American Title Ins. Co.,* 519 Fed.Appx. 482 (9th Cir. 2013).

If any judgment for fees is entered, Steinberger notes that such judgment is subject to federal statutory post-judgment interest at the rate of 0.24% per annum.  28 U.S.C. § 1961; *Tobin v. Liberty Mutual Ins. Co.*, 553 F.3d 121 (1st Cir. 2009)(post-judgment interest, even on state law claims, is governed by federal law).

Accordingly, Defendants must be denied fees under A.R.S. § 12-341.01 because: (1) the contracts contain fee provisions and therefore the statute does not apply; (2) the anti-deficiency statutes prohibit any award of attorneys fees against Steinberger or the Estate of Charles A. Perkins; (3) if the fee statute applies, only fees incurred for claims "arising out of contract" are recoverable and none of the Counts do; (4) Steinberger individually cannot be assessed fees for any claim "arising" out of the Note and Deed of Trust because she is not a party to either contract; and (5) the factors to be considered in determining whether to assess fees, tip the balance in favor of Steinberger and the Estate of Charles Perkins, and no fees should be assessed; and (6) even if the statute applies, whether to assess fees is in the discretion of the Court, and Steinberger respectfully requests that no fees be awarded.

## C.  Defendants/Counterclaimant Did Not Seek Fees under the Note and Deed of Trust so None can be Awarded Thereunder.

Defendants are very clear that their only basis for their Motion for Attorneys' Fees is A.R.S. § 12-341.01.  *See generally,* Doc. 219, and particularly at 3:1-2, 9-10; 8:17-19; 9:16-24.  Accordingly, they cannot be awarded fees pursuant to the Note and Deed of Trust.  Nor can they make such a claim now, past the attorneys' fee application deadline of February 6, 2017, and in a Reply.  *See e.g., Surowiec v. Capital Title Agency, Inc.,* 790 F.Supp.2d 997, 1002 (D.Ariz. 2011)("It is well established in this circuit that courts will

not consider new arguments raised for the first time in a reply brief."); *Tripati v. Forwith,* 223 Ariz. 81, 86 ¶ 26, 219 P.3d 291, 296 ¶ 26 (Ct. App. 2009)(court does not consider an argument made for the first time in a reply brief).

### IV.    CONCLUSION.

Accordingly, Plaintiffs/Counterdefendants respectfully request that the Court deny the Motion in its entirety.  Defendants are not entitled to attorneys' fees under A.R.S. § 12-341.01 under well-established authority.   Even if fees may be awarded, Steinberger requests that discretion be exercised to assess no attorneys' fees against her or the Estate of Charles Perkins, which would impose extreme hardship on them.

RESPECTFULLY SUBMITTED this 19th day of February, 2017.

**BARBARA J. FORDE, P.C.**

By:    _s/Barbara J. Forde_____
            Barbara J. Forde, Esq.
            20247 N. 86th Street
            Scottsdale, AZ  85255
            *Attorney for Plaintiffs/Counterdefendants/*
            *Third-Party Defendants*

Copy of the foregoing served via
ECF system on February 19, 2017 to:

Robert W. Norman
Solomon S. Krotzer
HOUSER & ALLISON
2929 N. Central Ave., Suite 1560
Phoenix, AZ  85012
*Attorneys for IndyMac Mortgage/*
*OneWest Bank,DBNTC as Trustee,*
*Ocwen, and MERS*

s/ Barbara J. Forde___