Barbara J. Forde (013220)
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ  85255
(602) 721-3177
BarbaraJForde@gmail.com
*Attorney for Plaintiffs/Counterdefendants*
*Steinberger & Third-Party Defendants*
*Saguaro Desert Trust & Executive Trustee*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| KATRINA PERKINS STEINBERGER, as Executor of the Estate of Charles A. Perkins, deceased, and individually,<br><br>Plaintiff,<br><br>v.<br><br>INDYMAC MORTGAGE SERVICES, et al,<br><br>Defendants.<br><br>and Counterclaim<br><br>and Third-Party Complaint. | Case No. 2:15-cv-00450-ROS<br><br>**PLAINTIFFS/ COUNTERDEFENDANTS/ THIRD-PARTY DEFENDANTS'**<br><br>**OBJECTION TO DEFENDANTS' BILL OF COSTS (DOC. 222)** |

## I.   INTRODUCTION.

Pursuant to Rule 54(d), Fed.R.Civ.P., LRCiv 54.1(b), Plaintiff/Counterdefendants Katrina Perkins Steinberger as Executor of the Estate of Charles A. Perkins, deceased, and individually, (collectively, "Steinberger") hereby files their Objection to the Defendants/Counterclaimant's[1] Bill of Costs (the "Bill")(Doc. 222).  The Defendants/ Counterclaimants are not entitled to any costs against Plaintiffs/Counterdefendants under A.R.S. §§ 33-729(A), 33-814(G).  No costs should be awarded pursuant to the Bill.

---

[1] The Bill of Costs does not specify in whose favor it is filed.

## II. LEGAL ANALYSIS.

The Bill seeks costs in the amount of $5,951.85 for clerk's fees, transcript fees, and "printing" fees. Just as the Defendants cannot recover any attorneys' fees from Steinberger due to the anti-deficiency statutes (*see* Doc. 225), no judgment for costs can be entered, either.

**A.   Arizona's Anti-Deficiency Statutes Prohibit a Cost Award.**

The judicial foreclosure statutes contains an anti-deficiency provision:

> [I]f a mortgage is given to secure the payment of the balance of the purchase price … of a parcel of real property of two and one-half acres or less which is limited to and utilized for [] a single one-family … dwelling, **the lien of judgment in an action to foreclose such mortgage shall not extend to any other property of the judgment debtor**, **nor may general execution be issued against the judgment debtor** to enforce such judgment, and **if the proceeds of the mortgaged real property sold** under special execution **are insufficient to satisfy the judgment, the judgment may not otherwise be satisfied out of other property of the judgment debtor**….

A.R.S. § 33-729(A)(emphasis supplied). Critically, the protection extends to any "judgment debtor," and is not limited to the "Borrower" on the Note. Both Steinberger individually, and the Estate of Charles A. Perkins, are of course judgment debtors here. *See* Doc. 212. The costs sought in the Bill are encompassed in this prohibition against pursuing the judgment debtor for any sums needed to satisfy a judgment over and above "the proceeds of the mortgaged real property sold."

Arizona statute also prohibits any action to recover any amount owed in excess of the "amount obtained by [trustee's] sale:"

> If trust property of two and one-half acres or less which is limited to and utilized for either a single one-family or a single two-family dwelling is sold pursuant to the trustee's power of sale, **no action may be maintained to recover any difference between the amount obtained by sale and the amount of the indebtedness and any interest, *costs* and expenses**.

2

A.R.S. § 33-814(G)(emphasis supplied).  Note that the statute prohibits pursuit of anyone for any purported deficiency; its protection is **not limited to the Borrower**.  This reflects the same legislative intent, found in A.R.S. § 33-729(A) to protect any judgment debtor in a judicial foreclosure, not just the Borrower.

