IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katrina Perkins Steinberger,<br><br>Plaintiff,<br><br>v.<br><br>IndyMac Mortgage Services, et al.,<br><br>Defendants. | No. CV-15-00450-PHX-ROS<br><br>**ORDER** |

Plaintiffs seek reconsideration of the denial of their motion for a stay pending appeal without posting of a supersedeas bond. According to Plaintiffs, the Court erred in concluding Federal Rule of Civil Procedure 62(f) does not apply. Plaintiffs also argue that if Rule 62(f) does not apply, they are entitled to a stay under Rule 62(d). While Plaintiffs still have not established Rule 62(f) applies, Plaintiffs may receive a stay under Rule 62(d) upon posting a bond.

Rule 62(f) states "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." In the previous order, the Court concluded "Arizona law would not recognize the judgment entered in this case as a lien." (Doc. 216 at 1-2). Plaintiffs argue this was incorrect and that "Arizona statute makes it clear that a judicial foreclosure judgment *is a lien* on the at-issue Property." (Doc. 217 at 3). The Arizona Court of Appeals recently noted in a similar context that "there is no requirement that a foreclosure judgment be treated as a new 'judgment [sic] lien' separate from the

mortgage lien it forecloses." *Helvetica Servicing, Inc. v. Giraudo*, 2017 WL 526024, at *5 (Ariz. Ct. App. Feb. 9, 2017). Under this reasoning, the judgment in this case is not a lien and Rule 62(f) does not apply.

Plaintiffs' alternative argument is that they are entitled to a stay under Rule 62(d). That rule allows for a stay upon posting of a supersedeas bond.[1] *See United States v. Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. 446, 450 (E.D. Mo. 1988) (applying Rule 62(d) in judicial foreclosure case). Plaintiffs claim, however, that the present circumstances establish that if Rule 62(d) applies, no supersedeas bond should be required. Defendants counter that, assuming Rule 62(d) applies, Plaintiffs should be required to post a bond in the amount of the judgment ($765,248.23) or an amount reflecting the rental value and other similar expenses for the two-year period while this case is on appeal ($149,089.99).

If Plaintiffs posted a full supersedeas bond, they would be entitled to a stay as a matter of right. *Am. Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012). But because they do not wish to post such a bond, Plaintiffs' request for a stay is "a matter strictly within the [Court's] discretion." *Id.* That discretion includes the ability to approve some form of alternative security, to approve a bond in an amount less than the full judgment or, in extraordinary cases, to grant a stay with no security. *Waine-Golston v. Time Warner Entm't-Advance/New House P'ship*, No. 11CV1057-GPC RBB, 2013 WL 5278636, at *2 (S.D. Cal. Sept. 18, 2013). Plaintiffs have not pointed to any form of alternative security they are prepared to pledge and they do not wish to post any monetary bond. Instead, Plaintiffs claim the Court should grant a stay without any

---

[1] The judgment in a foreclosure action can be viewed as either a form of a money judgment or a type of injunction. If a money judgment, Rule 62(d) would apply. If an injunction, Rule 62(c) would apply. As noted by one court in the context of a foreclosure of a tax lien, a "judicial foreclosure action appears to straddle these two categories because the court issues an injunction (Order of Foreclosure and Sale) to satisfy a money judgment (delinquent tax liabilities)." *United States v. Goltz*, No. CIV.A. SA-06-CA-503X, 2007 WL 295558, at *3 (W.D. Tex. Jan. 25, 2007). The parties do not argue Rule 62(c) should apply and, even if they did, the bond set forth in this Order would be the appropriate form of security. Fed. R. Civ. P. 62(c) (allowing for court to suspend injunction "on terms for bond . . . that secure the opposing party's rights").

- 2 -

security.

Courts have looked to a variety of factors when assessing a request to waive the security requirement entirely. *Biltmore Assocs., L.L.C., as Tr. v. Twin City Fire Ins. Co.*, No. 205-CV-04220-PHX-FJM, 2007 WL 2422053, at *1 (D. Ariz. Aug. 22, 2007) (listing factors such as "complexity of the collection process" and "whether the [plaintiff's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money"); *Waine-Golston*, 2013 WL 5278636, at *2 (S.D. Cal. Sept. 18, 2013) (bond not required where "debtor can easily meet the judgment" or requiring bond "would impose an undue financial burden"). In this case, Plaintiffs state Defendants will not suffer any harm if they are not able to take immediate possession because the property will remain in existence while the appeal is proceeding. Plaintiffs also argue their present financial condition prevents them from posting any bond. These arguments support requiring a partial bond, not a complete waiver of the bond requirement.

Despite Plaintiffs' adamant arguments to the contrary, there is *some* value to being the party in possession of the property. Given that the Court has found the property should be sold to satisfy the debt owed to Defendants, staying the judgment would deprive Defendants of immediately receiving the funds from a sheriff's sale, assuming a third-party were to buy the property. Alternatively, assuming Defendants were to purchase the property at the sheriff's sale, Plaintiffs' continued possession is depriving Defendants of the fair market rental value of the property. Should Defendants ultimately prevail on appeal, they will not be compensated for the time value of the money they would have received at the sheriff's sale nor will be compensated for the unrealized rental value. In these circumstances, some form of security is appropriate.

Given the size of the foreclosure judgment, it is unlikely that a third-party will outbid Defendants at the eventual sheriff's sale. Therefore, Defendants are likely to own the property after the sheriff's sale and the best measure of the value of allowing Plaintiffs to remain in possession during the appellate process is the reasonable rental value of the property. The parties disagree on that value. According to Defendants, the

fair market value of the rent is $4,067 per month. Plaintiffs argue Defendants' evidence is flawed and $4,067 is far too high. Plaintiffs do not, however, offer their own figure. While Defendants' evidence may be subject to some dispute, it is the only evidence in the record. Based on that evidence, the Court will calculate the appropriate bond based on a rental value of $4,000 per month. For an expected three-year appellate process, that is $144,000.[2] Therefore, Plaintiffs will be entitled to a stay upon posting a bond in the amount of $144,000.00.

Accordingly,

**IT IS ORDERED** the Motion for Reconsideration (Doc. 217) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** Plaintiffs are entitled to a stay upon their posting a bond in the amount of $144,000.

Dated this 23rd day of February, 2017.

_____
Honorable Roslyn O. Silver
Senior United States District Judge

---

[2] This monthly rent includes the approximate $450 per month in insurance and property taxes and $11.00 per month for inspections outlined by Defendants as those expenses are often included in rental prices.