"Costs" in this context is clearly meant to encompass the costs set forth in the Bill.  The Arizona District Court agrees, holding that the "costs and expenses" in the anti-deficiency statute prevents any judgment for costs or attorneys' fees.  *Martenson v. RG Financing,* 2011 WL 855639 at *1 (D.Ariz. March 10, 2011).   When a foreclosing entity sought attorneys' fees at the termination of the action, the court refused the award:

> Technically speaking, Defendants are not asking for the "difference between the amount obtained by sale and the amount of the indebtedness and any interest, costs and expenses" – Defendants are only seeking "costs and expenses."  However, the Court does not believe that a trust deed beneficiary can avoid § 33-814(G) simply by seeking only a subset of everything it might have otherwise sought, but for the statute.  Accordingly, Defendants cannot recover their attorneys fees with respect to Plaintiff's state law claims or by virtue of attorneys fees provisions in the promissory note.

*Id*.

The Adjustable Rate Note uses the same terminology.  "[T]he Note Holder will have the right to be paid back by me for all of its *costs* and expenses in enforcing this Note to the extent not prohibited by applicable law.  *See* Adjustable Rate Note ("Note"), Doc 225-1 at 26 ¶ 7(E)(emphasis supplied).  And of course, both the Note and Deed of Trust define the "Borrower" as Charles A. Perkins.  *Id.*

That costs must fall under the anti-deficiency protection set forth above, is spelled out in the Deed of Trust.  Under the Deed of Trust, if Borrower does not perform the covenants and agreements contained in the Security Instrument, or there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under the Deed of Trust, then the Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property.  *See* Doc. 225-1 at 8 ¶ 9.   Any

amounts disbursed by the Lender in in this regard, "shall become additional debt of Borrower secured by this Security Instrument." *Id.*[2] And the Deed of Trust of course states that it "secures to Lender:  (i) the repayment of the Loan, and all the renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note." *See* Doc 225-1 at 4.  "Loan" is defined as "the debt evidenced by the Note, plus interest, any prepaid charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest." *Id.* at 3 ¶ H.

Thus, any costs incurred in enforcing the Note and Deed of Trust become debt secured by the Deed of Trust, and therefore included in the definition of "Loan." A separate judgment for costs, to be collected separately, is not authorized.  Rather, any recovery on those costs must be from proceeds collected in the foreclosure.  In fact, those costs are to be paid ***first*** when proceeds of a foreclosure sale are distributed, second only to trustee's fees, before any other amounts are paid.  *See, e.g,* A.R.S. § 33-812(A)(1)(requiring that the trustee apply the proceeds of the trustee's sale first to "the cost and expenses of exercising the power of sale and the sale, including the payment of the trustee's fees and reasonable attorneys' fees actually incurred.")(emphasis supplied). No separate judgment for costs may be enforced against the Borrower/judgment debtor.

The public policy of the State of Arizona, from at least 1971, has been to protect against deficiency judgments arising from purchase money mortgages foreclosed judicially.  *Helvetica Servicing, Inc. v. Pasquan*, 229 Ariz. 493, 496 ¶ 9 (Ct. App. 2012). The Arizona Court of Appeals has been crystal clear:

> The Arizona legislature enacted statutes in 1971 to protect certain borrowers against deficiency judgments arising from purchase money mortgages and purchase money deeds of trust foreclosed judicially.  This legislation was intended to "protect [] consumers from financial ruin" and "eliminat[e] … hardships resulting to consumers who, when purchasing a

---

[2] In pointing out these terms of the Deed of Trust, Steinberger does not admit that any Defendant or other party to this litigation is the Lender.

4

> home, fail to realize the extent to which they are subjecting assets besides the home to legal process." Anti-deficiency protection reflects a legislative policy decision to place the risk of inadequate security on lenders rather than borrowers. It is intended to discourage purchase money lenders from over-valuing real property by requiring them to look solely to the collateral for recovery in the event of foreclosure.

*Id.* (citations omitted). The anti-deficiency protections are not simply to guard against over-valuation, but for other strong public policy reasons as well:

> "If inadequacy of the security results, not from overvaluing, but from a decline in property values during a general or local depression, [the anti-deficiency statute] prevents the aggravation of the downturn that would result if defaulting purchasers were burdened with large personal liability."
>
> * * *
>
> It also avoids further aggravation of a depressed economy. *Cf.* Burns, Comment, 43 UCLA L.Rev. at 2089 ("Rampant personal judgments against debtors would greatly exacerbate the economic downturn and hinder recovery. To prevent such a catastrophe, the legislature mandated that the losses be distributed: The debtor loses the property, and the lender forfeits the amount by which the debt exceeds the property's fair value.")

*Id.* at 500-501 ¶¶ 30, 31.

Cases decided after *Helvetica* continue to broadly interpret the anti-deficiency statutes. *See, e.g., First Financial Bank, N.A. v. Claassen*, 238 Ariz. 160, 164-65 ¶¶ 15-22 (Ct. App. 2015)(barring collection of interest, late fees, construction deposit, attorneys' fees and costs). *See also, Barnett v. BMO Harris Bank*, 2012 WL 6645657 at *2 ¶ 12 (Ct. App. Dec. 20, 2012)(reversing judgment for a deficiency and the judgment for attorneys' fees and costs as well).

There can be no doubt that any costs incurred in this matter, must be recovered from the proceeds of the sale of the Property, when and if it ever occurs. Arizona's anti-deficiency statutes and public policy, require this result. Accordingly, no judgment for costs can be entered in this action against Steinberger individually, or the Estate of Charles A. Perkins.

Another sound basis exists for refusing to enter a judgment for costs against Steinberger individually. As this Court has already ruled, Steinberger did not sign the Note nor did she assume it. Therefore, she is not and cannot be found liable for the debt. And under the Deed of Trust, that "debt" includes "costs," such as those laid out in the Bill. There is simply no legal basis for a judgment against Steinberger personally, or jointly and severally, with the Estate of Charles A. Perkins, for costs.

**B.    Defendants Have No Statutory Right to Costs.**

The statute allowing for recovery of costs provides that "[t]he successful party to a civil action shall recover from his adversary all costs expended or incurred therein **unless otherwise provided by law**." A.R.S. § 12-341 (emphasis supplied). As is analyzed in Section A above, recovery of costs in this matter is prohibited by law, so the statute does not apply.

Regardless of the basis for the Bill of Costs, the Defendants cannot do indirectly what they are prohibited from doing directly: circumvent the consumer protections in Arizona's anti-deficiency statutes. *See* Section A above.[3]

Accordingly, Defendants must be denied costs under A.R.S. § 12-341.

### III.    CONCLUSION.

Accordingly, Plaintiffs/Counterdefendants respectfully request that the Court deny the Bill of Costs in its entirety. Defendants are not entitled to costs under A.R.S. § 12-341, because the anti-deficiency statutes, A.R.S. §§ 33-729(A), 33-814(G), prevent any such judgment for costs.

---

[3] And even if a judgment for costs were entered, it could bear interest only at the rate of 0.24% per annum. 28 U.S.C. § 1961; *Tobin v. Liberty Mutual Ins. Co.*, 553 F.3d 121 (1st Cir. 2009)(post-judgment interest, even on state law claims, is governed by federal law).

RESPECTFULLY SUBMITTED this 20th day of February, 2017.

**BARBARA J. FORDE, P.C.**

By:   _s/Barbara J. Forde_____
Barbara J. Forde, Esq.
20247 N. 86th Street
Scottsdale, AZ  85255
*Attorney for Plaintiffs/Counterdefendants/
Third-Party Defendants*

Copy of the foregoing served via
ECF system on February 20, 2017 to:

Robert W. Norman
Solomon S. Krotzer
HOUSER & ALLISON
2929 N. Central Ave., Suite 1560
Phoenix, AZ  85012
*Attorneys for IndyMac Mortgage/
OneWest Bank, DBNTC as Trustee,
Ocwen, and MERS*

s/ Barbara J. Forde